LISA L. OBERG (SBN 120139)
lisa.oberg@dentons.com
JENNIFER J. LEE (SBN 203774)
jennifer.lee@dentons.com
EMILY K. AYERS (SBN 236698)
emily.ayers@dentons.com
DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105
Telephone:    (415) 267-4000
Facsimile:    (415) 267 4198

NEIL LLOYD (SBN 317457)
neil.lloyd@dentons.com
SCHIFF HARDIN
233 S. Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone:    (312) 258-5500
Facsimile:    (312) 258-5600

Attorneys for Defendant
CERTAINTEED CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGELA D. ESPINOSA, individually and as successor-in-interest to EDWARD M. ESPINOSA; CHRISTOPHER M. ESPINOSA; TRISTA HAGGARD; and PATRICIA L. FONSETH,<br><br>Plaintiffs,<br><br>vs.<br><br>CERTAINTEED CORPORATION, individually and as successor-in-interest, parent, alter ego and equitable trustee of WATER WORKS SUPPLY COMPANY, INC., and KEASBEY & MATTISON COMPANY,<br><br>SULLY-MILLER CONTRACTING COMPANY, individually and as successor-in-interest, parent, alter ego and equitable trustee of SULLY-MILLER CONTRACTING COMPANY; | Case No.<br><br>**DEFENDANT CERTAINTEED CORPORATION'S NOTICE OF REMOVAL** |

KEENAN PROPERTIES, INC.;

THE REPUBLIC SUPPLY COMPANY OF CALIFORNIA;

ALLIED FLUID PRODUCTS CORP., formerly known as ALLIED PACKING & SUPPLY, INC.; and

FIRST DOE through FIFTIETH DOE,

                Defendants.

**TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA.**

PLEASE TAKE NOTICE that Defendant CertainTeed Corporation ("Defendant") hereby seeks removal of Civil Action RG18893674 from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

The removal is based on 28 U.S.C. §§ 1332(a)(1), 1441(a) and 1446(b)(3), and specifically on the following grounds:

## I.  SUMMARY OF FACTS

This is CertainTeed's second notice of removal, following remand in No. 3:18-cv-01833-VC. *See* Doc. 32 (06/19/18 order re motion to remand and motion for jurisdictional discovery). On October 22, 2018, Plaintiffs for the first time substantively responded to CertainTeed's jurisdictional discovery, providing CertainTeed with "other paper" under Section 1446(b)(3), making it "ascertain[able] that the case is one which is . . . removable" and restarting the 30-day removal clock.

While the *one-year* clock for removing under Section 1446(c)(1) does not run until February 22, 2019 and while CertainTeed anticipates that Plaintiffs will contend that their October 22, 2018 discovery responses do *not* provide a basis for removal, CertainTeed also anticipates that Plaintiffs would have alternatively interposed a timeliness objection to any removal after November 21, 2018 in light of those same discovery responses. *See Torres v.*

- 2 -

DEFENDANT CERTAINTEED CORPORATION'S NOTICE OF REMOVAL

CASE NO. _____
109674448\V-1

*Utility Tree Servic., Inc.*, No. 16-cv-03424-BL, at *2-3 (N.D. Cal. Jan. 3, 2017) ("unverified interrogatory responses can trigger the clock for removal;" "30-day time limited started when [the plaintiff's] unverified responses were served;" granting motion to remand on timeliness grounds).

CertainTeed is a citizen of Delaware and Pennsylvania. Plaintiffs Angela and Christopher Espinosa are citizens of North Carolina. Plaintiff Trista Haggard is a citizen of California. Plaintiff Patricia Fonseth is a citizen of Minnesota. Plaintiffs have acknowledged that the amount in controversy exceeds $75,000. *See* 3:18-cv-01833, Doc. 24 at page 10 of 15:18.

When the jury returned its verdict in the predecessor personal injury action (*Espinosa, et al. v. CertainTeed Corp., et al.*, No. RG15797638 (Cal. Sup. Ct. Alameda Cty.) ("*Espinosa I*")), CertainTeed was the only defendant remaining. California's issue preclusion rules give preferential treatment to wrongful death plaintiffs (a) when there are identical defendants in the initial personal injury action and the follow-on wrongful death action and (b) when a personal injury plaintiff establishes that a defendant is legally responsible for causing a fatal condition and she or he later dies of that condition. Here, this means that had Plaintiffs sued only CertainTeed, the wrongful death case would have been limited to determining their damages, if any; the jury's prior liability determination against CertainTeed and its determination of CertainTeed's share of responsibility would carry over. CertainTeed accordingly expected to be the sole defendant and to litigate the wrongful death action in federal court.

In their original state-court complaint for wrongful death, however, Plaintiffs named four additional defendants — Sully-Miller Contracting Company, Keenan Properties, Inc., Republic Supply Company, and Allied Fluid Products — all California citizens under 28 U.S.C. § 1332(c)(1) (the "California defendants"). CertainTeed was served with Plaintiffs' original state-court complaint for wrongful death on February 22, 2018. CertainTeed removed the action on March 23, 2018 under 28 U.S.C. § 1446(b)(1), contending that none of the California defendants was properly joined and that with their citizenship disregarded, the Court had jurisdiction under Section 1332(a)(1).

Plaintiffs moved to remand, contending that none of the California defendants was a sham defendant. CertainTeed responded to the motion to remand and also sought leave to take limited

- 3 -

jurisdictional discovery aimed at unearthing whether Plaintiffs had any factual basis for naming any of the California defendants.  On June 19, 2018, this Court (Chhabria, J.) granted the motion to remand and denied the motion to take jurisdictional discovery.  *See* No. 3:18-cv-01833-VC, Doc. 32.

In the June 19 order, the Court noted that Ms. Haggard and the four California defendants were non-diverse and held that it was CertainTeed's burden to show that these "defendants are sham defendants."  Doc. 32 at 1.  The Court further stated that "at a minimum," CertainTeed had failed to show that Keenan and Sully-Miller were sham defendants.  *Id*.  Concerning Kennan, the Court held that since Keenan distributed CertainTeed asbestos-cement pipe to C.R. Fedrick during the time when Mr. Espinosa's *father* worked for Fedrick, Plaintiffs had a possible take-home claim under *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1146 (2016).  Doc. 32 at 2.  Concerning Sully-Miller, the Court acknowledged that while Mr. Espinosa himself "admitted that he never saw workers employed by another contractor" when Fedrick and Sully-Miller were both working at the same site (Redwood Valley), CertainTeed had not "explain[ed] why this fact precludes establishing that Mr. Espinosa was exposed to asbestos by Sully-Miller and its agents."  *Id*., *citing Kesner*.

The Court also denied CertainTeed's request for jurisdictional discovery because CertainTeed did not "explain[] why it cannot obtain this discovery in state court."  *Id*.

On remand, Plaintiffs served responses to standard Alameda County asbestos case discovery requests and CertainTeed served two sets of jurisdictional discovery.  As part of the standard responses, Plaintiffs stated that none of them has any personal knowledge concerning Mr. Espinosa's exposure to asbestos manufactured, distributed, or sold by any of the defendants.  Further, Plaintiffs stated that Mr. Espinosa's father was deceased.  Mr. Espinosa's father was never deposed and accordingly there is no evidence from him to support any claim by Plaintiffs against any of the California defendants, including Keenan.

CertainTeed's first set of jurisdictional discovery, served in July 2018, included requests for admission to each of the four plaintiffs that none had any *evidence* that Mr. Espinosa was exposed to asbestos manufactured, distributed, or supplied by the California defendants.  The

- 4 -

requests for admission were accompanied by a conditional bases-for-denial interrogatory for any request that was not admitted. These requests were substantively identical to the discovery that CertainTeed sought leave from this Court to serve during the initial removal.

Plaintiffs served objection-only responses to the discovery, contending in part that the requests for admission were improper. CertainTeed's motion to compel responses to the discovery was initially set for hearing on October 18, 2018, but the hearing was continued to November 29, 2018 with a direction for further briefing concerning the trial court's jurisdiction to hear the motion and the propriety of using requests for admission as a discovery device. Accordingly, the trial court has not ruled on the motion to compel and Plaintiffs have not responded to this discovery at the time of this second removal on November 20, 2018.

On September 21, 2018, CertainTeed served a second set of jurisdictional discovery, including contention interrogatories and requests for production of documents. (Exhs. 1 & 3 to the Declaration of Emily K. Ayers ("Ayers Dec."),). Essentially, this discovery sought the same information as the initial set, but in the form of interrogatories and document requests, rather than requests for admission. Specifically, Interrogatory Nos. 5, 11, 17, and 23 asked Plaintiffs to identify non-privileged documents that supported their contention that Mr. Espinosa was exposed to asbestos manufactured, distributed, or sold by Sully-Miller, Republic Supply, Keenan, and Allied, respectively. (Exh. 1 to the Ayers Dec., at 2:16-3:15, 4:20-24, 5:25-6:1, 7:2-6). Further, Interrogatory Nos. 6, 12, 18, and 24 asked Plaintiffs for each of Sully-Miller, Republic Supply, Kennan, and Allied, respectively, to identify witnesses who had knowledge to support Plaintiffs' contention that Mr. Espinosa was exposed to asbestos manufactured, distributed, or sold by that California defendant. (*Id*., at 3:16-25, 4:25-5:2, 6:2-7, 7:7-12). In response to each of the witnesses with knowledge interrogatories (Nos. 6, 12, 18, and 24), Plaintiffs identified Mr. Espinosa and his father. (Exh. 2 to the Ayers Dec., at 4:2-13, 6:25-7:1, 10:7-15, 13:2-18). As noted above, both are deceased; Mr. Espinosa's father never sat for a deposition; and Mr. Espinosa himself had no evidence supporting a claim against any of the California defendants — either direct exposure or take-home exposure. Indeed, Sully-Miller, Republic Supply, and Keenan were named in *Espinosa I*, but dismissed without prejudice.

As we outline below, the information provided by Plaintiffs in response to CertainTeed's interrogatories show that Plaintiffs have no evidence linking the California defendants to Mr. Espinosa and that each California defendant is a sham defendant.

**Sully-Miller.**  In response to Interrogatory No. 6 (Sully-Miller) seeking witnesses with knowledge, Plaintiffs did not identify anyone who purportedly had knowledge that Mr. Espinosa was exposed to asbestos manufactured, distributed, or sold by Sully-Miller beyond Mr. Espinosa himself (who, as noted, the Court has none) and Mr. Espinosa's father (who is deceased and provided no testimony when he was alive). (Exh. 2 to Ayers Dec., at 4:2-13).

In response to Interrogatory No. 5 requesting Plaintiffs to identify documents supporting their claim against Sully-Miller, Plaintiffs identified the "deposition testimony of" the following Sully-Miller "employees":   Sagel A. Simon, Jaime Gonzalez, and Tony Baiz.  (*Id.*, at 3:1-4:1).

Mr. Simon was deposed on November 21-23, November 25-26, and December 3-5, 2013, nearly two years before Mr. Espinosa's 2015 mesothelioma diagnosis.  Based on a publicly available obituary, Mr. Simon died in August 2014.  None of the information Plaintiffs identified shows that Mr. Simon had any knowledge concerning Mr. Espinosa's exposure to asbestos.

Mr. Gonzalez was deposed on March 1 and 15, 2014, more than one year before Mr. Espinosa's 2015 mesothelioma diagnosis.  None of the information Plaintiffs identified shows that Mr. Gonzalez had any knowledge concerning Mr. Espinosa's exposure to asbestos.

Mr. Baiz was deposed on March 4, 2014, more than one year before Mr. Espinosa's 2015 mesothelioma diagnosis.  None of the information Plaintiffs identified shows that Mr. Baiz had any knowledge concerning Mr. Espinosa's exposure to asbestos.

Additionally, CertainTeed submits herewith the declaration of expert witness John Osteraas, Ph.D., P.E. (Exh. 5 to the Ayers Dec.).  Dr. Osteraas testified as an expert for CertainTeed during *Espinosa I* and reviewed the Redwood Valley contract materials at that time. (Exh. 5 to the Ayers Dec., ¶¶ 2, 10).  Dr. Osteraas re-reviewed this material in November 2018 and concluded that Mr. Espinosa's testimony that he did not see anyone from Sully-Miller while working for Fedrick at Redwood Valley was consistent with the distribution of responsibility between Sully-Miller and Fedrick for the project.  Specifically, the work of the two contractors

1  was both spatially and temporally distinct:  the work for which each contractor had responsibility
2  was, for the most part, "miles distant" from each other, and, when the two contractors were
3  working in the same part of the project (including on opposite sides of a road), they did so at
4  different times.  (*Id.*, ¶¶ 12-16 & color-highlighted map showing distribution of responsibility
5  between Sully-Miller and Fedrick, attached thereto as Exhibit B).   In combination, Mr.
6  Espinosa's testimony, the lack of any admissible evidence from any other person to support the
7  claim, and Mr. Osteraas' declaration establish that Sully-Miller is a sham defendant.

**Republic Supply.**  In response to Interrogatory No. 12 (Republic Supply), Plaintiffs identified five witnesses — Ronald Bender, William Johnson, John Van Kirk, Joseph Sortais, and Khaled Taqi-Eddin — as "Republic Supply's employees/agents" potentially having knowledge concerning Mr. Espinosa's exposure to asbestos manufactured, distributed, or sold by Republic Supply.  (Exh. 2 to the Ayers Dec., at 6:25-7:6). Plaintiffs provided no factual detail and indeed indicated that the witnesses could be contacted "presumably c/o Foley & Mansfield, whereabouts otherwise unknown."  (*Id*.)

In response to Interrogatory No. 11, Plaintiffs also identified deposition testimony for some of these witnesses.  (Exh. 2 to the Ayers Dec., at 5:14-6:24).  Specifically, Mr. Bender was deposed on October 9, 1997, nearly 18 years before Mr. Espinosa's 2015 mesothelioma diagnosis.  Based on a publicly available obituary, Mr. Bender died in January 2018.  None of the information Plaintiffs identified shows that Mr. Bender had any knowledge concerning Mr. Espinosa's exposure to asbestos.

Plaintiffs did not identify any deposition testimony of Mr. Johnson. (*Id*., at 5:14-7:6).

Mr. Sortais was deposed on February 19, 1993, more than 22 years before Mr. Espinosa's 2015 mesothelioma diagnosis.  None of the information Plaintiffs identified shows that Mr. Sortais had any knowledge concerning Mr. Espinosa's exposure to asbestos.

Mr. Van Kirk was deposed on April 15, 1993, more than 22 years before Mr. Espinosa's 2015 mesothelioma diagnosis.  None of the information Plaintiffs identified shows that Mr. Van Kirk had any knowledge concerning Mr. Espinosa's exposure to asbestos.

DEFENDANT CERTAINTEED CORPORATION'S NOTICE OF REMOVAL

CASE NO. _____
109674448\V-1

Mr. Taqi-Eddin was deposed in January 2016, after Mr. Espinosa's 2015 mesothelioma diagnosis in an unrelated case (*Aman*) in which CertainTeed was also a defendant. Based on publicly available information, Mr. Taqi-Eddin is a practicing attorney at Foley & Mansfield, Republic Supply's counsel. None of the information Plaintiffs identified shows that Mr. Taqi-Eddin has any knowledge concerning Mr. Espinosa's exposure to asbestos.

In combination, the lack of any evidence to support the contention that Mr. Espinosa was exposed to asbestos manufactured, sold, or distributed by Republic Supply establishes that Republic Supply is a sham defendant.

**Keenan.** In response to Interrogatory No. 18 (Keenan), Plaintiffs identified three current or former CertainTeed employees (Lloyd Ambler, Charles Blakinger, and Michael Starczewski). (Exh. 2 to the Ayers Dec., at 10:7-15). As with their responses concerning Republic Supply, Plaintiffs identified no factual detail and stated that these witnesses could be contacted "presumably c/o Schiff Hardin, whereabouts otherwise unknown." Mr. Blakinger, who is retired, was, and Mr. Starczewski is, an in-house lawyer with CertainTeed. Mr. Ambler is a retired CertainTeed employee who serves as CertainTeed's corporate representative in asbestos cement pipe cases. None of these three individuals has any knowledge concerning Mr. Espinosa's exposure to asbestos.

Additionally, Plaintiffs identified five witnesses — Timothy Garfield, Fred Keenan, George LaBollita, Daniel Nagle, and Lillemor Safai — as "agents/representatives" of Keenan potentially having knowledge of Mr. Espinosa's exposure to asbestos manufactured, distributed, or sold by Keenan. (*Id*., at 8:12-10:6).

In response to Interrogatory No. 17, Plaintiffs also identified deposition testimony for each of these witnesses. (*Id*.) Mr. Garfield was deposed on February 12, 2009 and September 21, 2011, more than six and four years before Mr. Espinosa's 2015 mesothelioma diagnosis, respectively. Based on publicly available information, Mr. Garfield is a practicing lawyer with Schwartz Hyde & Garfield in San Diego, California. None of the information Plaintiffs identified shows that Mr. Garfield had any knowledge concerning Mr. Espinosa's exposure to asbestos.

Mr. Keenan was deposed on January 29, and March 31, 1998; on June 2, 3, and August 10, 1999; and on March 28, 2001, between 14 and 17 years before Mr. Espinosa's 2015 mesothelioma diagnosis.  None of the information Plaintiffs identified shows that Mr. Keenan had any knowledge concerning Mr. Espinosa's exposure to asbestos.  Based on a publicly available obituary, Mr. Keenan died in August 2016.

Mr. LaBollita was deposed was on February 28, 2003, 12 years before Mr. Espinosa's 2015 mesothelioma diagnosis.  None of the information Plaintiffs identified shows that Mr. LaBollita had any knowledge concerning Mr. Espinosa's exposure to asbestos.

Mr. Nagle was deposed on February 11, 2003, 12 years before Mr. Espinosa's 2015 mesothelioma diagnosis.  None of the information Plaintiffs identified shows that Mr. Nagle had any knowledge concerning Mr. Espinosa's exposure to asbestos.

Mr. Safai was deposed on February 11, 2003, 12 years before Mr. Espinosa's 2015 mesothelioma diagnosis.  None of the information Plaintiffs identified shows that Mr. Safai had any knowledge concerning Mr. Espinosa's exposure to asbestos.

In combination, the lack of any evidence to support the contention that Mr. Espinosa was exposed to asbestos manufactured, distributed, or sold by Keenan establishes that Keenan is a sham defendant.

**Allied.**  In response to Interrogatory No. 24 (Allied), Plaintiffs identified three witnesses — Ulrik Motzfeldt, Howard Day, and Stephen Woodbury — as Allied's "former and current officers, directors and employees" potentially having knowledge of Mr. Espinosa's exposure to asbestos manufactured, distributed, or sold by Allied. (Exh. 2 to the Ayers Dec., at 13:2-18). Plaintiffs identified no factual detail or contact information.

In response to Interrogatory No. 23, Plaintiffs also identified deposition testimony from two of these witnesses and a declaration from a third.  (*Id*., at 11:22-13:1).  Mr. Motzfeldt was deposed on May 8, 1995 and January 9, 2002, between 13 and 20 years before Mr. Espinosa's 2015 mesothelioma diagnosis. None of the information Plaintiffs identified shows that Mr. Motzfeldt had any knowledge concerning Mr. Espinosa's exposure to asbestos.

1    Mr. Woodbury was deposed on January 9, 2013 (five years before Mr. Espinosa's 2015
2  mesothelioma diagnosis) and on September 5, 2018 (while this lawsuit was pending on remand in
3  state court, but not in this case). None of the information Plaintiffs identified shows that Mr.
4  Woodbury has any knowledge concerning Mr. Espinosa's exposure to asbestos.

5    Mr. Day provided a declaration on January 11, 2002, more than 13 years before Mr.
6  Espinosa's 2015 mesothelioma diagnosis. None of the information Plaintiffs identified shows
7  that Mr. Day has any knowledge concerning Mr. Espinosa's exposure to asbestos.

8    In combination, the lack of any evidence to support the contention that Mr. Espinosa was
9  exposed to asbestos manufactured, distributed, or sold by Allied establishes that Allied is a sham
10 defendant.

11    \*    \*    \*

12    In summary, neither Mr. Espinosa nor his father (who did not testify) have any
13 information concerning Mr. Espinosa's exposure — directly or take-home — to asbestos from
14 products manufactured, sold, or distributed by the California defendants. None of the 13
15 witnesses whom Plaintiffs identified as agents of Republic Supply, Keenan, or Allied in response
16 to CertainTeed's persons with knowledge interrogatories has any knowledge of Mr. Espinosa's
17 exposure to asbestos. Neither the deposition transcripts nor the declaration that Plaintiffs
18 identified as support for their claims against the California defendants shows that any of the
19 deponents or the declarant has any knowledge of Mr. Espinosa's exposure to asbestos. The three
20 CertainTeed representatives identified as supposedly having knowledge of Mr. Espinosa's
21 exposure to asbestos through Keenan have no such knowledge.

22    More than 25 years ago, the United States Supreme Court stated that "forum manipulation
23 concerns are legitimate and serious" and made clear that district courts "can consider whether the
24 plaintiff has engaged in any manipulative tactics" when determining whether it has jurisdiction.
25 *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356-57 & n.12 (1988). Each of the California
26 defendants is a sham defendant.

27    On remand following the first removal of this case, CertainTeed asked for specific
28 information tying the California defendants to Mr. Espinosa — information designed to determine

- 10 -

whether those defendants are in fact "sham" defendants whose citizenship must be disregarded for purposes of determining the Court's jurisdiction. Plaintiffs listed names of individuals who lack knowledge, pointed to deposition transcripts from other cases (in most instances many years before Mr. Espinosa's mesothelioma diagnosis), and identified medical and employment records that show no link at all to the California defendants. Plaintiffs provided hundreds of pages of discovery responses and identified more than 30,000 pages of documents. CertainTeed reviewed it all. (*See* Ayers Dec., ¶¶ 7-8). There are no needles in any of these haystacks..

## II.  TIMELINESS OF REMOVAL

CertainTeed was served with the original complaint on February 22, 2018. If removable at that stage as CertainTeed contended, the notice had to have been filed on or before March 26, 2018 (within 30 days of service; the thirtieth day was Saturday, March 24, 2018, so the deadline was extended to the next Monday, March 26, 2018). CertainTeed's initial notice of removal was filed on March 23, 2018.

Following the June 19, 2018 remand, CertainTeed served two sets of jurisdictional discovery and Plaintiffs responded to standard discovery. Plaintiffs served objection-only responses to CertainTeed's initial set of jurisdictional discovery; the trial court was not set to hear CertainTeed's motion to compel responses to that discovery until November 29, 2018. Plaintiffs provided substantive responses, however, to CertainTeed's second set of jurisdictional discovery on October 22, 2018. If, as CertainTeed believes, those responses are "other paper" from which it is possible to ascertain that the case is removable (because Plaintiffs have no exposure evidence concerning any of the California defendants), then a notice of removal must be filed within 30 days, or November 21, 2018. This removal is timely because it has been filed on November 20, 2018, within 30 days of service of Plaintiffs' October 22, 2018 discovery responses and less than one year after service of Plaintiffs' original complaint on February 22, 2018.

### III.  VENUE IS PROPER

Removal is proper to the federal district court and division embracing the place where the action is pending.  28 U.S.C. § 1441(a).  Before removal, the action was pending in the Alameda County Superior Court.  The United States District Court for the Northern District of California embraces Alameda County.  Venue is accordingly proper in this Court.

### IV.  JURISDICTION

CertainTeed invokes 28 U.S.C. § 1332(a)(1), diversity of citizenship.  There is complete diversity of citizenship between Plaintiffs and CertainTeed.  The four other defendants were improperly joined and their citizenship should be disregarded.

#### A.  Amount in Controversy

The amount in controversy exceeds $75,000, exclusive of interests and costs.  See 3:18-cv-01833-VC, Doc. 24 at page 10 of 15:18 ("Plaintiffs' claim for relief exceeds $75,000.").

#### B.  Citizenship

Defendant Sully-Miller Contracting Company is a California corporation with its principal place of business in California.  It should be disregarded for purposes of diversity analysis for the reasons stated above.

Defendant Republic Supply of California is a California corporation with its principal place of business in California.  It should be disregarded for purposes of diversity analysis for the reasons stated above.

Defendant Keenan Properties, Inc. is a California corporation with its principal place of business in California.  It should be disregarded for purposes of diversity analysis for the reasons stated above.

DEFENDANT CERTAINTEED CORPORATION'S NOTICE OF REMOVAL
CASE NO. _____
109674448\V-1

Defendant Allied Fluid Products Corp., fka Allied Packing & Supply, Inc. is a California corporation with its principal place of business in California. It should be disregarded for purposes of diversity analysis for the reasons stated above.

Defendant CertainTeed Corporation is a Delaware Corporation with its principal place of business in Pennsylvania.

Plaintiff Angela Espinosa is a citizen of North Carolina.

Plaintiff Christopher Espinosa is a citizen of North Carolina.

Plaintiff Trista Haggard is a citizen of California.

Plaintiff Patricia Fonseth is a citizen of Minnesota.

Disregarding the citizenship of the California defendants on improper joinder grounds, there is complete diversity of citizenship between Plaintiffs and CertainTeed.

## V. NOTICE TO PLAINTIFFS AND SUPERIOR COURT

With the filing of this Notice of Removal, written notice of this filing will be given to Plaintiffs and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Alameda, California.

WHEREFORE, Defendant requests that Civil Action RG18893674 in the Superior Court of the County of Alameda, California be removed from that Court to this Court.

Dated: November 20, 2018           SCHIFF HARDIN LLP


                                   By:      /s/ Neil Lloyd
                                         NEIL LLOYD

                                         Attorney for Defendant
                                         CERTAINTEED CORPORATION

- 13 -

DEFENDANT CERTAINTEED CORPORATION'S NOTICE OF REMOVAL
CASE NO. _____
109674448\V-1

# PROOF OF SERVICE VIA UNITED STATES DISTRICT COURT ELECTRONIC DOCUMENT FILING SYSTEM

I am a citizen of the United States and employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Market Plaza, Spear Tower, 24th Floor, San Francisco, California 94105. On November 20, 2018, I electronically served a true and correct copy of the within document(s):

**DEFENDANT CERTAINTEED CORPORATION'S NOTICE OF REMOVAL**

via the United States District Court, Northern District of California's Official Court Electronic Document Filing System on the recipients designated on the Notice of Electronic Filing or Other Activity generated by the Court's website.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I further declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 20, 2018, at Oakland, California.

/s/ Neil Lloyd
NEIL LLOYD