EXHIBIT "2"

1  John L. Langdoc, Esq. (C.S.B. #235509)
     jlangdoc@kazanlaw.com
2  Denise R. Smith, Esq. (C.S.B. #309225)
     dsmith@kazanlaw.com
3  KAZAN, McCLAIN, SATTERLEY & GREENWOOD
   A Professional Law Corporation
4  Jack London Market
   55 Harrison Street, Suite 400
5  Oakland, California 94607
   Telephone: (510) 302-1000
6  Facsimile: (510) 835-4913

7  Attorneys for Plaintiffs

8              SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF ALAMEDA

10

11 ANGELA D. ESPINOSA, et al.,            Case No. RG18893674

12              Plaintiffs,              **PLAINTIFF'S RESPONSES TO
                                         DEFENDANT CERTAINTEED
13      vs.                              CORPORATION'S SPECIAL
                                         INTERROGATORIES TO PLAINTIFF
14 CERTAINTEED CORPORATION, et al.,      (SET ONE)**

15              Defendants.               Action Filed:        February 20, 2018

16

17 PROPOUNDING PARTY:        Defendant, CERTAINTEED CORPORATION

18 RESPONDING PARTIES:       Plaintiff, CHRISTOPHER M. ESPINOSA

19 SET NO.:                  ONE (1)

20 **RESPONSE TO INTERROGATORY NO. 1:**

21      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

22 § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to

23 defendant's asbestos-containing products.

24 **RESPONSE TO INTERROGATORY NO. 2:**

25      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

26 §2030.220(c), plaintiff responds:  Decedent Edward Espinosa may have been exposed to asbestos

27 from asbestos cement pipe and asbestos cement pipe accessories supplied, distributed and/or

28 installed by defendant while employed as laborer for C.R. Fedrick, Inc. from approximately 1974

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688866.1

1  to 1979. During this employment, plaintiff Edward Espinosa worked on the Redwood County

2  Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment

3  plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiff cannot be more

4  specific regarding job sites and years. Sully-Miller had part of the domestic water contract on this

5  job, and as part of that project purchased and installed asbestos cement pipe and asbestos cement

6  pipe accessories in the 1977-1978 time period.

7  **RESPONSE TO INTERROGATORY NO. 3:**

8      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

9  §2030.220(c), plaintiff responds:  Decedent Edward Espinosa may have been exposed to asbestos

10  from asbestos cement pipe and asbestos cement pipe accessories supplied, distributed and/or

11  installed by defendant while employed as laborer for C.R. Fedrick, Inc. from approximately 1974

12  to 1979. During this employment, plaintiff Edward Espinosa worked on the Redwood County

13  Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment

14  plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiff cannot be more

15  specific regarding job sites and years. Sully-Miller had part of the domestic water contract on this

16  job, and as part of that project purchased and installed asbestos cement pipe and asbestos cement

17  pipe accessories in the 1977-1978 time period.

18  **RESPONSE TO INTERROGATORY NO. 4:**

19      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

20  §2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos

21  from asbestos cement pipe and asbestos cement pipe accessories supplied, distributed and/or

22  installed by defendant while employed as laborer for C.R. Fedrick, Inc. from approximately 1974

23  to 1979. During this employment, plaintiff Edward Espinosa worked on the Redwood County

24  Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment

25  plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiff cannot be more

26  specific regarding job sites and years. Sully-Miller had part of the domestic water contract on this

27  job, and as part of that project purchased and installed asbestos cement pipe and asbestos cement

28  pipe accessories in the 1977-1978 time period.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects that this interrogatory is oppressive, burdensome and seeks equally available information to the extent that defendant's definition of "IDENTIFY" is applied to equally available documents. Based on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds: Plaintiff identifies Plaintiff's Responses to Wrongful Death Joint Defense Interrogatories and all exhibits attached thereto, decedent's medical records; Bennie Espinosa's Social Security Records previously produced to Spanos-Przetak; to the documents produced pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to Redwood Valley (produced to Spanos Przetak on April 12, 2016); the deposition of Edward Espinosa taken August 22, 24-26, 2016 and again on September 26, 2016 in *Edward M. Espinosa and Angela D. Espinosa v. CertainTeed Corporation, et al.,* Alameda County Superior Court No. RG15797638, reported by Aiken & Welch (510) 451-1580;  the deposition testimony of defendant's employees: Sagel A. Simon, taken November 21-23, November 25-26, 2013 and December 3-5, 2013 in *Sagel A. Simon and Brenda R. Simon v. Calaveras Asbestos, LTD,* et al., LASC Case No. BC520591, reported by HG Litigation Services 1-888-656-3376, Jaime Gonzalez, taken March 1 and 15, 2014 in *Sagel A. Simon and Brenda R. Simon v. Calaveras Asbestos, LTD,* et al., LASC Case No. BC520591, reported by HG Litigation Services 1-888-656-3376, Tony Baiz, taken on March 4, 2014 in *Sagel A. Simon and Brenda R. Simon v. Calaveras Asbestos, LTD,* et al., LASC Case No. BC520591, reported by HG Litigation Services 1-888-656-3376; defendant's responses to Standard Interrogatories to Defendants (GO 29 and 129) in In re San Francisco County Complex Asbestos Litigation; defendant's prior responses to Alameda County Dieden Interrogatories; and defendant's prior discovery responses and documents produced in asbestos litigation throughout the United States; and the documents attached as Exhibit A to plaintiff's Responses to defendant's Demand for Inspection and Production of Documents, Set One, served herewith.

All of these documents are in the possession of or equally available to defendant.  Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and as the burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1 | plaintiff refers defendant to C.C.P. §2030.230.

2 | **RESPONSE TO INTERROGATORY NO. 6:**

3 | Plaintiff objects that this interrogatory violates the attorney work-product doctrine in that it

4 | necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht &*

5 | *Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217.  Based on a reasonable and good

6 | faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any

7 | objection, plaintiff responds: Decedent Edward Espinosa; Benjamin Espinosa (deceased); all

8 | medical professionals identified in decedent Edward Espinosa's medical records for treatment of

9 | his mesothelioma; Sully Miller's former and current officers, directors and employees, and all

10 | persons responsible for the purchase and installation of defendant's asbestos-containing products;

11 | and other manufacturers, distributors and/or suppliers of defendant's asbestos-containing products,

12 | and the custodian of records, corporate officers, managers, sales personnel and other employees

13 | responsible for distribution, sales and installation of defendant's asbestos-containing products.

14 | **RESPONSE TO INTERROGATORY NO. 7:**

15 | Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

16 | § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to

17 | defendant's asbestos-containing products.

18 | **RESPONSE TO INTERROGATORY NO. 8:**

19 | Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

20 | § 2030.220(c), plaintiff responds: Defendant Republic Supply did business in California from

21 | 1911-1992, and was a supplier, seller and/or distributor of asbestos cement pipe and asbestos

22 | cement pipe accessory products to piping subcontractors and municipal water districts, including

23 | CertainTeed brand asbestos cement pipe and asbestos cement pipe accessory products.  Decedent

24 | Edward Espinosa may have been exposed to asbestos from asbestos cement pipe and asbestos

25 | cement pipe accessories sold, supplied and/or distributed by defendant. Plaintiff cannot be more

26 | specific at this time.

27 | **RESPONSE TO INTERROGATORY NO. 9:**

28 | Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688866.1

4

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos

2  from asbestos cement pipe and asbestos cement pipe accessories sold, supplied and/or distributed

3  by defendant through his father Bennie Espinosa's work at job site(s) in the Tahoe area in 1971

4  and/or 1972 (plaintiff cannot be more specific) and through his own work on Westlands Water

5  District jobs installing irrigation pipe and systems, Fresno and King Counties, California

6  (approximately 1974-1976/1977) and the Redwood County Valley Water District job installing

7  water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California

8  (approximately 1976/1977-1978). Plaintiff cannot be more specific regarding job sites and years.

9  **RESPONSE TO INTERROGATORY NO. 10:**

10      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

11  § 2030.220(c), plaintiff responds: Tahoe area—during the summers of 1971 and 1972; Westlands

12  Water District job- approximately 1974-1976/1977 and Redwood County Valley Water District

13  job –approximately 1976/1977-1978.  Plaintiff cannot be more specific regarding time frames.

14  **RESPONSE TO INTERROGATORY NO. 11:**

15      Plaintiff objects that this interrogatory is oppressive, burdensome and seeks equally

16  available information to the extent that defendant's definition of "IDENTIFY" is applied to

17  equally available documents. Based on a reasonable and good faith effort to obtain responsive

18  information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds:

19  Plaintiff identifies Plaintiff's Responses to Wrongful Death Joint Defense Interrogatories and all

20  exhibits attached thereto; decedent's medical; Bennie Espinosa's Social Security Records

21  previously produced to Spanos-Przetak; the documents produced pursuant to plaintiff's, Keenan

22  Properties' and CertainTeed Corporation's subpoenas to Redwood Valley (produced to Spanos

23  Przetak on April 12, 2016); the documents produced pursuant to plaintiff's, Keenan Properties'

24  and CertainTeed Corporation's subpoenas to Westlands (produced to Spanos Przetak on April 29

25  and May 18, 2016); and to the documents attached as Exhibits B-C to plaintiff's Responses to

26  defendant's Requests for Production, served herewith; the deposition of Edward Espinosa taken

27  August 22, 24-26, 2016 and again on September 26, 2016 in *Edward M. Espinosa and Angela D.*

28  *Espinosa v. CertainTeed Corporation, et al.,* Alameda County Superior Court No. RG15797638,

1688866.1

5

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  reported by Aiken & Welch (510) 451-1580; Republic Supply's Responses to Standard

2  ("Dieden") Interrogatories in *Strouse v. A.W. Chesterton Company, et al.*, Alameda County

3  Superior Court Case No. RG13671981, *Paris v. A.W. Chesterton Company, et al.*, Alameda

4  County Superior Court Case No. RG08383049, and *Martinez v. A.B. Boyd Company, et al.*,

5  Alameda County Superior Court Case No. RG03102479; plaintiff further identifies the depositions

6  and all exhibits attached thereto of defendant's former employees:  Ronald Bender, taken October

7  9, 1997 in *Pruitt v. Asbestos Defendants (BHC)*, San Francisco Superior Court Case No. 981296,

8  reported by Susan R. Wood, CSR No. 6829, Wood & Randall (805)395-1050; Joseph Sortais,

9  taken February 19, 1993 in *Gill v. Abex Corporation, et al.*, San Francisco Superior Court Case

10  No. 943114, reported by Shelly Pedrioli-Yaron, CSR No. 7884, Tooker & Antz (415)392-0650;

11  Khaled Taqi-Eddin, taken January 16, 2016 in *Aman v. CertainTeed Corporation, et al.*, San

12  Joaquin County Superior Court Case No. 39-2015-00327476-CU-PO-STK, reported by Jerali

13  Swagerty, CSR No. 5110, HG Litigation Services, www.HGLitigation.com; John Van Kirk, taken

14  April 15, 1993 in *Barnhill v. Abex Corporation, et al.*, San Francisco Superior Court Case No.

15  946387, reported by Denise L. Doucette, CSR No. 5963, Doucette Legal Services (707)554-9970;

16  and defendant's Responses to plaintiffs' Standard Interrogatories to Defendants (GO 29 and 129)

17  in *In re San Francisco County Complex Asbestos Litigation* and to Alameda County Dieden

18  Interrogatories; and all of defendant's previous discovery responses and documents, including

19  sales ledgers, produced in asbestos litigation throughout the United States including those cases in

20  which the above-referenced depositions occurred.

21       All of these documents are in the possession of or equally available to defendant.  Plaintiff

22  has prepared no compilation, abstract, audit, or summary of or from these documents, and as the

23  burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

24  plaintiff refers defendant to C.C.P. §2030.230.

25  **RESPONSE TO INTERROGATORY NO. 12:**

26       Plaintiff objects that this interrogatory violates the attorney work-product doctrine in that it

27  necessarily seeks a list of potential witnesses whom have been interviewed by counsel.  *Nacht &*

28  *Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217.  Based on a reasonable and good

1688866.1

6

1   faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any

2   objection, plaintiff responds: decedent Edward Espinosa, Bennie Espinosa (deceased), all medical

3   professionals identified in decedent Edward Espinosa's medical records for treatment of his

4   mesothelioma; and Republic Supply's employees/agents Ronald Bender, William Johnson, John

5   Van Kirk, Joseph Sortais and Khaled Taqi-Eddin (presumably c/o Foley & Mansfield,

6   whereabouts otherwise unknown).

7        All identified documents are in the possession of or equally available to defendant.

8   Plaintiffs have prepared no compilation, abstract, audit, or summary of or from these documents,

9   and as the burden or expense of preparing such would be substantially the same for plaintiffs as

10   for defendant, and the documents are equally available, plaintiffs refer defendant to C.C.P. §

11   2030.230.

12   **RESPONSE TO INTERROGATORY NO. 13:**

13        Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

14   § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to

15   defendant's asbestos-containing products.

16   **RESPONSE TO INTERROGATORY NO. 14:**

17        Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

18   § 2030.220(c), plaintiff responds: Defendant, formerly known as Keenan Pipe & Supply Company

19   and Keenan Supply, Inc., has done business in the State of California since 1933, and incorporated

20   in said state since 1947. Defendant sold, supplied and/or distributed CertainTeed (from

21   approximately the late 1960s-early 1970s) and Johns-Manville (approximately 1970-1980)

22   asbestos cement pipe and asbestos cement pipe accessory products.  Decedent Edward Espinosa

23   may have been exposed to asbestos from asbestos cement pipe and asbestos cement pipe

24   accessories sold, supplied and/or distributed by defendant.

25   **RESPONSE TO INTERROGATORY NO. 15:**

26        Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

27   § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos

28   from asbestos cement pipe and asbestos cement pipe accessories sold, supplied and/or distributed

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688866.1

1    by defendant through his father Bennie Espinosa's work at job site(s) in the Tahoe area in 1971

2    and/or 1972 (plaintiff cannot be more specific) and through his own work on Westlands Water

3    District jobs installing irrigation pipe and systems, Fresno and King Counties, California

4    (approximately 1974-1976/1977) and the Redwood County Valley Water District job installing

5    water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California

6    (approximately 1976/1977-1978).  Plaintiff cannot be more specific regarding job sites and years.

7    **RESPONSE TO INTERROGATORY NO. 16:**

8          Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

9    § 2030.220(c), plaintiff responds: Tahoe area—during the summers of 1971 and 1972; Westlands

10   Water District job- approximately 1974-1976/1977 and Redwood County Valley Water District

11   job –approximately 1976/1977-1978.  Plaintiff cannot be more specific regarding time frames.

12   **RESPONSE TO INTERROGATORY NO. 17:**

13         Plaintiff objects that this interrogatory is oppressive, burdensome and seeks equally

14   available information to the extent that defendant's definition of "IDENTIFY" is applied to

15   equally available documents. Based on a reasonable and good faith effort to obtain responsive

16   information under C.C.P. § 2030.220(c), plaintiff responds: Plaintiff identifies plaintiff's

17   Responses to Wrongful Death Joint Defense Interrogatories and all exhibits attached thereto;

18   decedent's medical; Bennie Espinosa's Social Security Records previously produced to Spanos-

19   Przetak; Plaintiffs' Responses to Defendant  Keenan Properties, Inc.'s Special Interrogatories to

20   Plaintiffs, Set One and all exhibits attached thereto served on September 24, 2018; the documents

21   produced pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to

22   Redwood Valley (produced to Spanos Przetak on April 12, 2016); the documents produced

23   pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to Westlands

24   (produced to Spanos Przetak on April 29 and May 18, 2016); the deposition of Edward Espinosa

25   taken August 22, 24-26, 2016 and again on September 26, 2016 in *Edward M. Espinosa and*

26   *Angela D. Espinosa v. CertainTeed Corporation, et al.,* Alameda County Superior Court No.

27   RG15797638, reported by Aiken & Welch (510) 451-1580; the depositions and all exhibits

28   attached thereto of defendant's agents/representatives: Timothy Garfield, taken February 12, 2009

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688866.1

8

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1    in *Brunald v. A.W. Chesterton, Inc., et al.*, Alameda County Superior Court Case No.

2    RG07359353, reported by Cheryl Wilder, CSR No. 7805, Tooker & Antz (415)392-0650, August

3    2, 2011 in *Contreras v. Advocate Mines Ltd., et al.*, Los Angeles County Superior Court Case No.

4    BC428494, reported by Michelle Bailey, CSR No. 10713, HG Litigation Services (310)414-9460,

5    and September 21, 2011 in *Quintino v. A.W. Chesterton Company, et al.*, Alameda County

6    Superior Court Case No. RG08410471, reported by James Matthews, CSR No. 7916, Tooker &

7    Antz (415)392-0650; Fred Keenan, taken January 29 and March 31, 1998 in *Drader v. Abex*

8    *Corporation, et al.*, San Francisco Superior Court Case No. 968883, reported by Karen Klein,

9    CSR No. 5368, Ludwig Court Reporters (800)540-0681, June 2-3 and August 10, 1999 in *In Re:*

10    *Complex Asbestos Litigation*, San Francisco Superior Court Case No. 828684, reported by

11    Catherine Ponicsan, CSR No. 8271 and Karen Klein, CSR No. 5368, Ludwig Klein Court

12    Reporters (800)540-0681, and March 28, 2001 in *Smith v. A.P. Green Industries, et al.*, San

13    Francisco Superior Court Case No. 315105, reported by Brenda Hill, CSR No. 10704, Ludwig

14    Klein Court Reporters (800)540-0681; George LaBollita, taken February 28, 2003 in *Forbes v.*

15    *ACandS, Inc., et al.*, San Francisco Superior Court Case No. 413043, reported by Carrie Morgan,

16    CSR No. 9842, Cerda & Morgan (800)752-0225; Daniel Nagle, taken February 11, 2003 in

17    *Forbes v. ACandS, Inc., et al.*, San Francisco Superior Court Case No. 413043, reported by Sarah

18    Foss, CSR No. 9559, Ludwig Klein Reporters (800)540-0681; Lillemor Safai, taken February 11,

19    2003 in *Forbes v. ACandS, Inc., et al.*, San Francisco Superior Court Case No. 413043, reported

20    by Karen Klein, CSR No. 5368, Ludwig Klein Court Reporters (800)540-0681; the deposition and

21    all exhibits attached thereto of defendant CertainTeed's agent/representative Lloyd Ambler, taken

22    December 18, 2007 in *Dye v. Borg-Warner Corporation, et al.*, Los Angeles Superior Court Case

23    No. BC359929, reported by April Eichelberger, CSR No. 13104; Keenan Properties' Responses to

24    plaintiffs' Standard Interrogatories to Defendants (GO 29 and 129) in *In re San Francisco County*

25    *Complex Asbestos Litigation* and to Alameda County Dieden Interrogatories; and all of

26    defendant's previous discovery responses and documents, including sales ledgers, produced in

27    asbestos litigation throughout the United States including those cases in which the above-

28    referenced depositions occurred; and CertainTeed Corporation's Responses to the Alameda

1688866.1

9

1  County Dieden Interrogatories in *Espinosa v. CertainTeed Corporation, et al.*, Alameda County

2  Superior Court Case No. RG15797638 served February 1, 2016.

3        All of these documents are in the possession of or equally available to defendant.  Plaintiff

4  has prepared no compilation, abstract, audit, or summary of or from these documents, and as the

5  burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

6  plaintiff refers defendant to C.C.P. §2030.230.

7  **RESPONSE TO INTERROGATORY NO. 18:**

8        Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

9  §2030.220(c), plaintiff responds: Plaintiff identifies decedent Edward Espinosa, Bennie Espinosa

10  (deceased), and all medical professionals identified in decedent Edward Espinosa's medical

11  records for treatment of his mesothelioma; defendant's agents/representatives Timothy Garfield,

12  Fred Keenan, George LaBollita, Daniel Nagle, and Lillemor Safai. (all presumably c/o CMBG3

13  Law LLC, whereabouts otherwise unknown); and CertainTeed Corporation's

14  agents/representatives Lloyd Ambler, Charles Blakinger and Michael Starczewski (all presumably

15  c/o Schiff Hardin, whereabouts otherwise unknown).

16  **RESPONSE TO INTERROGATORY NO. 19:**

17        Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

18  §2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to

19  defendant's asbestos-containing products.

20  **RESPONSE TO INTERROGATORY NO. 20:**

21        Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

22  §2030.220(c), plaintiff responds: Since the early 1950s, defendant Allied Packing & Supply, Inc.

23  was a supply house in San Francisco and Wilmington, CA. Defendant marketed, sold, supplied

24  and distributed various types of asbestos-containing gaskets and packing material manufactured by

25  various manufacturers to various entities, including water districts, and other users in California.

26  Decedent Edward Espinosa may have been exposed to defendant's asbestos-containing gaskets

27  and packing materials.  For more specific information regarding defendant's asbestos-containing

28  products, plaintiff refers defendant to the deposition of Ulrik Motzfeldt taken May 8, 1995 in

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688866.1

10

1  *Christian v. Abex Corporation, et al.*, San Francisco Superior Court Case No. 955035, reported by

2  Leilani Sacco, CSR No. 5507, Tooker & Antz (415)392-0650.

3      All of these documents are in the possession of or equally available to defendant. Plaintiff

4  has prepared no compilation, abstract, audit, or summary of or from these documents, and as the

5  burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

6  plaintiff refers defendant to C.C.P. §2030.230.

7  **RESPONSE TO INTERROGATORY NO. 21:**

8      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

9  §2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos

10 from defendant's asbestos-containing gaskets and packing materials sold, supplied and/or

11 distributed by defendant through his father Bennie Espinosa's work at job site(s) in the Tahoe area

12 in 1971 and/or 1972 (plaintiff cannot be more specific) and through his own work on Westlands

13 Water District jobs installing irrigation pipe and systems, Fresno and King Counties, California

14 (approximately 1974-1976/1977) and the Redwood County Valley Water District job installing

15 water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California

16 (approximately 1976/1977-1978). Plaintiff cannot be more specific regarding job sites and years.

17 **RESPONSE TO INTERROGATORY NO. 22:**

18     Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

19 § 2030.220(c), plaintiff responds: Tahoe area—during the summers of 1971 and 1972; Westlands

20 Water District job- approximately 1974-1976/1977 and Redwood County Valley Water District

21 job –approximately 1976/1977-1978. Plaintiff cannot be more specific regarding time frames.

22 **RESPONSE TO INTERROGATORY NO. 23:**

23     Plaintiff objects that this interrogatory is oppressive, burdensome and seeks equally

24 available information to the extent that defendant's definition of "IDENTIFY" is applied to

25 equally available documents. Based on a reasonable and good faith effort to obtain responsive

26 information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds:

27 Plaintiff identifies Plaintiff's Responses to Wrongful Death Joint Defense Interrogatories and all

28 exhibits attached thereto; decedent's medical records; Bennie Espinosa's Social Security Records

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  previously produced to Spanos-Przetak; to the documents produced pursuant to plaintiff's, Keenan

2  Properties' and CertainTeed Corporation's subpoenas to Redwood Valley (produced to Spanos

3  Przetak on April 12, 2016), and to the documents produced pursuant to plaintiff's, Keenan

4  Properties' and CertainTeed Corporation's subpoenas to Westlands (produced to Spanos Przetak

5  on April 29 and May 18, 2016); the deposition of Edward Espinosa taken August 22, 24-26, 2016

6  and again on September 26, 2016 in in *Edward M. Espinosa and Angela D. Espinosa v.*

7  *CertainTeed Corporation, et al.,* Alameda County Superior Court No. RG15797638, reported by

8  Aiken & Welch (510) 451-1580; the transcripts of proceedings of Stephen Woodbury taken

9  January 9, 2013, in *Mary Valdez, et al. v. A.W. Chesterton., et al.* SFSC No. CGC10-275525,

10  reported by Debby Clary, CSR No. 9705, Tooker & Antz (415)392-0650;  the deposition of Steve

11  Woodbury, taken September 5, 2018 in *Lloy Young v. Chevron USA, Inc., et al.* Alameda County

12  Case No. RG18897651, reported by Kimberly R. Hendershott, Aiken Welch (510) 451-1580;

13  the testimony of defendant's employees:  Ulrik Motzfeldt, taken May 8, 1995 in *Christian v. Abex*

14  *Corporation, et al.*, San Francisco Superior Court Case No. 955035, reported by Leilani Sacco,

15  CSR No. 5507, Tooker & Antz (415)392-0650, and January 9, 2002 in *Nelson v. ACandS, Inc., et*

16  *al.*, Alameda County Superior Court Case No. 842457-0, reported by Carol Schilp, CSR No. 9648,

17  Aiken & Welch (510)451-1580; Howard Day, declaration of January 11, 2002 in *Nelson v.*

18  *ACandS, Inc., et al.*, Alameda County Superior Court Case No. 842457-0; Angela Espinosa's

19  Responses to Allied Fluid Products Corp.'s written discovery, served on August 6, 2018;

20  Christopher Espinosa's Responses to Allied Fluid Products Corp.'s written discovery, served on

21  August 6, 2018; Trista Haggard's Responses to Allied Fluid Products Corp.'s written discovery,

22  served on August 6, 2018; defendant's responses to Standard Interrogatories to Defendants (GO

23  29 and 129) in In re San Francisco County Complex Asbestos Litigation; defendant's prior

24  responses to Alameda County Dieden Interrogatories; and defendant's prior discovery responses

25  and documents produced in asbestos litigation throughout the United States.

26      All of these documents are in the possession of or equally available to defendant.  Plaintiff

27  has prepared no compilation, abstract, audit, or summary of or from these documents, and as the

28  burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S RESPONSES TO DEFENDANT CERTAINTEED CORPORATION'S SPECIAL
INTERROGATORIES TO PLAINTIFF (SET ONE)

1  plaintiff refers defendant to C.C.P. §2030.230.

2  **RESPONSE TO INTERROGATORY NO. 24:**

3      Plaintiff objects that this interrogatory violates the attorney work-product doctrine in that it

4  necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht &*

5  *Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217.  Based on a reasonable and good

6  faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any

7  objection, plaintiff responds:  Decedent Edward Espinosa; Benjamin Espinosa (deceased); and all

8  medical professionals identified in decedent Edward Espinosa's medical records for treatment of

9  his mesothelioma; defendant's former and current officers, directors and employees, including but

10  not limited, to Ulrik Motzfeldt, Howard Day, and Stephen Woodbury; and all persons responsible

11  for the distribution, sales and installation of defendant's asbestos-containing products; and other

12  manufacturers, distributors and/or suppliers of defendant's asbestos-containing products, and the

13  custodian of records, corporate officers, managers, sales personnel and other employees

14  responsible for distribution, sales and installation of defendant's asbestos-containing products.

15      All of these documents are in the possession of or equally available to defendant.

16  Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and

17  as the burden or expense of preparing such would be substantially the same for plaintiff as for

18  defendant, plaintiff refers defendant to C.C.P. §2030.230.

19  **RESPONSE TO INTERROGATORY NO. 25:**

20      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

21  § 2030.220(c), plaintiff responds:  No.

22  **RESPONSE TO INTERROGATORY NO. 26:**

23      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

24  § 2030.220(c), plaintiff responds: As plaintiff does not contend that decedent Edward Espinosa

25  was so exposed, plaintiff has no information responsive to this interrogatory.

26  **RESPONSE TO INTERROGATORY NO. 27:**

27      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

28  § 2030.220(c), plaintiff responds: As plaintiff does not contend that decedent Edward Espinosa

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

PLAINTIFF'S RESPONSES TO DEFENDANT CERTAINTEED CORPORATION'S SPECIAL
INTERROGATORIES TO PLAINTIFF (SET ONE)

1  was so exposed, plaintiff has no information responsive to this interrogatory.

2  **RESPONSE TO INTERROGATORY NO. 28:**

3      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

4  § 2030.220(c), plaintiff responds:  As plaintiff does not contend that decedent Edward Espinosa

5  was so exposed, plaintiff has no information responsive to this interrogatory.

6  **RESPONSE TO INTERROGATORY NO. 29:**

7      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

8  § 2030.220(c), plaintiff responds: As plaintiff does not contend that decedent Edward Espinosa

9  was so exposed, plaintiff has no information responsive to this interrogatory.

10  **RESPONSE TO INTERROGATORY NO. 30:**

11      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

12  § 2030.220(c), plaintiff responds: As plaintiff does not contend that decedent Edward Espinosa

13  was so exposed, plaintiff has no information responsive to this interrogatory.

14  DATED:  October 22, 2018        KAZAN, McCLAIN, SATTERLEY & GREENWOOD
                                                A Professional Law Corporation

15

16                                                   By:

17

18                                                   John L. Langdoc
                                                 Denise R. Smith

19                                               Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688866.1

PLAINTIFF'S RESPONSES TO DEFENDANT CERTAINTEED CORPORATION'S SPECIAL
INTERROGATORIES TO PLAINTIFF (SET ONE)

**PROOF OF SERVICE**

*Angela D. Espinosa, et al. v. Certainteed Corporation, et al.*
**Alameda County Superior Court Case No. RG18893674**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Alameda, State of California.  My business address is Jack London Market, 55 Harrison Street, Suite 400, Oakland, CA 94607.

On October 22, 2018, I served true copies of the following document(s) described as:

PLAINTIFFS RESPONSES TO DEFENDANT CERTAINTEED CORPORATION SPECIAL INTERROGATORIES TO PLAINTIFFS (SET ONE) CHRISTOPHER ESPINOSA

PLAINTIFFS RESPONSES TO DEFENDANT CERTAINTEED CORPORATION REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS ( SET ONE) - CHRISTOPHER ESPINOSA

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY ELECTRONIC SERVICE:**  I electronically served the document(s) described above via File & ServeXpress, on the recipients designated on the Transaction Receipt located on the File & ServeXpress website (https://secure.fileandservexpress.com) pursuant to the Court Order establishing the case website and authorizing service of documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 22, 2018, at Oakland, California.

Angelo Hunt

---

*Kazan, McClain, Satterley & Greenwood*
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1

1

**VERIFICATION**

2

***ANGELA D. ESPINOSA, et al.***
**Case No. RG18893674**

3

4

I have read the following and know its contents:

**PLAINTIFFS RESPONSES TO DEFENDANT CERTAINTEED CORPORATION**
**SPECIAL INTERROGATORIES TO PLAINTIFFS (SET ONE)**

5

6

**PLAINTIFFS RESPONSES TO DEFENDANT CERTAINTEED CORPORATION**
**REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS (SET ONE)**

7

8

I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

9

10

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

11

Executed on October 27, 2018, at Hope North Carolina

12

13

14

*Christopher M Espinosa*
Christopher M. Espinosa

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

## PROOF OF SERVICE

*Angela D. Espinosa, et al. v. Certainteed Corporation, et al.*
**Alameda County Superior Court Case No. RG18893674**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Alameda, State of California.  My business address is Jack London Market, 55 Harrison Street, Suite 400, Oakland, CA 94607.

On November 5, 2018, I served true copies of the following document(s) described as:

**Verification:**

**Plaintiffs Responses to Defendant Certainteed Corporation Special Interrogatories to Plaintiffs set one;**

**Plaintiffs Responses to Defendant Certainteed Corporation Request for Production of documents to Plaintiffs set one**

on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY ELECTRONIC SERVICE:**  I electronically served the document(s) described above via File & ServeXpress, on the recipients designated on the Transaction Receipt located on the File & ServeXpress website (https://secure.fileandservexpress.com) pursuant to the Court Order establishing the case website and authorizing service of documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 5, 2018, at Oakland, California.

_____
Angelo Hunt

<div style="writing-mode: vertical">

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

</div>

1

1   John L. Langdoc, Esq. (C.S.B. #235509)
       jlangdoc@kazanlaw.com
2   Denise R. Smith, Esq. (C.S.B. #309225)
       dsmith@kazanlaw.com
3   KAZAN, McCLAIN, SATTERLEY & GREENWOOD
    A Professional Law Corporation
4   Jack London Market
    55 Harrison Street, Suite 400
5   Oakland, California 94607
    Telephone: (510) 302-1000
6   Facsimile: (510) 835-4913

7   Attorneys for Plaintiffs

8                           SUPERIOR COURT OF CALIFORNIA

9                                COUNTY OF ALAMEDA

10

11   ANGELA D. ESPINOSA, et al.,              Case No. RG18893674

12              Plaintiffs,                   **PLAINTIFF'S RESPONSES TO
                                              DEFENDANT CERTAINTEED
13        vs.                                 CORPORATION'S SPECIAL
                                              INTERROGATORIES TO PLAINTIFF
14   CERTAINTEED CORPORATION, et al.,         (SET ONE)**

15              Defendants.                   Action Filed:       February 20, 2018

16

17   PROPOUNDING PARTY:        Defendant, CERTAINTEED CORPORATION

18   RESPONDING PARTIES:       Plaintiff, PATRICIA L. FONSETH

19   SET NO.:                  ONE (1)

**RESPONSE TO INTERROGATORY NO. 1:**

20        Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

21   § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to

22   defendant's asbestos-containing products.

23   **RESPONSE TO INTERROGATORY NO. 2:**

24        Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

25   §2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos

26   from asbestos cement pipe and asbestos cement pipe accessories supplied, distributed and/or

27   installed by defendant while employed as laborer for C.R. Fedrick, Inc. from approximately 1974

28

1688545.1

*[Left margin vertical text:]* Kazan, McClain, Satterley & Greenwood   A Professional Law Corporation   Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607   (510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

to 1979. During this employment, plaintiff Edward Espinosa worked on the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiff cannot be more specific regarding job sites and years. Sully-Miller had part of the domestic water contract on this job, and as part of that project purchased and installed asbestos cement pipe and asbestos cement pipe accessories in the 1977-1978 time period.

**RESPONSE TO INTERROGATORY NO. 3:**

Based on a reasonable and good faith effort to obtain responsive information under C.C.P. §2030.220(c), plaintiff responds:  Decedent Edward Espinosa may have been exposed to asbestos from asbestos cement pipe and asbestos cement pipe accessories supplied, distributed and/or installed by defendant while employed as laborer for C.R. Fedrick, Inc. from approximately 1974 to 1979. During this employment, plaintiff Edward Espinosa worked on the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiff cannot be more specific regarding job sites and years. Sully-Miller had part of the domestic water contract on this job, and as part of that project purchased and installed asbestos cement pipe and asbestos cement pipe accessories in the 1977-1978 time period.

**RESPONSE TO INTERROGATORY NO. 4:**

Based on a reasonable and good faith effort to obtain responsive information under C.C.P. §2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos from asbestos cement pipe and asbestos cement pipe accessories supplied, distributed and/or installed by defendant while employed as laborer for C.R. Fedrick, Inc. from approximately 1974 to 1979. During this employment, plaintiff Edward Espinosa worked on the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiff cannot be more specific regarding job sites and years. Sully-Miller had part of the domestic water contract on this job, and as part of that project purchased and installed asbestos cement pipe and asbestos cement pipe accessories in the 1977-1978 time period.

1688545.1

2

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects that this interrogatory is oppressive, burdensome and seeks equally available information to the extent that defendant's definition of "IDENTIFY" is applied to equally available documents. Based on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds: Plaintiff identifies Plaintiff's Responses to Wrongful Death Joint Defense Interrogatories and all exhibits attached thereto, decedent's medical records; Bennie Espinosa's Social Security Records previously produced to Spanos-Przetak; to the documents produced pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to Redwood Valley (produced to Spanos Przetak on April 12, 2016); the deposition of Edward Espinosa taken August 22, 24-26, 2016 and again on September 26, 2016 in *Edward M. Espinosa and Angela D. Espinosa v. CertainTeed Corporation, et al.,* Alameda County Superior Court No. RG15797638, reported by Aiken & Welch (510) 451-1580;  the deposition testimony of defendant's employees: Sagel A. Simon, taken November 21-23, November 25-26, 2013 and December 3-5, 2013 in *Sagel A. Simon and Brenda R. Simon v. Calaveras Asbestos, LTD*, et al., LASC Case No. BC520591, reported by HG Litigation Services 1-888-656-3376, Jaime Gonzalez, taken March 1 and 15, 2014 in *Sagel A. Simon and Brenda R. Simon v. Calaveras Asbestos, LTD*, et al., LASC Case No. BC520591, reported by HG Litigation Services 1-888-656-3376, Tony Baiz, taken on March 4, 2014 in *Sagel A. Simon and Brenda R. Simon v. Calaveras Asbestos, LTD*, et al., LASC Case No. BC520591, reported by HG Litigation Services 1-888-656-3376; defendant's responses to Standard Interrogatories to Defendants (GO 29 and 129) in In re San Francisco County Complex Asbestos Litigation; defendant's prior responses to Alameda County Dieden Interrogatories; and defendant's prior discovery responses and documents produced in asbestos litigation throughout the United States; and the documents attached as Exhibit A to plaintiff's Responses to defendant's Demand for Inspection and Production of Documents, Set One, served herewith.

All of these documents are in the possession of or equally available to defendant.  Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and as the burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  plaintiff refers defendant to C.C.P. §2030.230.

2  **RESPONSE TO INTERROGATORY NO. 6:**

3      Plaintiff objects that this interrogatory violates the attorney work-product doctrine in that it

4  necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht &*

5  *Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217. Based on a reasonable and good

6  faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any

7  objection, plaintiff responds: Decedent Edward Espinosa; Benjamin Espinosa (deceased); all

8  medical professionals identified in decedent Edward Espinosa's medical records for treatment of

9  his mesothelioma; Sully Miller's former and current officers, directors and employees, and all

10  persons responsible for the purchase and installation of defendant's asbestos-containing products;

11  and other manufacturers, distributors and/or suppliers of defendant's asbestos-containing products,

12  and the custodian of records, corporate officers, managers, sales personnel and other employees

13  responsible for distribution, sales and installation of defendant's asbestos-containing products.

14  **RESPONSE TO INTERROGATORY NO. 7:**

15      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

16  § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to

17  defendant's asbestos-containing products.

18  **RESPONSE TO INTERROGATORY NO. 8:**

19      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

20  § 2030.220(c), plaintiff responds: Defendant Republic Supply did business in California from

21  1911-1992, and was a supplier, seller and/or distributor of asbestos cement pipe and asbestos

22  cement pipe accessory products to piping subcontractors and municipal water districts, including

23  CertainTeed brand asbestos cement pipe and asbestos cement pipe accessory products. Decedent

24  Edward Espinosa may have been exposed to asbestos from asbestos cement pipe and asbestos

25  cement pipe accessories sold, supplied and/or distributed by defendant. Plaintiff cannot be more

26  specific at this time.

27  **RESPONSE TO INTERROGATORY NO. 9:**

28      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos

2  from asbestos cement pipe and asbestos cement pipe accessories sold, supplied and/or distributed

3  by defendant through his father Bennie Espinosa's work at job site(s) in the Tahoe area in 1971

4  and/or 1972 (plaintiff cannot be more specific) and through his own work on Westlands Water

5  District jobs installing irrigation pipe and systems, Fresno and King Counties, California

6  (approximately 1974-1976/1977) and the Redwood County Valley Water District job installing

7  water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California

8  (approximately 1976/1977-1978). Plaintiff cannot be more specific regarding job sites and years.

9  **RESPONSE TO INTERROGATORY NO. 10:**

10        Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

11  § 2030.220(c), plaintiff responds: Tahoe area—during the summers of 1971 and 1972; Westlands

12  Water District job- approximately 1974-1976/1977 and Redwood County Valley Water District

13  job –approximately 1976/1977-1978.  Plaintiff cannot be more specific regarding time frames.

14  **RESPONSE TO INTERROGATORY NO. 11:**

15        Plaintiff objects that this interrogatory is oppressive, burdensome and seeks equally

16  available information to the extent that defendant's definition of "IDENTIFY" is applied to

17  equally available documents. Based on a reasonable and good faith effort to obtain responsive

18  information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds:

19  Plaintiff identifies Plaintiff's Responses to Wrongful Death Joint Defense Interrogatories and all

20  exhibits attached thereto; decedent's medical; Bennie Espinosa's Social Security Records

21  previously produced to Spanos-Przetak; the documents produced pursuant to plaintiff's, Keenan

22  Properties' and CertainTeed Corporation's subpoenas to Redwood Valley (produced to Spanos

23  Przetak on April 12, 2016); the documents produced pursuant to plaintiff's, Keenan Properties'

24  and CertainTeed Corporation's subpoenas to Westlands (produced to Spanos Przetak on April 29

25  and May 18, 2016); and to the documents attached as Exhibits B-C to plaintiff's Responses to

26  defendant's Requests for Production, served herewith; the deposition of Edward Espinosa taken

27  August 22, 24-26, 2016 and again on September 26, 2016 in *Edward M. Espinosa and Angela D.*

28  *Espinosa v. CertainTeed Corporation, et al.,* Alameda County Superior Court No. RG15797638,

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1 reported by Aiken & Welch (510) 451-1580; Republic Supply's Responses to Standard

2 ("Dieden") Interrogatories in *Strouse v. A.W. Chesterton Company, et al.*, Alameda County

3 Superior Court Case No. RG13671981, *Paris v. A.W. Chesterton Company, et al.*, Alameda

4 County Superior Court Case No. RG08383049, and *Martinez v. A.B. Boyd Company, et al.*,

5 Alameda County Superior Court Case No. RG03102479; plaintiff further identifies the depositions

6 and all exhibits attached thereto of defendant's former employees:  Ronald Bender, taken October

7 9, 1997 in *Pruitt v. Asbestos Defendants (BHC)*, San Francisco Superior Court Case No. 981296,

8 reported by Susan R. Wood, CSR No. 6829, Wood & Randall (805)395-1050; Joseph Sortais,

9 taken February 19, 1993 in *Gill v. Abex Corporation, et al.*, San Francisco Superior Court Case

10 No. 943114, reported by Shelly Pedrioli-Yaron, CSR No. 7884, Tooker & Antz (415)392-0650;

11 Khaled Taqi-Eddin, taken January 16, 2016 in *Aman v. CertainTeed Corporation, et al.*, San

12 Joaquin County Superior Court Case No. 39-2015-00327476-CU-PO-STK, reported by Jerali

13 Swagerty, CSR No. 5110, HG Litigation Services, www.HGLitigation.com; John Van Kirk, taken

14 April 15, 1993 in *Barnhill v. Abex Corporation, et al.*, San Francisco Superior Court Case No.

15 946387, reported by Denise L. Doucette, CSR No. 5963, Doucette Legal Services (707)554-9970;

16 and defendant's Responses to plaintiffs' Standard Interrogatories to Defendants (GO 29 and 129)

17 in *In re San Francisco County Complex Asbestos Litigation* and to Alameda County Dieden

18 Interrogatories; and all of defendant's previous discovery responses and documents, including

19 sales ledgers, produced in asbestos litigation throughout the United States including those cases in

20 which the above-referenced depositions occurred.

21     All of these documents are in the possession of or equally available to defendant.  Plaintiff

22 has prepared no compilation, abstract, audit, or summary of or from these documents, and as the

23 burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

24 plaintiff refers defendant to C.C.P. §2030.230.

25 **RESPONSE TO INTERROGATORY NO. 12:**

26     Plaintiff objects that this interrogatory violates the attorney work-product doctrine in that it

27 necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht &*

28 *Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217.  Based on a reasonable and good

1688545.1

6

1  faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any

2  objection, plaintiff responds: decedent Edward Espinosa, Bennie Espinosa (deceased), all medical

3  professionals identified in decedent Edward Espinosa's medical records for treatment of his

4  mesothelioma; and Republic Supply's employees/agents Ronald Bender, William Johnson, John

5  Van Kirk, Joseph Sortais and Khaled Taqi-Eddin (presumably c/o Foley & Mansfield,

6  whereabouts otherwise unknown).

7          All identified documents are in the possession of or equally available to defendant.

8  Plaintiffs have prepared no compilation, abstract, audit, or summary of or from these documents,

9  and as the burden or expense of preparing such would be substantially the same for plaintiffs as

10 for defendant, and the documents are equally available, plaintiffs refer defendant to C.C.P. §

11 2030.230.

12 **RESPONSE TO INTERROGATORY NO. 13:**

13         Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

14 § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to

15 defendant's asbestos-containing products.

16 **RESPONSE TO INTERROGATORY NO. 14:**

17         Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

18 § 2030.220(c), plaintiff responds: Defendant, formerly known as Keenan Pipe & Supply Company

19 and Keenan Supply, Inc., has done business in the State of California since 1933, and incorporated

20 in said state since 1947. Defendant sold, supplied and/or distributed CertainTeed (from

21 approximately the late 1960s-early 1970s) and Johns-Manville (approximately 1970-1980)

22 asbestos cement pipe and asbestos cement pipe accessory products.  Decedent Edward Espinosa

23 may have been exposed to asbestos from asbestos cement pipe and asbestos cement pipe

24 accessories sold, supplied and/or distributed by defendant.

25 **RESPONSE TO INTERROGATORY NO. 15:**

26         Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

27 § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos

28 from asbestos cement pipe and asbestos cement pipe accessories sold, supplied and/or distributed

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688545.1

7

1  by defendant through his father Bennie Espinosa's work at job site(s) in the Tahoe area in 1971

2  and/or 1972 (plaintiff cannot be more specific) and through his own work on Westlands Water

3  District jobs installing irrigation pipe and systems, Fresno and King Counties, California

4  (approximately 1974-1976/1977) and the Redwood County Valley Water District job installing

5  water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California

6  (approximately 1976/1977-1978).  Plaintiff cannot be more specific regarding job sites and years.

7  **RESPONSE TO INTERROGATORY NO. 16:**

8       Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

9  § 2030.220(c), plaintiff responds: Tahoe area—during the summers of 1971 and 1972; Westlands

10  Water District job- approximately 1974-1976/1977 and Redwood County Valley Water District

11  job –approximately 1976/1977-1978.  Plaintiff cannot be more specific regarding time frames.

12  **RESPONSE TO INTERROGATORY NO. 17:**

13       Plaintiff objects that this interrogatory is oppressive, burdensome and seeks equally

14  available information to the extent that defendant's definition of "IDENTIFY" is applied to

15  equally available documents. Based on a reasonable and good faith effort to obtain responsive

16  information under C.C.P. § 2030.220(c), plaintiff responds: Plaintiff identifies plaintiff's

17  Responses to Wrongful Death Joint Defense Interrogatories and all exhibits attached thereto;

18  decedent's medical; Bennie Espinosa's Social Security Records previously produced to Spanos-

19  Przetak; Plaintiffs' Responses to Defendant  Keenan Properties, Inc.'s Special Interrogatories to

20  Plaintiffs, Set One and all exhibits attached thereto served on September 24, 2018; the documents

21  produced pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to

22  Redwood Valley (produced to Spanos Przetak on April 12, 2016); the documents produced

23  pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to Westlands

24  (produced to Spanos Przetak on April 29 and May 18, 2016); the deposition of Edward Espinosa

25  taken August 22, 24-26, 2016 and again on September 26, 2016 in *Edward M. Espinosa and*

26  *Angela D. Espinosa v. CertainTeed Corporation, et al.,* Alameda County Superior Court No.

27  RG15797638, reported by Aiken & Welch (510) 451-1580; the depositions and all exhibits

28  attached thereto of defendant's agents/representatives: Timothy Garfield, taken February 12, 2009

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688545.1

PLAINTIFF'S RESPONSES TO DEFENDANT CERTAINTEED CORPORATION'S SPECIAL
INTERROGATORIES TO PLAINTIFF (SET ONE)

1    in *Brunald v. A.W. Chesterton, Inc., et al.*, Alameda County Superior Court Case No.

2    RG07359353, reported by Cheryl Wilder, CSR No. 7805, Tooker & Antz (415)392-0650, August

3    2, 2011 in *Contreras v. Advocate Mines Ltd., et al.*, Los Angeles County Superior Court Case No.

4    BC428494, reported by Michelle Bailey, CSR No. 10713, HG Litigation Services (310)414-9460,

5    and September 21, 2011 in *Quintino v. A.W. Chesterton Company, et al.*, Alameda County

6    Superior Court Case No. RG08410471, reported by James Matthews, CSR No. 7916, Tooker &

7    Antz (415)392-0650; Fred Keenan, taken January 29 and March 31, 1998 in *Drader v. Abex*

8    *Corporation, et al.*, San Francisco Superior Court Case No. 968883, reported by Karen Klein,

9    CSR No. 5368, Ludwig Court Reporters (800)540-0681, June 2-3 and August 10, 1999 in *In Re:*

10   *Complex Asbestos Litigation*, San Francisco Superior Court Case No. 828684, reported by

11   Catherine Ponicsan, CSR No. 8271 and Karen Klein, CSR No. 5368, Ludwig Klein Court

12   Reporters (800)540-0681, and March 28, 2001 in *Smith v. A.P. Green Industries, et al.*, San

13   Francisco Superior Court Case No. 315105, reported by Brenda Hill, CSR No. 10704, Ludwig

14   Klein Court Reporters (800)540-0681; George LaBollita, taken February 28, 2003 in *Forbes v.*

15   *ACandS, Inc., et al.*, San Francisco Superior Court Case No. 413043, reported by Carrie Morgan,

16   CSR No. 9842, Cerda & Morgan (800)752-0225; Daniel Nagle, taken February 11, 2003 in

17   *Forbes v. ACandS, Inc., et al.*, San Francisco Superior Court Case No. 413043, reported by Sarah

18   Foss, CSR No. 9559, Ludwig Klein Reporters (800)540-0681; Lillemor Safai, taken February 11,

19   2003 in *Forbes v. ACandS, Inc., et al.*, San Francisco Superior Court Case No. 413043, reported

20   by Karen Klein, CSR No. 5368, Ludwig Klein Court Reporters (800)540-0681; the deposition and

21   all exhibits attached thereto of defendant CertainTeed's agent/representative Lloyd Ambler, taken

22   December 18, 2007 in *Dye v. Borg-Warner Corporation, et al.*, Los Angeles Superior Court Case

23   No. BC359929, reported by April Eichelberger, CSR No. 13104; Keenan Properties' Responses to

24   plaintiffs' Standard Interrogatories to Defendants (GO 29 and 129) in *In re San Francisco County*

25   *Complex Asbestos Litigation* and to Alameda County Dieden Interrogatories; and all of

26   defendant's previous discovery responses and documents, including sales ledgers, produced in

27   asbestos litigation throughout the United States including those cases in which the above-

28   referenced depositions occurred; and CertainTeed Corporation's Responses to the Alameda

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688545.1

9

1   County Dieden Interrogatories in *Espinosa v. CertainTeed Corporation, et al.*, Alameda County

2   Superior Court Case No. RG15797638 served February 1, 2016.

3      All of these documents are in the possession of or equally available to defendant.  Plaintiff

4   has prepared no compilation, abstract, audit, or summary of or from these documents, and as the

5   burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

6   plaintiff refers defendant to C.C.P. §2030.230.

7   **RESPONSE TO INTERROGATORY NO. 18:**

8      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

9   §2030.220(c), plaintiff responds: Plaintiff identifies decedent Edward Espinosa, Bennie Espinosa

10   (deceased), and all medical professionals identified in decedent Edward Espinosa's medical

11   records for treatment of his mesothelioma; defendant's agents/representatives Timothy Garfield,

12   Fred Keenan, George LaBollita, Daniel Nagle, and Lillemor Safai. (all presumably c/o CMBG3

13   Law LLC, whereabouts otherwise unknown); and CertainTeed Corporation's

14   agents/representatives Lloyd Ambler, Charles Blakinger and Michael Starczewski (all presumably

15   c/o Schiff Hardin, whereabouts otherwise unknown).

16   **RESPONSE TO INTERROGATORY NO. 19:**

17      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

18   §2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to

19   defendant's asbestos-containing products.

20   **RESPONSE TO INTERROGATORY NO. 20:**

21      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

22   §2030.220(c), plaintiff responds: Since the early 1950s, defendant Allied Packing & Supply, Inc.

23   was a supply house in San Francisco and Wilmington, CA. Defendant marketed, sold, supplied

24   and distributed various types of asbestos-containing gaskets and packing material manufactured by

25   various manufacturers to various entities, including water districts, and other users in California.

26   Decedent Edward Espinosa may have been exposed to defendant's asbestos-containing gaskets

27   and packing materials.  For more specific information regarding defendant's asbestos-containing

28   products, plaintiff refers defendant to the deposition of Ulrik Motzfeldt taken May 8, 1995 in

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688545.1

10

1   *Christian v. Abex Corporation, et al.*, San Francisco Superior Court Case No. 955035, reported by

2   Leilani Sacco, CSR No. 5507, Tooker & Antz (415)392-0650.

3       All of these documents are in the possession of or equally available to defendant. Plaintiff

4   has prepared no compilation, abstract, audit, or summary of or from these documents, and as the

5   burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

6   plaintiff refers defendant to C.C.P. §2030.230.

7   **RESPONSE TO INTERROGATORY NO. 21:**

8       Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

9   §2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos

10   from defendant's asbestos-containing gaskets and packing materials sold, supplied and/or

11   distributed by defendant through his father Bennie Espinosa's work at job site(s) in the Tahoe area

12   in 1971 and/or 1972 (plaintiff cannot be more specific) and through his own work on Westlands

13   Water District jobs installing irrigation pipe and systems, Fresno and King Counties, California

14   (approximately 1974-1976/1977) and the Redwood County Valley Water District job installing

15   water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California

16   (approximately 1976/1977-1978). Plaintiff cannot be more specific regarding job sites and years.

17   **RESPONSE TO INTERROGATORY NO. 22:**

18       Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

19   § 2030.220(c), plaintiff responds: Tahoe area—during the summers of 1971 and 1972; Westlands

20   Water District job- approximately 1974-1976/1977 and Redwood County Valley Water District

21   job –approximately 1976/1977-1978. Plaintiff cannot be more specific regarding time frames.

22   **RESPONSE TO INTERROGATORY NO. 23:**

23       Plaintiff objects that this interrogatory is oppressive, burdensome and seeks equally

24   available information to the extent that defendant's definition of "IDENTIFY" is applied to

25   equally available documents. Based on a reasonable and good faith effort to obtain responsive

26   information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds:

27   Plaintiff identifies Plaintiff's Responses to Wrongful Death Joint Defense Interrogatories and all

28   exhibits attached thereto; decedent's medical records; Bennie Espinosa's Social Security Records

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688545.1

1   previously produced to Spanos-Przetak; to the documents produced pursuant to plaintiff's, Keenan

2   Properties' and CertainTeed Corporation's subpoenas to Redwood Valley (produced to Spanos

3   Przetak on April 12, 2016), and to the documents produced pursuant to plaintiff's, Keenan

4   Properties' and CertainTeed Corporation's subpoenas to Westlands (produced to Spanos Przetak

5   on April 29 and May 18, 2016); the deposition of Edward Espinosa taken August 22, 24-26, 2016

6   and again on September 26, 2016 in in *Edward M. Espinosa and Angela D. Espinosa v.*

7   *CertainTeed Corporation, et al.,* Alameda County Superior Court No. RG15797638, reported by

8   Aiken & Welch (510) 451-1580; the transcripts of proceedings of Stephen Woodbury taken

9   January 9, 2013, in *Mary Valdez, et al. v. A.W. Chesterton., et al.* SFSC No. CGC10-275525,

10  reported by Debby Clary, CSR No. 9705, Tooker & Antz (415)392-0650;  the deposition of Steve

11  Woodbury, taken September 5, 2018 in *Lloy Young v. Chevron USA, Inc., et al.* Alameda County

12  Case No. RG18897651, reported by Kimberly R. Hendershott, Aiken Welch (510) 451-1580;

13  the testimony of defendant's employees:  Ulrik Motzfeldt, taken May 8, 1995 in *Christian v. Abex*

14  *Corporation, et al.*, San Francisco Superior Court Case No. 955035, reported by Leilani Sacco,

15  CSR No. 5507, Tooker & Antz (415)392-0650, and January 9, 2002 in *Nelson v. ACandS, Inc., et*

16  *al.*, Alameda County Superior Court Case No. 842457-0, reported by Carol Schilp, CSR No. 9648,

17  Aiken & Welch (510)451-1580; Howard Day, declaration of January 11, 2002 in *Nelson v.*

18  *ACandS, Inc., et al.*, Alameda County Superior Court Case No. 842457-0; Angela Espinosa's

19  Responses to Allied Fluid Products Corp.'s written discovery, served on August 6, 2018;

20  Christopher Espinosa's Responses to Allied Fluid Products Corp.'s written discovery, served on

21  August 6, 2018; Trista Haggard's Responses to Allied Fluid Products Corp.'s written discovery,

22  served on August 6, 2018; defendant's responses to Standard Interrogatories to Defendants (GO

23  29 and 129) in In re San Francisco County Complex Asbestos Litigation; defendant's prior

24  responses to Alameda County Dieden Interrogatories; and defendant's prior discovery responses

25  and documents produced in asbestos litigation throughout the United States.

26      All of these documents are in the possession of or equally available to defendant.  Plaintiff

27  has prepared no compilation, abstract, audit, or summary of or from these documents, and as the

28  burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market  •  55 Harrison Street, Suite 400  •  Oakland, California 94607
(510) 302-1000  •  Fax: (510) 835-4913  •  www.kazanlaw.com

1688545.1                                          12

1  plaintiff refers defendant to C.C.P. §2030.230.

2  **RESPONSE TO INTERROGATORY NO. 24:**

3      Plaintiff objects that this interrogatory violates the attorney work-product doctrine in that it

4  necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht &*

5  *Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217.  Based on a reasonable and good

6  faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any

7  objection, plaintiff responds:  Decedent Edward Espinosa; Benjamin Espinosa (deceased); and all

8  medical professionals identified in decedent Edward Espinosa's medical records for treatment of

9  his mesothelioma; defendant's former and current officers, directors and employees, including but

10  not limited, to Ulrik Motzfeldt, Howard Day, and Stephen Woodbury; and all persons responsible

11  for the distribution, sales and installation of defendant's asbestos-containing products; and other

12  manufacturers, distributors and/or suppliers of defendant's asbestos-containing products, and the

13  custodian of records, corporate officers, managers, sales personnel and other employees

14  responsible for distribution, sales and installation of defendant's asbestos-containing products.

15      All of these documents are in the possession of or equally available to defendant.

16  Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and

17  as the burden or expense of preparing such would be substantially the same for plaintiff as for

18  defendant, plaintiff refers defendant to C.C.P. §2030.230.

19  **RESPONSE TO INTERROGATORY NO. 25:**

20      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

21  § 2030.220(c), plaintiff responds:  No.

22  **RESPONSE TO INTERROGATORY NO. 26:**

23      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

24  § 2030.220(c), plaintiff responds: As plaintiff does not contend that decedent Edward Espinosa

25  was so exposed, plaintiff has no information responsive to this interrogatory.

26  **RESPONSE TO INTERROGATORY NO. 27:**

27      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

28  § 2030.220(c), plaintiff responds: As plaintiff does not contend that decedent Edward Espinosa

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  was so exposed, plaintiff has no information responsive to this interrogatory.

2  **RESPONSE TO INTERROGATORY NO. 28:**

3     Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

4  § 2030.220(c), plaintiff responds:  As plaintiff does not contend that decedent Edward Espinosa

5  was so exposed, plaintiff has no information responsive to this interrogatory.

6  **RESPONSE TO INTERROGATORY NO. 29:**

7     Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

8  § 2030.220(c), plaintiff responds: As plaintiff does not contend that decedent Edward Espinosa

9  was so exposed, plaintiff has no information responsive to this interrogatory.

10  **RESPONSE TO INTERROGATORY NO. 30:**

11     Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

12  § 2030.220(c), plaintiff responds: As plaintiff does not contend that decedent Edward Espinosa

13  was so exposed, plaintiff has no information responsive to this interrogatory.

14  **RESPONSE TO INTERROGATORY NO. 31:**

15     Plaintiff objects to this interrogatory to the extent it violates the attorney-client privilege

16  and/or work product doctrine. Plaintiff further objects that this interrogatory seeks to invade

17  plaintiff's privacy, seeks to obtain information protected by the collateral source rule, and is

18  irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  See,

19  *Helfend v. Southern Cal. Rapid Transit District* (1970) 2 Cal.3d 1; *Arambula v. Wells* (1999) 72

20  Cal.App.4th 1006.  Plaintiff further objects to the definition "CHILD"  and "CHILDREN" as

21  vague and ambiguous as there is no reference to child or children in Code of Civil Procedure

22  section 370.60.

23  **RESPONSE TO INTERROGATORY NO. 32:**

24     Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

25  § 2030.220(c), plaintiff responds:  Yes.

26  **RESPONSE TO INTERROGATORY NO. 33:**

27     Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

28  § 2030.220(c), plaintiff responds: Pursuant to Code of Civil Procedure section 2030.230, plaintiff

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688545.1

14

1  refers defendant to Exhibit D attached to plaintiff's Responses to defendant's Demand for

2  Inspection and Production of Documents, Set One, served herewith as well as the deposition of

3  Edward Espinosa taken August 22, 24-26, 2016 and again on September 26, 2016 in in *Edward M.*

4  *Espinosa and Angela D. Espinosa v. CertainTeed Corporation, et al.,* Alameda County Superior

5  Court No. RG15797638, reported by Aiken & Welch (510) 451-1580.  All of these documents are

6  in the possession of or equally available to defendant.  Plaintiff has prepared no compilation,

7  abstract, audit, or summary of or from these documents, and as the burden or expense of preparing

8  such would be substantially the same for plaintiff as for defendant, plaintiff refers defendant to

9  C.C.P. §2030.230.

10  DATED:  October 22, 2018

KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation

By: _____
     John L. Langdoc
     Denise R. Smith
     Attorneys for Plaintiffs

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688545.1

15

PLAINTIFF'S RESPONSES TO DEFENDANT CERTAINTEED CORPORATION'S SPECIAL
INTERROGATORIES TO PLAINTIFF (SET ONE)

**PROOF OF SERVICE**

*Angela D. Espinosa, et al. v. Certainteed Corporation, et al.*
**Alameda County Superior Court Case No. RG18893674**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Alameda, State of California.  My business address is Jack London Market, 55 Harrison Street, Suite 400, Oakland, CA 94607.

On October 22, 2018, I served true copies of the following document(s) described as:

PLAINTIFFS RESPONSES TO DEFENDANT CERTAINTEED CORPORATION SPECIAL INTERROGATORIES TO PLAINTIFFS (SET ONE) PATRICIA FONSETH

PLAINTIFFS RESPONSES TO DEFENDANT CERTAINTEED CORPORATION REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS ( SET ONE) -PATRICIA FONSETH

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY ELECTRONIC SERVICE:**  I electronically served the document(s) described above via File & ServeXpress, on the recipients designated on the Transaction Receipt located on the File & ServeXpress website (https://secure.fileandservexpress.com) pursuant to the Court Order establishing the case website and authorizing service of documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 22, 2018, at Oakland, California.

Angelo Hunt

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1

<div align="center">

**VERIFICATION**

***ANGELA D. ESPINOSA, et al.***
**Case No. RG18893674**

</div>

I have read the following and know its contents:

**PLAINTIFFS RESPONSES TO DEFENDANT CERTAINTEED CORPORATION SPECIAL INTERROGATORIES TO PLAINTIFFS (SET ONE)**

**PLAINTIFFS RESPONSES TO DEFENDANT CERTAINTEED CORPORATION REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS (SET ONE)**

I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 29, 2018, at Faribault, Minnesota

Ms. Patricia Lynn Fonseth

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1

**PROOF OF SERVICE**

*Angela D. Espinosa, et al. v. Certainteed Corporation, et al.*
**Alameda County Superior Court Case No. RG18893674**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Alameda, State of California.  My business address is Jack London Market, 55 Harrison Street, Suite 400, Oakland, CA 94607.

On November 5, 2018, I served true copies of the following document(s) described as:

**Verification:**

**Plaintiffs Responses to Defendant Certainteed Corporation Special Interrogatories to Plaintiffs set one;**

**Plaintiffs Responses to Defendant Certainteed Corporation Request for Production of documents to Plaintiffs set one**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY ELECTRONIC SERVICE:**  I electronically served the document(s) described above via File & ServeXpress, on the recipients designated on the Transaction Receipt located on the File & ServeXpress website (https://secure.fileandservexpress.com) pursuant to the Court Order establishing the case website and authorizing service of documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 5, 2018, at Oakland, California.

Angelo Hunt

---

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  John L. Langdoc, Esq. (C.S.B. #235509)
    jlangdoc@kazanlaw.com
2  Denise R. Smith, Esq. (C.S.B. #309225)
    dsmith@kazanlaw.com
3  KAZAN, McCLAIN, SATTERLEY & GREENWOOD
    A Professional Law Corporation
4  Jack London Market
    55 Harrison Street, Suite 400
5  Oakland, California 94607
    Telephone: (510) 302-1000
6  Facsimile: (510) 835-4913

7  Attorneys for Plaintiffs

8                  SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10

11  ANGELA D. ESPINOSA, et al.,              Case No. RG18893674

12          Plaintiffs,                      **PLAINTIFF'S RESPONSES TO
                                             DEFENDANT CERTAINTEED
13      vs.                                  CORPORATION'S SPECIAL
                                             INTERROGATORIES TO PLAINTIFF
14  CERTAINTEED CORPORATION, et al.,         (SET ONE)**

15          Defendants.                      Action Filed:        February 20, 2018

16

17  PROPOUNDING PARTY:     Defendant, CERTAINTEED CORPORATION

     RESPONDING PARTIES:    Plaintiff, TRISTA HAGGARD
18
     SET NO.:               ONE (1)
19
     **RESPONSE TO INTERROGATORY NO. 1:**
20
          Based on a reasonable and good faith effort to obtain responsive information under C.C.P.
21
     § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to
22
     defendant's asbestos-containing products.
23
     **RESPONSE TO INTERROGATORY NO. 2:**
24
          Based on a reasonable and good faith effort to obtain responsive information under C.C.P.
25
     §2030.220(c), plaintiff responds:  Decedent Edward Espinosa may have been exposed to asbestos
26
     from asbestos cement pipe and asbestos cement pipe accessories supplied, distributed and/or
27
     installed by defendant while employed as laborer for C.R. Fedrick, Inc. from approximately 1974
28

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688867.1

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1   to 1979. During this employment, plaintiff Edward Espinosa worked on the Redwood County

2   Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment

3   plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiff cannot be more

4   specific regarding job sites and years. Sully-Miller had part of the domestic water contract on this

5   job, and as part of that project purchased and installed asbestos cement pipe and asbestos cement

6   pipe accessories in the 1977-1978 time period.

7   **RESPONSE TO INTERROGATORY NO. 3:**

8         Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

9   §2030.220(c), plaintiff responds:  Decedent Edward Espinosa may have been exposed to asbestos

10   from asbestos cement pipe and asbestos cement pipe accessories supplied, distributed and/or

11   installed by defendant while employed as laborer for C.R. Fedrick, Inc. from approximately 1974

12   to 1979. During this employment, plaintiff Edward Espinosa worked on the Redwood County

13   Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment

14   plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiff cannot be more

15   specific regarding job sites and years. Sully-Miller had part of the domestic water contract on this

16   job, and as part of that project purchased and installed asbestos cement pipe and asbestos cement

17   pipe accessories in the 1977-1978 time period.

18   **RESPONSE TO INTERROGATORY NO. 4:**

19         Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

20   §2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos

21   from asbestos cement pipe and asbestos cement pipe accessories supplied, distributed and/or

22   installed by defendant while employed as laborer for C.R. Fedrick, Inc. from approximately 1974

23   to 1979. During this employment, plaintiff Edward Espinosa worked on the Redwood County

24   Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment

25   plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiff cannot be more

26   specific regarding job sites and years. Sully-Miller had part of the domestic water contract on this

27   job, and as part of that project purchased and installed asbestos cement pipe and asbestos cement

28   pipe accessories in the 1977-1978 time period.

PLAINTIFF'S RESPONSES TO DEFENDANT CERTAINTEED CORPORATION'S SPECIAL
INTERROGATORIES TO PLAINTIFF (SET ONE)

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects that this interrogatory is oppressive, burdensome and seeks equally available information to the extent that defendant's definition of "IDENTIFY" is applied to equally available documents. Based on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds: Plaintiff identifies Plaintiff's Responses to Wrongful Death Joint Defense Interrogatories and all exhibits attached thereto, decedent's medical records; Bennie Espinosa's Social Security Records previously produced to Spanos-Przetak; to the documents produced pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to Redwood Valley (produced to Spanos Przetak on April 12, 2016); the deposition of Edward Espinosa taken August 22, 24-26, 2016 and again on September 26, 2016 in *Edward M. Espinosa and Angela D. Espinosa v. CertainTeed Corporation, et al.,* Alameda County Superior Court No. RG15797638, reported by Aiken & Welch (510) 451-1580;  the deposition testimony of defendant's employees: Sagel A. Simon, taken November 21-23, November 25-26, 2013 and December 3-5, 2013 in *Sagel A. Simon and Brenda R. Simon v. Calaveras Asbestos, LTD*, et al., LASC Case No. BC520591, reported by HG Litigation Services 1-888-656-3376, Jaime Gonzalez, taken March 1 and 15, 2014 in *Sagel A. Simon and Brenda R. Simon v. Calaveras Asbestos, LTD*, et al., LASC Case No. BC520591, reported by HG Litigation Services 1-888-656-3376, Tony Baiz, taken on March 4, 2014 in *Sagel A. Simon and Brenda R. Simon v. Calaveras Asbestos, LTD*, et al., LASC Case No. BC520591, reported by HG Litigation Services 1-888-656-3376; defendant's responses to Standard Interrogatories to Defendants (GO 29 and 129) in In re San Francisco County Complex Asbestos Litigation; defendant's prior responses to Alameda County Dieden Interrogatories; and defendant's prior discovery responses and documents produced in asbestos litigation throughout the United States; and the documents attached as Exhibit A to plaintiff's Responses to defendant's Demand for Inspection and Production of Documents, Set One, served herewith.

All of these documents are in the possession of or equally available to defendant.  Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and as the burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

1 | plaintiff refers defendant to C.C.P. §2030.230.

2 | **RESPONSE TO INTERROGATORY NO. 6:**

3 | Plaintiff objects that this interrogatory violates the attorney work-product doctrine in that it

4 | necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht &*

5 | *Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217. Based on a reasonable and good

6 | faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any

7 | objection, plaintiff responds: Decedent Edward Espinosa; Benjamin Espinosa (deceased); all

8 | medical professionals identified in decedent Edward Espinosa's medical records for treatment of

9 | his mesothelioma; Sully Miller's former and current officers, directors and employees, and all

10 | persons responsible for the purchase and installation of defendant's asbestos-containing products;

11 | and other manufacturers, distributors and/or suppliers of defendant's asbestos-containing products,

12 | and the custodian of records, corporate officers, managers, sales personnel and other employees

13 | responsible for distribution, sales and installation of defendant's asbestos-containing products.

14 | **RESPONSE TO INTERROGATORY NO. 7:**

15 | Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

16 | § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to

17 | defendant's asbestos-containing products.

18 | **RESPONSE TO INTERROGATORY NO. 8:**

19 | Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

20 | § 2030.220(c), plaintiff responds: Defendant Republic Supply did business in California from

21 | 1911-1992, and was a supplier, seller and/or distributor of asbestos cement pipe and asbestos

22 | cement pipe accessory products to piping subcontractors and municipal water districts, including

23 | CertainTeed brand asbestos cement pipe and asbestos cement pipe accessory products. Decedent

24 | Edward Espinosa may have been exposed to asbestos from asbestos cement pipe and asbestos

25 | cement pipe accessories sold, supplied and/or distributed by defendant. Plaintiff cannot be more

26 | specific at this time.

27 | **RESPONSE TO INTERROGATORY NO. 9:**

28 | Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688867.1

4

§ 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos from asbestos cement pipe and asbestos cement pipe accessories sold, supplied and/or distributed by defendant through his father Bennie Espinosa's work at job site(s) in the Tahoe area in 1971 and/or 1972 (plaintiff cannot be more specific) and through his own work on Westlands Water District jobs installing irrigation pipe and systems, Fresno and King Counties, California (approximately 1974-1976/1977) and the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiff cannot be more specific regarding job sites and years.

**RESPONSE TO INTERROGATORY NO. 10:**

Based on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), plaintiff responds: Tahoe area—during the summers of 1971 and 1972; Westlands Water District job- approximately 1974-1976/1977 and Redwood County Valley Water District job –approximately 1976/1977-1978.  Plaintiff cannot be more specific regarding time frames.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects that this interrogatory is oppressive, burdensome and seeks equally available information to the extent that defendant's definition of "IDENTIFY" is applied to equally available documents. Based on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds: Plaintiff identifies Plaintiff's Responses to Wrongful Death Joint Defense Interrogatories and all exhibits attached thereto; decedent's medical; Bennie Espinosa's Social Security Records previously produced to Spanos-Przetak; the documents produced pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to Redwood Valley (produced to Spanos Przetak on April 12, 2016); the documents produced pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to Westlands (produced to Spanos Przetak on April 29 and May 18, 2016); and to the documents attached as Exhibits B-C to plaintiff's Responses to defendant's Requests for Production, served herewith; the deposition of Edward Espinosa taken August 22, 24-26, 2016 and again on September 26, 2016 in *Edward M. Espinosa and Angela D. Espinosa v. CertainTeed Corporation, et al.,* Alameda County Superior Court No. RG15797638,

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1   reported by Aiken & Welch (510) 451-1580; Republic Supply's Responses to Standard

2   ("Dieden") Interrogatories in *Strouse v. A.W. Chesterton Company, et al.*, Alameda County

3   Superior Court Case No. RG13671981, *Paris v.  A.W. Chesterton Company, et al.*, Alameda

4   County Superior Court Case No. RG08383049, and *Martinez v. A.B. Boyd Company, et al.*,

5   Alameda County Superior Court Case No. RG03102479; plaintiff further identifies the depositions

6   and all exhibits attached thereto of defendant's former employees:  Ronald Bender, taken October

7   9, 1997 in *Pruitt v. Asbestos Defendants (BHC)*, San Francisco Superior Court Case No. 981296,

8   reported by Susan R. Wood, CSR No. 6829, Wood & Randall (805)395-1050; Joseph Sortais,

9   taken February 19, 1993 in *Gill v. Abex Corporation, et al.*, San Francisco Superior Court Case

10   No. 943114, reported by Shelly Pedrioli-Yaron, CSR No. 7884, Tooker & Antz (415)392-0650;

11   Khaled Taqi-Eddin, taken January 16, 2016 in *Aman v. CertainTeed Corporation, et al.*, San

12   Joaquin County Superior Court Case No. 39-2015-00327476-CU-PO-STK, reported by Jerali

13   Swagerty, CSR No. 5110, HG Litigation Services, www.HGLitigation.com; John Van Kirk, taken

14   April 15, 1993 in *Barnhill v. Abex Corporation, et al.*, San Francisco Superior Court Case No.

15   946387, reported by Denise L. Doucette, CSR No. 5963, Doucette Legal Services (707)554-9970;

16   and defendant's Responses to plaintiffs' Standard Interrogatories to Defendants (GO 29 and 129)

17   in *In re San Francisco County Complex Asbestos Litigation* and to Alameda County Dieden

18   Interrogatories; and all of defendant's previous discovery responses and documents, including

19   sales ledgers, produced in asbestos litigation throughout the United States including those cases in

20   which the above-referenced depositions occurred.

21        All of these documents are in the possession of or equally available to defendant.  Plaintiff

22   has prepared no compilation, abstract, audit, or summary of or from these documents, and as the

23   burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

24   plaintiff refers defendant to C.C.P. §2030.230.

25   **RESPONSE TO INTERROGATORY NO. 12:**

26        Plaintiff objects that this interrogatory violates the attorney work-product doctrine in that it

27   necessarily seeks a list of potential witnesses whom have been interviewed by counsel.  *Nacht &*

28   *Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217.  Based on a reasonable and good

1688867.1                                                         6

PLAINTIFF'S RESPONSES TO DEFENDANT CERTAINTEED CORPORATION'S SPECIAL
INTERROGATORIES TO PLAINTIFF (SET ONE)

1  faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any

2  objection, plaintiff responds: decedent Edward Espinosa, Bennie Espinosa (deceased), all medical

3  professionals identified in decedent Edward Espinosa's medical records for treatment of his

4  mesothelioma; and Republic Supply's employees/agents Ronald Bender, William Johnson, John

5  Van Kirk, Joseph Sortais and Khaled Taqi-Eddin (presumably c/o Foley & Mansfield,

6  whereabouts otherwise unknown).

7       All identified documents are in the possession of or equally available to defendant.

8  Plaintiffs have prepared no compilation, abstract, audit, or summary of or from these documents,

9  and as the burden or expense of preparing such would be substantially the same for plaintiffs as

10  for defendant, and the documents are equally available, plaintiffs refer defendant to C.C.P. §

11  2030.230.

12  **RESPONSE TO INTERROGATORY NO. 13:**

13       Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

14  § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to

15  defendant's asbestos-containing products.

16  **RESPONSE TO INTERROGATORY NO. 14:**

17       Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

18  § 2030.220(c), plaintiff responds: Defendant, formerly known as Keenan Pipe & Supply Company

19  and Keenan Supply, Inc., has done business in the State of California since 1933, and incorporated

20  in said state since 1947. Defendant sold, supplied and/or distributed CertainTeed (from

21  approximately the late 1960s-early 1970s) and Johns-Manville (approximately 1970-1980)

22  asbestos cement pipe and asbestos cement pipe accessory products.  Decedent Edward Espinosa

23  may have been exposed to asbestos from asbestos cement pipe and asbestos cement pipe

24  accessories sold, supplied and/or distributed by defendant.

25  **RESPONSE TO INTERROGATORY NO. 15:**

26       Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

27  § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos

28  from asbestos cement pipe and asbestos cement pipe accessories sold, supplied and/or distributed

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688867.1

7

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  by defendant through his father Bennie Espinosa's work at job site(s) in the Tahoe area in 1971

2  and/or 1972 (plaintiff cannot be more specific) and through his own work on Westlands Water

3  District jobs installing irrigation pipe and systems, Fresno and King Counties, California

4  (approximately 1974-1976/1977) and the Redwood County Valley Water District job installing

5  water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California

6  (approximately 1976/1977-1978).  Plaintiff cannot be more specific regarding job sites and years.

7  **RESPONSE TO INTERROGATORY NO. 16:**

8  Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

9  § 2030.220(c), plaintiff responds: Tahoe area—during the summers of 1971 and 1972; Westlands

10  Water District job- approximately 1974-1976/1977 and Redwood County Valley Water District

11  job –approximately 1976/1977-1978.  Plaintiff cannot be more specific regarding time frames.

12  **RESPONSE TO INTERROGATORY NO. 17:**

13  Plaintiff objects that this interrogatory is oppressive, burdensome and seeks equally

14  available information to the extent that defendant's definition of "IDENTIFY" is applied to

15  equally available documents. Based on a reasonable and good faith effort to obtain responsive

16  information under C.C.P. § 2030.220(c), plaintiff responds: Plaintiff identifies plaintiff's

17  Responses to Wrongful Death Joint Defense Interrogatories and all exhibits attached thereto;

18  decedent's medical; Bennie Espinosa's Social Security Records previously produced to Spanos-

19  Przetak; Plaintiffs' Responses to Defendant  Keenan Properties, Inc.'s Special Interrogatories to

20  Plaintiffs, Set One and all exhibits attached thereto served on September 24, 2018; the documents

21  produced pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to

22  Redwood Valley (produced to Spanos Przetak on April 12, 2016); the documents produced

23  pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to Westlands

24  (produced to Spanos Przetak on April 29 and May 18, 2016); the deposition of Edward Espinosa

25  taken August 22, 24-26, 2016 and again on September 26, 2016 in *Edward M. Espinosa and*

26  *Angela D. Espinosa v. CertainTeed Corporation, et al.,* Alameda County Superior Court No.

27  RG15797638, reported by Aiken & Welch (510) 451-1580; the depositions and all exhibits

28  attached thereto of defendant's agents/representatives: Timothy Garfield, taken February 12, 2009

1688867.1

8

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1   in *Brunald v. A.W. Chesterton, Inc., et al.*, Alameda County Superior Court Case No.

2   RG07359353, reported by Cheryl Wilder, CSR No. 7805, Tooker & Antz (415)392-0650, August

3   2, 2011 in *Contreras v. Advocate Mines Ltd., et al.*, Los Angeles County Superior Court Case No.

4   BC428494, reported by Michelle Bailey, CSR No. 10713, HG Litigation Services (310)414-9460,

5   and September 21, 2011 in *Quintino v. A.W. Chesterton Company, et al.*, Alameda County

6   Superior Court Case No. RG08410471, reported by James Matthews, CSR No. 7916, Tooker &

7   Antz (415)392-0650; Fred Keenan, taken January 29 and March 31, 1998 in *Drader v. Abex*

8   *Corporation, et al.*, San Francisco Superior Court Case No. 968883, reported by Karen Klein,

9   CSR No. 5368, Ludwig Court Reporters (800)540-0681, June 2-3 and August 10, 1999 in *In Re:*

10  *Complex Asbestos Litigation*, San Francisco Superior Court Case No. 828684, reported by

11  Catherine Ponicsan, CSR No. 8271 and Karen Klein, CSR No. 5368, Ludwig Klein Court

12  Reporters (800)540-0681, and March 28, 2001 in *Smith v. A.P. Green Industries, et al.*, San

13  Francisco Superior Court Case No. 315105, reported by Brenda Hill, CSR No. 10704, Ludwig

14  Klein Court Reporters (800)540-0681; George LaBollita, taken February 28, 2003 in *Forbes v.*

15  *ACandS, Inc., et al.*, San Francisco Superior Court Case No. 413043, reported by Carrie Morgan,

16  CSR No. 9842, Cerda & Morgan (800)752-0225; Daniel Nagle, taken February 11, 2003 in

17  *Forbes v. ACandS, Inc., et al.*, San Francisco Superior Court Case No. 413043, reported by Sarah

18  Foss, CSR No. 9559, Ludwig Klein Reporters (800)540-0681; Lillemor Safai, taken February 11,

19  2003 in *Forbes v. ACandS, Inc., et al.*, San Francisco Superior Court Case No. 413043, reported

20  by Karen Klein, CSR No. 5368, Ludwig Klein Court Reporters (800)540-0681; the deposition and

21  all exhibits attached thereto of defendant CertainTeed's agent/representative Lloyd Ambler, taken

22  December 18, 2007 in *Dye v. Borg-Warner Corporation, et al.*, Los Angeles Superior Court Case

23  No. BC359929, reported by April Eichelberger, CSR No. 13104; Keenan Properties' Responses to

24  plaintiffs' Standard Interrogatories to Defendants (GO 29 and 129) in *In re San Francisco County*

25  *Complex Asbestos Litigation* and to Alameda County Dieden Interrogatories; and all of

26  defendant's previous discovery responses and documents, including sales ledgers, produced in

27  asbestos litigation throughout the United States including those cases in which the above-

28  referenced depositions occurred; and CertainTeed Corporation's Responses to the Alameda

1688867.1                                              9

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  County Dieden Interrogatories in *Espinosa v. CertainTeed Corporation, et al.*, Alameda County

2  Superior Court Case No. RG15797638 served February 1, 2016.

3  All of these documents are in the possession of or equally available to defendant.  Plaintiff

4  has prepared no compilation, abstract, audit, or summary of or from these documents, and as the

5  burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

6  plaintiff refers defendant to C.C.P. §2030.230.

7  **RESPONSE TO INTERROGATORY NO. 18:**

8  Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

9  §2030.220(c), plaintiff responds: Plaintiff identifies decedent Edward Espinosa, Bennie Espinosa

10  (deceased), and all medical professionals identified in decedent Edward Espinosa's medical

11  records for treatment of his mesothelioma; defendant's agents/representatives Timothy Garfield,

12  Fred Keenan, George LaBollita, Daniel Nagle, and Lillemor Safai. (all presumably c/o CMBG3

13  Law LLC, whereabouts otherwise unknown); and CertainTeed Corporation's

14  agents/representatives Lloyd Ambler, Charles Blakinger and Michael Starczewski (all presumably

15  c/o Schiff Hardin, whereabouts otherwise unknown).

16  **RESPONSE TO INTERROGATORY NO. 19:**

17  Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

18  §2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to

19  defendant's asbestos-containing products.

20  **RESPONSE TO INTERROGATORY NO. 20:**

21  Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

22  §2030.220(c), plaintiff responds: Since the early 1950s, defendant Allied Packing & Supply, Inc.

23  was a supply house in San Francisco and Wilmington, CA. Defendant marketed, sold, supplied

24  and distributed various types of asbestos-containing gaskets and packing material manufactured by

25  various manufacturers to various entities, including water districts, and other users in California.

26  Decedent Edward Espinosa may have been exposed to defendant's asbestos-containing gaskets

27  and packing materials.  For more specific information regarding defendant's asbestos-containing

28  products, plaintiff refers defendant to the deposition of Ulrik Motzfeldt taken May 8, 1995 in

1688867.1

10

1 *Christian v. Abex Corporation, et al.*, San Francisco Superior Court Case No. 955035, reported by

2 Leilani Sacco, CSR No. 5507, Tooker & Antz (415)392-0650.

3     All of these documents are in the possession of or equally available to defendant.  Plaintiff

4 has prepared no compilation, abstract, audit, or summary of or from these documents, and as the

5 burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

6 plaintiff refers defendant to C.C.P. §2030.230.

7 **RESPONSE TO INTERROGATORY NO. 21:**

8     Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

9 §2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos

10 from defendant's asbestos-containing gaskets and packing materials sold, supplied and/or

11 distributed by defendant through his father Bennie Espinosa's work at job site(s) in the Tahoe area

12 in 1971 and/or 1972 (plaintiff cannot be more specific) and through his own work on Westlands

13 Water District jobs installing irrigation pipe and systems, Fresno and King Counties, California

14 (approximately 1974-1976/1977) and the Redwood County Valley Water District job installing

15 water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California

16 (approximately 1976/1977-1978).  Plaintiff cannot be more specific regarding job sites and years.

17 **RESPONSE TO INTERROGATORY NO. 22:**

18     Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

19 § 2030.220(c), plaintiff responds: Tahoe area—during the summers of 1971 and 1972; Westlands

20 Water District job- approximately 1974-1976/1977 and Redwood County Valley Water District

21 job –approximately 1976/1977-1978.  Plaintiff cannot be more specific regarding time frames.

22 **RESPONSE TO INTERROGATORY NO. 23:**

23     Plaintiff objects that this interrogatory is oppressive, burdensome and seeks equally

24 available information to the extent that defendant's definition of "IDENTIFY" is applied to

25 equally available documents. Based on a reasonable and good faith effort to obtain responsive

26 information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds:

27 Plaintiff identifies Plaintiff's Responses to Wrongful Death Joint Defense Interrogatories and all

28 exhibits attached thereto; decedent's medical records; Bennie Espinosa's Social Security Records

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com.

11

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  previously produced to Spanos-Przetak; to the documents produced pursuant to plaintiff's, Keenan

2  Properties' and CertainTeed Corporation's subpoenas to Redwood Valley (produced to Spanos

3  Przetak on April 12, 2016), and to the documents produced pursuant to plaintiff's, Keenan

4  Properties' and CertainTeed Corporation's subpoenas to Westlands (produced to Spanos Przetak

5  on April 29 and May 18, 2016); the deposition of Edward Espinosa taken August 22, 24-26, 2016

6  and again on September 26, 2016 in in *Edward M. Espinosa and Angela D. Espinosa v.*

7  *CertainTeed Corporation, et al.,* Alameda County Superior Court No. RG15797638, reported by

8  Aiken & Welch (510) 451-1580; the transcripts of proceedings of Stephen Woodbury taken

9  January 9, 2013, in *Mary Valdez, et al. v. A.W. Chesterton., et al.* SFSC No. CGC10-275525,

10  reported by Debby Clary, CSR No. 9705, Tooker & Antz (415)392-0650; the deposition of Steve

11  Woodbury, taken September 5, 2018 in *Lloy Young v. Chevron USA, Inc., et al.* Alameda County

12  Case No. RG18897651, reported by Kimberly R. Hendershott, Aiken Welch (510) 451-1580;

13  the testimony of defendant's employees: Ulrik Motzfeldt, taken May 8, 1995 in *Christian v. Abex*

14  *Corporation, et al.*, San Francisco Superior Court Case No. 955035, reported by Leilani Sacco,

15  CSR No. 5507, Tooker & Antz (415)392-0650, and January 9, 2002 in *Nelson v. ACandS, Inc., et*

16  *al.*, Alameda County Superior Court Case No. 842457-0, reported by Carol Schilp, CSR No. 9648,

17  Aiken & Welch (510)451-1580; Howard Day, declaration of January 11, 2002 in *Nelson v.*

18  *ACandS, Inc., et al.*, Alameda County Superior Court Case No. 842457-0; Angela Espinosa's

19  Responses to Allied Fluid Products Corp.'s written discovery, served on August 6, 2018;

20  Christopher Espinosa's Responses to Allied Fluid Products Corp.'s written discovery, served on

21  August 6, 2018; Trista Haggard's Responses to Allied Fluid Products Corp.'s written discovery,

22  served on August 6, 2018; defendant's responses to Standard Interrogatories to Defendants (GO

23  29 and 129) in In re San Francisco County Complex Asbestos Litigation; defendant's prior

24  responses to Alameda County Dieden Interrogatories; and defendant's prior discovery responses

25  and documents produced in asbestos litigation throughout the United States.

26       All of these documents are in the possession of or equally available to defendant.  Plaintiff

27  has prepared no compilation, abstract, audit, or summary of or from these documents, and as the

28  burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

1688867.1

12

1 plaintiff refers defendant to C.C.P. §2030.230.

2 **RESPONSE TO INTERROGATORY NO. 24:**

3       Plaintiff objects that this interrogatory violates the attorney work-product doctrine in that it

4 necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht &*

5 *Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217. Based on a reasonable and good

6 faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any

7 objection, plaintiff responds: Decedent Edward Espinosa; Benjamin Espinosa (deceased); and all

8 medical professionals identified in decedent Edward Espinosa's medical records for treatment of

9 his mesothelioma; defendant's former and current officers, directors and employees, including but

10 not limited, to Ulrik Motzfeldt, Howard Day, and Stephen Woodbury; and all persons responsible

11 for the distribution, sales and installation of defendant's asbestos-containing products; and other

12 manufacturers, distributors and/or suppliers of defendant's asbestos-containing products, and the

13 custodian of records, corporate officers, managers, sales personnel and other employees

14 responsible for distribution, sales and installation of defendant's asbestos-containing products.

15       All of these documents are in the possession of or equally available to defendant.

16 Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and

17 as the burden or expense of preparing such would be substantially the same for plaintiff as for

18 defendant, plaintiff refers defendant to C.C.P. §2030.230.

19 **RESPONSE TO INTERROGATORY NO. 25:**

20       Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

21 § 2030.220(c), plaintiff responds: No.

22 **RESPONSE TO INTERROGATORY NO. 26:**

23       Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

24 § 2030.220(c), plaintiff responds: As plaintiff does not contend that decedent Edward Espinosa

25 was so exposed, plaintiff has no information responsive to this interrogatory.

26 **RESPONSE TO INTERROGATORY NO. 27:**

27       Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

28 § 2030.220(c), plaintiff responds: As plaintiff does not contend that decedent Edward Espinosa

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688867.1

13

1 | was so exposed, plaintiff has no information responsive to this interrogatory.

2 | **RESPONSE TO INTERROGATORY NO. 28:**

3 | Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

4 | § 2030.220(c), plaintiff responds:  As plaintiff does not contend that decedent Edward Espinosa

5 | was so exposed, plaintiff has no information responsive to this interrogatory.

6 | **RESPONSE TO INTERROGATORY NO. 29:**

7 | Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

8 | § 2030.220(c), plaintiff responds: As plaintiff does not contend that decedent Edward Espinosa

9 | was so exposed, plaintiff has no information responsive to this interrogatory.

10 | **RESPONSE TO INTERROGATORY NO. 30:**

11 | Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

12 | § 2030.220(c), plaintiff responds: As plaintiff does not contend that decedent Edward Espinosa

13 | was so exposed, plaintiff has no information responsive to this interrogatory.

14 | DATED: October 22, 2018

KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation

By: _____
John L. Langdoc
Denise R. Smith
Attorneys for Plaintiffs

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1688867.1

14

PLAINTIFF'S RESPONSES TO DEFENDANT CERTAINTEED CORPORATION'S SPECIAL
INTERROGATORIES TO PLAINTIFF (SET ONE)

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

## PROOF OF SERVICE

*Angela D. Espinosa, et al. v. Certainteed Corporation, et al.*
**Alameda County Superior Court Case No. RG18893674**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Alameda, State of California.  My business address is Jack London Market, 55 Harrison Street, Suite 400, Oakland, CA 94607.

On October 22, 2018, I served true copies of the following document(s) described as:

PLAINTIFFS RESPONSES TO DEFENDANT CERTAINTEED CORPORATION SPECIAL INTERROGATORIES TO PLAINTIFFS (SET ONE) TRISTA HAGGARD

PLAINTIFFS RESPONSES TO DEFENDANT CERTAINTEED CORPORATION REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS ( SET ONE) -TRISTA HAGGARD

on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY ELECTRONIC SERVICE:**  I electronically served the document(s) described above via File & ServeXpress, on the recipients designated on the Transaction Receipt located on the File & ServeXpress website (https://secure.fileandservexpress.com) pursuant to the Court Order establishing the case website and authorizing service of documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 22, 2018, at Oakland, California.

Angelo Hunt

1

E-SERVICE
62639598
Nov 06 2018
02:33PM
File & ServeXpress

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VERIFICATION**

***ANGELA D. ESPINOSA, et al.***
**Case No. RG18893674**

I have read the following and know its contents:

**PLAINTIFFS RESPONSES TO DEFENDANT CERTAINTEED CORPORATION SPECIAL INTERROGATORIES TO PLAINTIFFS (SET ONE)**

**PLAINTIFFS RESPONSES TO DEFENDANT CERTAINTEED CORPORATION REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS (SET ONE)**

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October__, 2018, at Coalinga, California.



Trista Haggard

1

**PROOF OF SERVICE**

*Edward M. Espinosa and Angela D. Espinosa v. CertainTeed Corporation, et al.*
**Alameda County Superior Court Case No. RG15797638**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Alameda, State of California.  My business address is Jack London Market, 55 Harrison Street, Suite 400, Oakland, CA 94607.

On November 6, 2018, I served true copies of the following document(s) described as:

**Verification:**

**Plaintiffs Responses to Defendant Certainteed Corporation Special Interrogatories to Plaintiffs**

**Plaintiffs Responses to Defendant Certainteed Corporation Request For Production of Documents to Plaintiffs (set One)**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY ELECTRONIC SERVICE:**  I electronically served the document(s) described above via File & ServeXpress, on the recipients designated on the Transaction Receipt located on the File & ServeXpress website (https://secure.fileandservexpress.com) pursuant to the Court Order establishing the case website and authorizing service of documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 6, 2018, at Oakland, California.

Angelo Hunt

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1

E-SERVICE
62586205
Oct 22 2018
04:14PM
File & ServeXpress

1  John L. Langdoc, Esq. (C.S.B. #235509)
     jlangdoc@kazanlaw.com
2  Denise R. Smith, Esq. (C.S.B. #309225)
     dsmith@kazanlaw.com
3  KAZAN, McCLAIN, SATTERLEY & GREENWOOD
   A Professional Law Corporation
4  Jack London Market
   55 Harrison Street, Suite 400
5  Oakland, California 94607
   Telephone: (510) 302-1000
6  Facsimile: (510) 835-4913

7  Attorneys for Plaintiffs

8                 SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF ALAMEDA

10

11  ANGELA D. ESPINOSA, et al.,          Case No. RG18893674

12          Plaintiffs,              **PLAINTIFF'S RESPONSES TO
                                     DEFENDANT CERTAINTEED
13      vs.                          CORPORATION'S SPECIAL
                                     INTERROGATORIES TO PLAINTIFF
14  CERTAINTEED CORPORATION, et al.,  (SET ONE)**

15          Defendants.              Action Filed:        February 20, 2018

16

17  PROPOUNDING PARTY:       Defendant, CERTAINTEED CORPORATION

18  RESPONDING PARTIES:      Plaintiff, ANGELA D. ESPINOSA

19  SET NO.:                 ONE (1)

20  **RESPONSE TO INTERROGATORY NO. 1:**

21          Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

22  § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to

23  defendant's asbestos-containing products.

24  **RESPONSE TO INTERROGATORY NO. 2:**

25          Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

26  §2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos

27  from asbestos cement pipe and asbestos cement pipe accessories supplied, distributed and/or

28  installed by defendant while employed as laborer for C.R. Fedrick, Inc. from approximately 1974

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  to 1979. During this employment, plaintiff Edward Espinosa worked on the Redwood County

2  Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment

3  plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiff cannot be more

4  specific regarding job sites and years. Sully-Miller had part of the domestic water contract on this

5  job, and as part of that project purchased and installed asbestos cement pipe and asbestos cement

6  pipe accessories in the 1977-1978 time period.

7  **RESPONSE TO INTERROGATORY NO. 3:**

8      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

9  §2030.220(c), plaintiff responds:  Decedent Edward Espinosa may have been exposed to asbestos

10  from asbestos cement pipe and asbestos cement pipe accessories supplied, distributed and/or

11  installed by defendant while employed as laborer for C.R. Fedrick, Inc. from approximately 1974

12  to 1979. During this employment, plaintiff Edward Espinosa worked on the Redwood County

13  Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment

14  plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiff cannot be more

15  specific regarding job sites and years. Sully-Miller had part of the domestic water contract on this

16  job, and as part of that project purchased and installed asbestos cement pipe and asbestos cement

17  pipe accessories in the 1977-1978 time period.

18  **RESPONSE TO INTERROGATORY NO. 4:**

19      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

20  §2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos

21  from asbestos cement pipe and asbestos cement pipe accessories supplied, distributed and/or

22  installed by defendant while employed as laborer for C.R. Fedrick, Inc. from approximately 1974

23  to 1979. During this employment, plaintiff Edward Espinosa worked on the Redwood County

24  Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment

25  plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiff cannot be more

26  specific regarding job sites and years. Sully-Miller had part of the domestic water contract on this

27  job, and as part of that project purchased and installed asbestos cement pipe and asbestos cement

28  pipe accessories in the 1977-1978 time period.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1686477.1

2

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects that this interrogatory is oppressive, burdensome and seeks equally available information to the extent that defendant's definition of "IDENTIFY" is applied to equally available documents. Based on a reasonable and good faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds: Plaintiff identifies Plaintiff's Responses to Wrongful Death Joint Defense Interrogatories and all exhibits attached thereto, decedent's medical records; Bennie Espinosa's Social Security Records previously produced to Spanos-Przetak; to the documents produced pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to Redwood Valley (produced to Spanos Przetak on April 12, 2016); the deposition of Edward Espinosa taken August 22, 24-26, 2016 and again on September 26, 2016 in *Edward M. Espinosa and Angela D. Espinosa v. CertainTeed Corporation, et al.,* Alameda County Superior Court No. RG15797638, reported by Aiken & Welch (510) 451-1580;  the deposition testimony of defendant's employees: Sagel A. Simon, taken November 21-23, November 25-26, 2013 and December 3-5, 2013 in *Sagel A. Simon and Brenda R. Simon v. Calaveras Asbestos, LTD*, et al., LASC Case No. BC520591, reported by HG Litigation Services 1-888-656-3376, Jaime Gonzalez, taken March 1 and 15, 2014 in *Sagel A. Simon and Brenda R. Simon v. Calaveras Asbestos, LTD*, et al., LASC Case No. BC520591, reported by HG Litigation Services 1-888-656-3376, Tony Baiz, taken on March 4, 2014 in *Sagel A. Simon and Brenda R. Simon v. Calaveras Asbestos, LTD*, et al., LASC Case No. BC520591, reported by HG Litigation Services 1-888-656-3376; defendant's responses to Standard Interrogatories to Defendants (GO 29 and 129) in In re San Francisco County Complex Asbestos Litigation; defendant's prior responses to Alameda County Dieden Interrogatories; and defendant's prior discovery responses and documents produced in asbestos litigation throughout the United States; and the documents attached as Exhibit A to plaintiff's Responses to defendant's Demand for Inspection and Production of Documents, Set One, served herewith.

All of these documents are in the possession of or equally available to defendant.  Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and as the burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1686477.1

3

1   plaintiff refers defendant to C.C.P. §2030.230.

2   **RESPONSE TO INTERROGATORY NO. 6:**

3       Plaintiff objects that this interrogatory violates the attorney work-product doctrine in that it

4   necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht &*

5   *Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217.  Based on a reasonable and good

6   faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any

7   objection, plaintiff responds: Decedent Edward Espinosa; Benjamin Espinosa (deceased); all

8   medical professionals identified in decedent Edward Espinosa's medical records for treatment of

9   his mesothelioma; Sully Miller's former and current officers, directors and employees, and all

10  persons responsible for the purchase and installation of defendant's asbestos-containing products;

11  and other manufacturers, distributors and/or suppliers of defendant's asbestos-containing products,

12  and the custodian of records, corporate officers, managers, sales personnel and other employees

13  responsible for distribution, sales and installation of defendant's asbestos-containing products.

14  **RESPONSE TO INTERROGATORY NO. 7:**

15      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

16  § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to

17  defendant's asbestos-containing products.

18  **RESPONSE TO INTERROGATORY NO. 8:**

19      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

20  § 2030.220(c), plaintiff responds: Defendant Republic Supply did business in California from

21  1911-1992, and was a supplier, seller and/or distributor of asbestos cement pipe and asbestos

22  cement pipe accessory products to piping subcontractors and municipal water districts, including

23  CertainTeed brand asbestos cement pipe and asbestos cement pipe accessory products.  Decedent

24  Edward Espinosa may have been exposed to asbestos from asbestos cement pipe and asbestos

25  cement pipe accessories sold, supplied and/or distributed by defendant. Plaintiff cannot be more

26  specific at this time.

27  **RESPONSE TO INTERROGATORY NO. 9:**

28      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1    § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos

2    from asbestos cement pipe and asbestos cement pipe accessories sold, supplied and/or distributed

3    by defendant through his father Bennie Espinosa's work at job site(s) in the Tahoe area in 1971

4    and/or 1972 (plaintiff cannot be more specific) and through his own work on Westlands Water

5    District jobs installing irrigation pipe and systems, Fresno and King Counties, California

6    (approximately 1974-1976/1977) and the Redwood County Valley Water District job installing

7    water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California

8    (approximately 1976/1977-1978). Plaintiff cannot be more specific regarding job sites and years.

9    **RESPONSE TO INTERROGATORY NO. 10:**

10       Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

11   § 2030.220(c), plaintiff responds: Tahoe area—during the summers of 1971 and 1972; Westlands

12   Water District job- approximately 1974-1976/1977 and Redwood County Valley Water District

13   job –approximately 1976/1977-1978.  Plaintiff cannot be more specific regarding time frames.

14   **RESPONSE TO INTERROGATORY NO. 11:**

15       Plaintiff objects that this interrogatory is oppressive, burdensome and seeks equally

16   available information to the extent that defendant's definition of "IDENTIFY" is applied to

17   equally available documents. Based on a reasonable and good faith effort to obtain responsive

18   information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds:

19   Plaintiff identifies Plaintiff's Responses to Wrongful Death Joint Defense Interrogatories and all

20   exhibits attached thereto; decedent's medical; Bennie Espinosa's Social Security Records

21   previously produced to Spanos-Przetak; the documents produced pursuant to plaintiff's, Keenan

22   Properties' and CertainTeed Corporation's subpoenas to Redwood Valley (produced to Spanos

23   Przetak on April 12, 2016); the documents produced pursuant to plaintiff's, Keenan Properties'

24   and CertainTeed Corporation's subpoenas to Westlands (produced to Spanos Przetak on April 29

25   and May 18, 2016); and to the documents attached as Exhibits B-C to plaintiff's Responses to

26   defendant's Requests for Production, served herewith; the deposition of Edward Espinosa taken

27   August 22, 24-26, 2016 and again on September 26, 2016 in *Edward M. Espinosa and Angela D.*

28   *Espinosa v. CertainTeed Corporation, et al.,* Alameda County Superior Court No. RG15797638,

1686477.1

5

reported by Aiken & Welch (510) 451-1580; Republic Supply's Responses to Standard ("Dieden") Interrogatories in *Strouse v. A.W. Chesterton Company, et al.*, Alameda County Superior Court Case No. RG13671981, *Paris v. A.W. Chesterton Company, et al.*, Alameda County Superior Court Case No. RG08383049, and *Martinez v. A.B. Boyd Company, et al.*, Alameda County Superior Court Case No. RG03102479; plaintiff further identifies the depositions and all exhibits attached thereto of defendant's former employees: Ronald Bender, taken October 9, 1997 in *Pruitt v. Asbestos Defendants (BHC)*, San Francisco Superior Court Case No. 981296, reported by Susan R. Wood, CSR No. 6829, Wood & Randall (805)395-1050; Joseph Sortais, taken February 19, 1993 in *Gill v. Abex Corporation, et al.*, San Francisco Superior Court Case No. 943114, reported by Shelly Pedrioli-Yaron, CSR No. 7884, Tooker & Antz (415)392-0650; Khaled Taqi-Eddin, taken January 16, 2016 in *Aman v. CertainTeed Corporation, et al.*, San Joaquin County Superior Court Case No. 39-2015-00327476-CU-PO-STK, reported by Jerali Swagerty, CSR No. 5110, HG Litigation Services, www.HGLitigation.com; John Van Kirk, taken April 15, 1993 in *Barnhill v. Abex Corporation, et al.*, San Francisco Superior Court Case No. 946387, reported by Denise L. Doucette, CSR No. 5963, Doucette Legal Services (707)554-9970; and defendant's Responses to plaintiffs' Standard Interrogatories to Defendants (GO 29 and 129) in *In re San Francisco County Complex Asbestos Litigation* and to Alameda County Dieden Interrogatories; and all of defendant's previous discovery responses and documents, including sales ledgers, produced in asbestos litigation throughout the United States including those cases in which the above-referenced depositions occurred.

All of these documents are in the possession of or equally available to defendant. Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and as the burden or expense of preparing such would be substantially the same for plaintiff as for defendant, plaintiff refers defendant to C.C.P. §2030.230.

## RESPONSE TO INTERROGATORY NO. 12:

Plaintiff objects that this interrogatory violates the attorney work-product doctrine in that it necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht & Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217. Based on a reasonable and good

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax (510) 835-4913 • www.kazanlaw.com

1   faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any

2   objection, plaintiff responds: decedent Edward Espinosa, Bennie Espinosa (deceased), all medical

3   professionals identified in decedent Edward Espinosa's medical records for treatment of his

4   mesothelioma; and Republic Supply's employees/agents Ronald Bender, William Johnson, John

5   Van Kirk, Joseph Sortais and Khaled Taqi-Eddin (presumably c/o Foley & Mansfield,

6   whereabouts otherwise unknown).

7          All identified documents are in the possession of or equally available to defendant.

8   Plaintiffs have prepared no compilation, abstract, audit, or summary of or from these documents,

9   and as the burden or expense of preparing such would be substantially the same for plaintiffs as

10  for defendant, and the documents are equally available, plaintiffs refer defendant to C.C.P. §

11  2030.230.

12  **RESPONSE TO INTERROGATORY NO. 13:**

13          Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

14  § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to

15  defendant's asbestos-containing products.

16  **RESPONSE TO INTERROGATORY NO. 14:**

17          Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

18  § 2030.220(c), plaintiff responds: Defendant, formerly known as Keenan Pipe & Supply Company

19  and Keenan Supply, Inc., has done business in the State of California since 1933, and incorporated

20  in said state since 1947. Defendant sold, supplied and/or distributed CertainTeed (from

21  approximately the late 1960s-early 1970s) and Johns-Manville (approximately 1970-1980)

22  asbestos cement pipe and asbestos cement pipe accessory products.  Decedent Edward Espinosa

23  may have been exposed to asbestos from asbestos cement pipe and asbestos cement pipe

24  accessories sold, supplied and/or distributed by defendant.

25  **RESPONSE TO INTERROGATORY NO. 15:**

26          Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

27  § 2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos

28  from asbestos cement pipe and asbestos cement pipe accessories sold, supplied and/or distributed

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1 by defendant through his father Bennie Espinosa's work at job site(s) in the Tahoe area in 1971

2 and/or 1972 (plaintiff cannot be more specific) and through his own work on Westlands Water

3 District jobs installing irrigation pipe and systems, Fresno and King Counties, California

4 (approximately 1974-1976/1977) and the Redwood County Valley Water District job installing

5 water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California

6 (approximately 1976/1977-1978).  Plaintiff cannot be more specific regarding job sites and years.

7 **RESPONSE TO INTERROGATORY NO. 16:**

8     Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

9 § 2030.220(c), plaintiff responds: Tahoe area—during the summers of 1971 and 1972; Westlands

10 Water District job- approximately 1974-1976/1977 and Redwood County Valley Water District

11 job –approximately 1976/1977-1978.  Plaintiff cannot be more specific regarding time frames.

12 **RESPONSE TO INTERROGATORY NO. 17:**

13     Plaintiff objects that this interrogatory is oppressive, burdensome and seeks equally

14 available information to the extent that defendant's definition of "IDENTIFY" is applied to

15 equally available documents. Based on a reasonable and good faith effort to obtain responsive

16 information under C.C.P. § 2030.220(c), plaintiff responds: Plaintiff identifies plaintiff's

17 Responses to Wrongful Death Joint Defense Interrogatories and all exhibits attached thereto;

18 decedent's medical; Bennie Espinosa's Social Security Records previously produced to Spanos-

19 Przetak; Plaintiffs' Responses to Defendant  Keenan Properties, Inc.'s Special Interrogatories to

20 Plaintiffs, Set One and all exhibits attached thereto served on September 24, 2018; the documents

21 produced pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to

22 Redwood Valley (produced to Spanos Przetak on April 12, 2016); the documents produced

23 pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to Westlands

24 (produced to Spanos Przetak on April 29 and May 18, 2016); the deposition of Edward Espinosa

25 taken August 22, 24-26, 2016 and again on September 26, 2016 in *Edward M. Espinosa and*

26 *Angela D. Espinosa v. CertainTeed Corporation, et al.,* Alameda County Superior Court No.

27 RG15797638, reported by Aiken & Welch (510) 451-1580; the depositions and all exhibits

28 attached thereto of defendant's agents/representatives: Timothy Garfield, taken February 12, 2009

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1686477.1

8

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  in *Brunald v. A.W. Chesterton, Inc., et al.*, Alameda County Superior Court Case No.

2  RG07359353, reported by Cheryl Wilder, CSR No. 7805, Tooker & Antz (415)392-0650, August

3  2, 2011 in *Contreras v. Advocate Mines Ltd., et al.*, Los Angeles County Superior Court Case No.

4  BC428494, reported by Michelle Bailey, CSR No. 10713, HG Litigation Services (310)414-9460,

5  and September 21, 2011 in *Quintino v. A.W. Chesterton Company, et al.*, Alameda County

6  Superior Court Case No. RG08410471, reported by James Matthews, CSR No. 7916, Tooker &

7  Antz (415)392-0650; Fred Keenan, taken January 29 and March 31, 1998 in *Drader v. Abex*

8  *Corporation, et al.*, San Francisco Superior Court Case No. 968883, reported by Karen Klein,

9  CSR No. 5368, Ludwig Court Reporters (800)540-0681, June 2-3 and August 10, 1999 in *In Re:*

10  *Complex Asbestos Litigation*, San Francisco Superior Court Case No. 828684, reported by

11  Catherine Ponicsan, CSR No. 8271 and Karen Klein, CSR No. 5368, Ludwig Klein Court

12  Reporters (800)540-0681, and March 28, 2001 in *Smith v. A.P. Green Industries, et al.*, San

13  Francisco Superior Court Case No. 315105, reported by Brenda Hill, CSR No. 10704, Ludwig

14  Klein Court Reporters (800)540-0681; George LaBollita, taken February 28, 2003 in *Forbes v.*

15  *ACandS, Inc., et al.*, San Francisco Superior Court Case No. 413043, reported by Carrie Morgan,

16  CSR No. 9842, Cerda & Morgan (800)752-0225; Daniel Nagle, taken February 11, 2003 in

17  *Forbes v. ACandS, Inc., et al.*, San Francisco Superior Court Case No. 413043, reported by Sarah

18  Foss, CSR No. 9559, Ludwig Klein Reporters (800)540-0681; Lillemor Safai, taken February 11,

19  2003 in *Forbes v. ACandS, Inc., et al.*, San Francisco Superior Court Case No. 413043, reported

20  by Karen Klein, CSR No. 5368, Ludwig Klein Court Reporters (800)540-0681; the deposition and

21  all exhibits attached thereto of defendant CertainTeed's agent/representative Lloyd Ambler, taken

22  December 18, 2007 in *Dye v. Borg-Warner Corporation, et al.*, Los Angeles Superior Court Case

23  No. BC359929, reported by April Eichelberger, CSR No. 13104; Keenan Properties' Responses to

24  plaintiffs' Standard Interrogatories to Defendants (GO 29 and 129) in *In re San Francisco County*

25  *Complex Asbestos Litigation* and to Alameda County Dieden Interrogatories; and all of

26  defendant's previous discovery responses and documents, including sales ledgers, produced in

27  asbestos litigation throughout the United States including those cases in which the above-

28  referenced depositions occurred; and CertainTeed Corporation's Responses to the Alameda

1686477.1                                          9

1   County Dieden Interrogatories in *Espinosa v. CertainTeed Corporation, et al.*, Alameda County

2   Superior Court Case No. RG15797638 served February 1, 2016.

3        All of these documents are in the possession of or equally available to defendant.  Plaintiff

4   has prepared no compilation, abstract, audit, or summary of or from these documents, and as the

5   burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

6   plaintiff refers defendant to C.C.P. §2030.230.

7   **RESPONSE TO INTERROGATORY NO. 18:**

8        Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

9   §2030.220(c), plaintiff responds: Plaintiff identifies decedent Edward Espinosa, Bennie Espinosa

10  (deceased), and all medical professionals identified in decedent Edward Espinosa's medical

11  records for treatment of his mesothelioma; defendant's agents/representatives Timothy Garfield,

12  Fred Keenan, George LaBollita, Daniel Nagle, and Lillemor Safai. (all presumably c/o CMBG3

13  Law LLC, whereabouts otherwise unknown); and CertainTeed Corporation's

14  agents/representatives Lloyd Ambler, Charles Blakinger and Michael Starczewski (all presumably

15  c/o Schiff Hardin, whereabouts otherwise unknown).

16  **RESPONSE TO INTERROGATORY NO. 19:**

17       Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

18  §2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to

19  defendant's asbestos-containing products.

20  **RESPONSE TO INTERROGATORY NO. 20:**

21       Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

22  §2030.220(c), plaintiff responds: Since the early 1950s, defendant Allied Packing & Supply, Inc.

23  was a supply house in San Francisco and Wilmington, CA. Defendant marketed, sold, supplied

24  and distributed various types of asbestos-containing gaskets and packing material manufactured by

25  various manufacturers to various entities, including water districts, and other users in California.

26  Decedent Edward Espinosa may have been exposed to defendant's asbestos-containing gaskets

27  and packing materials.  For more specific information regarding defendant's asbestos-containing

28  products, plaintiff refers defendant to the deposition of Ulrik Motzfeldt taken May 8, 1995 in

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1  *Christian v. Abex Corporation, et al.*, San Francisco Superior Court Case No. 955035, reported by

2  Leilani Sacco, CSR No. 5507, Tooker & Antz (415)392-0650.

3       All of these documents are in the possession of or equally available to defendant.  Plaintiff

4  has prepared no compilation, abstract, audit, or summary of or from these documents, and as the

5  burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

6  plaintiff refers defendant to C.C.P. §2030.230.

7  **RESPONSE TO INTERROGATORY NO. 21:**

8       Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

9  §2030.220(c), plaintiff responds: Decedent Edward Espinosa may have been exposed to asbestos

10  from defendant's asbestos-containing gaskets and packing materials sold, supplied and/or

11  distributed by defendant through his father Bennie Espinosa's work at job site(s) in the Tahoe area

12  in 1971 and/or 1972 (plaintiff cannot be more specific) and through his own work on Westlands

13  Water District jobs installing irrigation pipe and systems, Fresno and King Counties, California

14  (approximately 1974-1976/1977) and the Redwood County Valley Water District job installing

15  water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California

16  (approximately 1976/1977-1978).  Plaintiff cannot be more specific regarding job sites and years.

17  **RESPONSE TO INTERROGATORY NO. 22:**

18       Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

19  § 2030.220(c), plaintiff responds: Tahoe area—during the summers of 1971 and 1972; Westlands

20  Water District job- approximately 1974-1976/1977 and Redwood County Valley Water District

21  job –approximately 1976/1977-1978.  Plaintiff cannot be more specific regarding time frames.

22  **RESPONSE TO INTERROGATORY NO. 23:**

23       Plaintiff objects that this interrogatory is oppressive, burdensome and seeks equally

24  available information to the extent that defendant's definition of "IDENTIFY" is applied to

25  equally available documents. Based on a reasonable and good faith effort to obtain responsive

26  information under C.C.P. § 2030.220(c), and without waiving any objection, plaintiff responds:

27  Plaintiff identifies Plaintiff's Responses to Wrongful Death Joint Defense Interrogatories and all

28  exhibits attached thereto; decedent's medical records; Bennie Espinosa's Social Security Records

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1686477.1

11

1  previously produced to Spanos-Przetak; to the documents produced pursuant to plaintiff's, Keenan

2  Properties' and CertainTeed Corporation's subpoenas to Redwood Valley (produced to Spanos

3  Przetak on April 12, 2016), and to the documents produced pursuant to plaintiff's, Keenan

4  Properties' and CertainTeed Corporation's subpoenas to Westlands (produced to Spanos Przetak

5  on April 29 and May 18, 2016); the deposition of Edward Espinosa taken August 22, 24-26, 2016

6  and again on September 26, 2016 in in *Edward M. Espinosa and Angela D. Espinosa v.*

7  *CertainTeed Corporation, et al.,* Alameda County Superior Court No. RG15797638, reported by

8  Aiken & Welch (510) 451-1580; the transcripts of proceedings of Stephen Woodbury taken

9  January 9, 2013, in *Mary Valdez, et al. v. A.W. Chesterton., et al.* SFSC No. CGC10-275525,

10  reported by Debby Clary, CSR No. 9705, Tooker & Antz (415)392-0650;  the deposition of Steve

11  Woodbury, taken September 5, 2018 in *Lloy Young v. Chevron USA, Inc., et al.* Alameda County

12  Case No. RG18897651, reported by Kimberly R. Hendershott, Aiken Welch (510) 451-1580;

13  the testimony of defendant's employees:  Ulrik Motzfeldt, taken May 8, 1995 in *Christian v. Abex*

14  *Corporation, et al.*, San Francisco Superior Court Case No. 955035, reported by Leilani Sacco,

15  CSR No. 5507, Tooker & Antz (415)392-0650, and January 9, 2002 in *Nelson v. ACandS, Inc., et*

16  *al.*, Alameda County Superior Court Case No. 842457-0, reported by Carol Schilp, CSR No. 9648,

17  Aiken & Welch (510)451-1580; Howard Day, declaration of January 11, 2002 in *Nelson v.*

18  *ACandS, Inc., et al.*, Alameda County Superior Court Case No. 842457-0; Angela Espinosa's

19  Responses to Allied Fluid Products Corp.'s written discovery, served on August 6, 2018;

20  Christopher Espinosa's Responses to Allied Fluid Products Corp.'s written discovery, served on

21  August 6, 2018; Trista Haggard's Responses to Allied Fluid Products Corp.'s written discovery,

22  served on August 6, 2018; defendant's responses to Standard Interrogatories to Defendants (GO

23  29 and 129) in In re San Francisco County Complex Asbestos Litigation; defendant's prior

24  responses to Alameda County Dieden Interrogatories; and defendant's prior discovery responses

25  and documents produced in asbestos litigation throughout the United States.

26      All of these documents are in the possession of or equally available to defendant.  Plaintiff

27  has prepared no compilation, abstract, audit, or summary of or from these documents, and as the

28  burden or expense of preparing such would be substantially the same for plaintiff as for defendant,

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1686477.1

12

1  plaintiff refers defendant to C.C.P. §2030.230.

2  **RESPONSE TO INTERROGATORY NO. 24:**

3      Plaintiff objects that this interrogatory violates the attorney work-product doctrine in that it

4  necessarily seeks a list of potential witnesses whom have been interviewed by counsel. *Nacht &*

5  *Lewis Architects v. Sup. Ct.*, (1996) 47 Cal.App.4th 214, 217.  Based on a reasonable and good

6  faith effort to obtain responsive information under C.C.P. § 2030.220(c), and without waiving any

7  objection, plaintiff responds:  Decedent Edward Espinosa; Benjamin Espinosa (deceased); and all

8  medical professionals identified in decedent Edward Espinosa's medical records for treatment of

9  his mesothelioma; defendant's former and current officers, directors and employees, including but

10  not limited to Ulrik Motzfeldt, Howard Day, and Stephen Woodbury; and all persons responsible

11  for the distribution, sales and installation of defendant's asbestos-containing products; and other

12  manufacturers, distributors and/or suppliers of defendant's asbestos-containing products, and the

13  custodian of records, corporate officers, managers, sales personnel and other employees

14  responsible for distribution, sales and installation of defendant's asbestos-containing products.

15      All of these documents are in the possession of or equally available to defendant.

16  Plaintiff has prepared no compilation, abstract, audit, or summary of or from these documents, and

17  as the burden or expense of preparing such would be substantially the same for plaintiff as for

18  defendant, plaintiff refers defendant to C.C.P. §2030.230.

19  **RESPONSE TO INTERROGATORY NO. 25:**

20      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

21  § 2030.220(c), plaintiff responds:  No.

22  **RESPONSE TO INTERROGATORY NO. 26:**

23      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

24  § 2030.220(c), plaintiff responds: As plaintiff does not contend that decedent Edward Espinosa

25  was so exposed, plaintiff has no information responsive to this interrogatory.

26  **RESPONSE TO INTERROGATORY NO. 27:**

27      Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

28  § 2030.220(c), plaintiff responds: As plaintiff does not contend that decedent Edward Espinosa

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1686477.1

13

1  was so exposed, plaintiff has no information responsive to this interrogatory.

2  **RESPONSE TO INTERROGATORY NO. 28:**

3        Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

4  § 2030.220(c), plaintiff responds:  As plaintiff does not contend that decedent Edward Espinosa

5  was so exposed, plaintiff has no information responsive to this interrogatory.

6  **RESPONSE TO INTERROGATORY NO. 29:**

7        Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

8  § 2030.220(c), plaintiff responds: As plaintiff does not contend that decedent Edward Espinosa

9  was so exposed, plaintiff has no information responsive to this interrogatory.

10  **RESPONSE TO INTERROGATORY NO. 30:**

11        Based on a reasonable and good faith effort to obtain responsive information under C.C.P.

12  § 2030.220(c), plaintiff responds: As plaintiff does not contend that decedent Edward Espinosa

13  was so exposed, plaintiff has no information responsive to this interrogatory.

14  DATED:  October 22, 2018                     KAZAN, McCLAIN, SATTERLEY & GREENWOOD
                                                                            A Professional Law Corporation

16

17                                                      By: _____
                                                                            John L. Langdoc
18                                                                      Denise R. Smith
19                                                      Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1686477.1

14

1

## **PROOF OF SERVICE**

2

*Angela D. Espinosa, et al. v. Certainteed Corporation, et al.*
**Alameda County Superior Court Case No. RG18893674**

3

4      At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of Alameda, State of California.  My business address is Jack London
Market, 55 Harrison Street, Suite 400, Oakland, CA 94607.

5

6      On October 22, 2018, I served true copies of the following document(s) described as:

PLAINTIFFS RESPONSES TO DEFENDANT CERTAINTEED CORPORATION
SPECIAL INTERROGATORIES TO PLAINTIFFS (SET ONE) TRISTA HAGGARD

7

8      PLAINTIFFS RESPONSES TO DEFENDANT CERTAINTEED CORPORATION
REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS ( SET ONE) -TRISTA
HAGGARD

9

10      on the interested parties in this action as follows:

11                           **SEE ATTACHED SERVICE LIST**

12      **BY ELECTRONIC SERVICE:**  I electronically served the document(s) described above
via File & ServeXpress, on the recipients designated on the Transaction Receipt located on the
File & ServeXpress website (https://secure.fileandservexpress.com) pursuant to the Court Order
establishing the case website and authorizing service of documents.

13

14

15      I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

16      Executed on October 22, 2018, at Oakland, California.

17

18                                                          _____
                                                             Angelo Hunt

19

20

21

22

23

24

25

26

27

28

Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1



62632143
Nov 05 2018
01:43PM

1

**VERIFICATION**

2

***ANGELA D. ESPINOSA, et al.***
**Case No. RG18893674**

3

4

I have read the following and know its contents:

5

**PLAINTIFFS RESPONSES TO DEFENDANT CERTAINTEED CORPORATION**
**SPECIAL INTERROGATORIES TO PLAINTIFFS (SET ONE)**

6

**PLAINTIFFS RESPONSES TO DEFENDANT CERTAINTEED CORPORATION**
**REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS (SET ONE)**

7

8

I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

9

10

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

11

Executed on October 16, 2018, at Raeford, North Carolina

12

13

14

Angela D. Espinosa

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kazan, McClain, Satterley & Greenwood

A Professional Law Corporation

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

**PROOF OF SERVICE**

*Angela D. Espinosa, et al. v. Certainteed Corporation, et al.*
**Alameda County Superior Court Case No. RG18893674**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Alameda, State of California.  My business address is Jack London Market, 55 Harrison Street, Suite 400, Oakland, CA 94607.

On November 5, 2018, I served true copies of the following document(s) described as:

**Verification:**

**Plaintiffs Responses to Defendant Certainteed Corporation Special Interrogatories to Plaintiffs set one;**

**Plaintiffs Responses to Defendant Certainteed Corporation Request for Production of documents to Plaintiffs set one**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY ELECTRONIC SERVICE:**  I electronically served the document(s) described above via File & ServeXpress, on the recipients designated on the Transaction Receipt located on the File & ServeXpress website (https://secure.fileandservexpress.com) pursuant to the Court Order establishing the case website and authorizing service of documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 5, 2018, at Oakland, California.

Angelo Hunt

**Kazan, McClain, Satterley & Greenwood**
A Professional Law Corporation
Jack London Market • 55 Harrison Street, Suite 400 • Oakland, California 94607
(510) 302-1000 • Fax: (510) 835-4913 • www.kazanlaw.com

1