EXHIBIT "6"

# ESPINOSA, ANGELA ET AL.
## EVIDENCE CHART

SULLY-MILLER: "Decedent Edward Espinosa may have been exposed to asbestos from asbestos cement pipe and asbestos cement pipe accessories supplied, distributed and/or installed by defendant while employed as laborer for C.R. Fedrick, Inc. from approximately 1974 to 1979.  During this employment, plaintiff Edward Espinosa worked on the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978).  Plaintiff cannot be more specific regarding job sites and years.  Sully-Miller had part of the domestic water contract on this job, and as part of that project purchased and installed asbestos cement pipe and asbestos cement pipe accessories in the 1977-1978 time period."

| ALLEGED EVIDENCE : SULLY-MILLER | REBUTTAL FOR ALLEGED PRODUCT IDENTIFICATION | SOURCE |
|---|---|---|
| **Documents:** | | |
| Plaintiffs Responses to Wrongful Death Joint Defense Interrogatories and all exhibits attached thereto | Plaintiffs' Responses to Wrongful Death Joint Defense Interrogatories do not provide specific information about product identification. Instead, Plaintiffs list decedent's employers and state whether Plaintiffs claim exposure to asbestos. For C.R. Fedrick, Inc., Plaintiffs state that decedent was an employee from 1971-1979, and "Decedent worked with and around others cutting and laying piping underground, including asbestos cement pipe, setting grades for trenches, and packing around pipelines. Plaintiff does claim exposure to asbestos at this employment."<br>The exhibits thereto include decedent's death certificate, numerous CertainTeed invoices (none of which mention the other defendants in this matter), C.R. Fedrick, Inc. records (none of which mention the other defendants in this matter), decedent's Social Security Records, and decedent's Form 1040 for his lawn business, from 2010-2014. None of these exhibits provide evidence that any co-defendants in this matter exposed decedent to asbestos. | Declaration of Emily K. Ayers ("Ayers Decl."), Exh. A (Plaintiff's Responses to Wrongful Death Joint Defense Interrogatories, served on 7/20/2018, at 13:25-28). |
| Decedent's medical records | Decedent Edward Espinosa's medical records do not provide information about products or brand names that he allegedly worked with or around. These medical records include: Edward Espinosa's medical records from Carolina Urgent & Family Care (Tag 5, 7); Plaintiff Edward Espinosa's medical records from Sparks Regional Medical Center Fort Smith (Tag 8, 10, 11, 22); Plaintiff Edward Espinosa's medical records from Duke Cancer Center (Tag 12, 14, 15, 23, 35); Plaintiff Edward Espinosa's medical records from Mayo Clinic Hospital - Scottsdale Campus (Tag 16); Plaintiff Edward Espinosa's medical records from Levine Cancer Institute (Tag 41, 46, 49); Plaintiff Edward Espinosa's medical records from Carolinas | Ayers Decl., Exh. B |

USW 805167073.1

## ESPINOSA, ANGELA ET AL.

### EVIDENCE CHART

|  |  |  |
| --- | --- | --- |
|  | Hematology Oncology (Tag 48); Plaintiff Edward Espinosa's billing records from Carolina Urgent & Family Care (Tag 6); Plaintiff Edward Espinosa's billing records from Sparks Regional Medical Center Fort Smith (Tag 9, 32); Plaintiff Edward Espinosa's billing records from Duke Cancer Center (Tag 13, 36); Plaintiff Edward Espinosa's billing records from Carolinas Hematology Oncology (Tag 47). |  |
| Bennie Espinosa's Social Security Records previously produced to Spanos-Przetak | Benjamin Espinosa is deceased, and did not sign any declaration or affidavit regarding this matter, and was never deposed. Moreover, while Benjamin Espinosa's Social Security Records reflect that he was employed by various C. R. Fedrick entities from the late-1950s to the early 1980s (C. R. Fedrick, Inc., 1958, 1959, 1962-1970, 1972-1980; C. R. Fedrick, Inc. & M M Sundt Construction Co., 1967-1972; C. R. Fedrick, Inc. and R D Moore Construction Company Inc., 1979-1980), these records do not provide information about products or brand names that Benjamin Espinosa allegedly worked with or around. | Ayers Decl., Exh. C |
| The documents produced pursuant to plaintiffs, Keenan Properties' and CertainTeed Corporation's subpoenas to Redwood Valley (produced to Spanos Przetak on April 12, 2016) | Although the Redwood Valley County Water District ("RVWD") records to relate to the Redwood Valley Water Project, including during the years of 1976-1978, Sully Miller's work on that project was different in location and time from C. R. Federick's work on that project. The spatial and temporal separation of the work of Fredrick and Sully-Miller is consistent with Mr. Espinosa's testimony that he never saw workers from any employer other than Fedrick while working on the Project. Therefore, the RVWD records are not sufficient to present a claim by Espinosa against Sully-Miller. | Ayers Decl., Exh. D;  Ayers Decl., Exh. E, Deposition of Edward Espinosa, Vol. 4, at p. 799:20-24; Declaration of  John D. Osteraas, ¶¶ 10-16. |
| The deposition of Edward Espinosa taken August 22, 24-26, 2016 and again on September 20, 2016 in *Edward M Espinosa and Angela D. Espinosa v. CertainTeed Corporation, et al.*, Alameda County Superior Court No. RG15797638 | On August 25, 2016, during Mr. Espinosa's deposition, his counsel stipulated that "Mr. Espinosa will not have product identification testimony" with respect to several defendants, including Sully-Miller. | Ayers Decl., Exh. E, Deposition of Edward Espinosa,  Vol. 3, 8/25/16, at 409:6-20. |
| The deposition testimony of defendant's employees:  Sagel A. Simon, taken November 21-23, November 25-26, 2013 and December 3-5, 2013 in *Sagel A. Simon and Brenda R. Simon v. Calaveras Asbestos, LTD, et al.*, LASC Case No. BC520591, reported by HG Litigation | Mr. Sagle's  testimony relates to worksites in Southern California.  In Vol.2 he mentions San Jose, Oxnard, and Port Hueneme but nothing about the other sites in Northern California (447:13-449:23). In Volume 7 (1522:18-21) when asked where he worked while employed at Sully-Miller he says "All over Southern California and some areas of Northern California." but does not identify any of the locations at issue as to Sully-Miller. | Ayers Decl., Exhs. F and XX |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | | |
|---|---|---|
| Services 1-888-656-3376,. | In addition, according to CertainTeed investigation, Ms. Simon passed away on August 20, 2014. | |
| The deposition testimony of defendant's employees:  Jaime Gonzalez, taken March 1 and 15, 2014 in *Sagel A.Simon and Brenda R. Simon v. Calaveras Asbestos, LTD, et al.*, LASC Case No. BC520591, | Mr. Gonzalez testifies about work in Southern California, specifically during 1971-1995 with no mention of the locations at issue as to Sully-Miller. | Ayers Decl., Exh. G. |
| The deposition testimony of defendant's employees:  Tony Baiz, taken on March 4, 2014 in *Sagel A. Simon and Brenda R. Simon v. Calaveras Asbestos, LTD, et al.*, LASC Case No. BC520591 | Mr. Baiz did not mention of any work performed in Northern California, and, therefore, did not mention any of the locations at issue as to Sully-Miller. | Ayers Decl., Exh. H. |
| Defendant's responses to Standard Interrogatories to Defendants (GO 29 and 129) in In re San Francisco County Complex Asbestos Litigation; | Standard Interrogatories to Defendants, including General Order 29 and General Order 129, do not ask for information or documents related to any particular job site, including any job site at issue as to Sully-Miller in this action. | Ayers Decl., Exh. I |
| Defendant's prior responses to Alameda County Dieden Interrogatories | Alameda County Dieden Interrogatories to Defendants do not ask for information or documents related to any particular job site, including any job site at issue as to Sully-Miller in this action. | Ayers Decl., Exh. J |
| Defendant's prior discovery responses and documents produced in asbestos litigation throughout the United States | Plaintiffs' identification of all of Sully-Miller's "prior discovery responses and documents produced in asbestos litigation throughout the United States" is overbroad and vague.  Each answer in the response to an interrogatory must be "as complete and straightforward as the information reasonably available to the responding party permits." Code Civ. Proc., § 2030.220(a), (b).  If Plaintiffs possess a specific discovery response or document produced in another matter in the United States that contains evidence relating to  any job site at issue as to Sully-Miller in this action, they were obligated to identify such discovery response or document in discovery in this matter. | |
| The documents attached as Exhibit A to plaintiffs Responses to defendant's Demand for Inspection and Production of Documents, Set One | Although the documents attached as Exhibit A to plaintiffs Responses to defendant's Demand for Inspection and Production of Documents, Set One include invoices that relate to Sully-Miller, that project was in a different in location and time from C. R. Federick's work.  The spatial and temporal separation of the work of Fredrick and Sully-Miller is consistent with Mr. Espinosa's testimony that he never saw workers from any employer other than Fedrick while working on the Project. Therefore, the documents contained in Exhibit A to plaintiffs Responses to defendant's Demand for Inspection | Ayers Decl., Exh. K;  Ayers Decl., Exh. E, Deposition of Edward Espinosa, Vol. 4, at p. 799:20-24; Declaration of  John D. Osteraas, ¶¶ 10-16. |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | | |
|---|---|---|
| | and Production of Documents, Set One records are not sufficient to present a claim by Espinosa against Sully-Miller. | |
| **Witnesses:** | | |
| Decedent Edward Espinosa | On August 25, 2016, during Mr. Espinosa's deposition, his counsel stipulated that "Mr. Espinosa will not have product identification testimony" with respect to several defendants, including Sully-Miller. | Ayers Decl., Exh. E, Deposition of Edward Espinosa, Vol. 3, 8/25/16, at 409:6-20. |
| Benjamin Espinosa (deceased) | Benjamin Espinosa is deceased, and did not sign any declaration or affidavit regarding this matter, and was never deposed. | . |
| All medical professionals identified in decedent Edward Espinosa's medical records for treatment of his mesothelioma; | Decedent Edward Espinosa's medical records do not provide information about products or brand names that he allegedly worked with or around. These medical records include: Edward Espinosa's medical records from Carolina Urgent & Family Care (Tag 5, 7); Plaintiff Edward Espinosa's medical records from Sparks Regional Medical Center Fort Smith (Tag 8, 10, 11, 22); Plaintiff Edward Espinosa's medical records from Duke Cancer Center (Tag 12, 14, 15, 23, 35); Plaintiff Edward Espinosa's medical records from Mayo Clinic Hospital - Scottsdale Campus (Tag 16); Plaintiff Edward Espinosa's medical records from Levine Cancer Institute (Tag 41, 46, 49); Plaintiff Edward Espinosa's medical records from Carolinas Hematology Oncology (Tag 48); Plaintiff Edward Espinosa's billing records from Carolina Urgent & Family Care (Tag 6); Plaintiff Edward Espinosa's billing records from Sparks Regional Medical Center Fort Smith (Tag 9, 32); Plaintiff Edward Espinosa's billing records from Duke Cancer Center (Tag 13, 36); Plaintiff Edward Espinosa's billing records from Carolinas Hematology Oncology (Tag 47). Moreover, none of Plaintiffs' medical doctors were identified as product identification witnesses in the personal injury matter. | Ayers Decl., Exh. B |
| Sully-Miller's former and current officers, directors and employees, and all persons responsible for the purchase and installation of defendant's asbestos-containing products | Plaintiffs' identification of all of "Sully-Miller's former and current officers, directors and employees, and all persons responsible for the purchase and installation of defendant's asbestos-containing products" is overbroad and vague.  Each answer in the response to an interrogatory must be "as complete and straightforward as the information reasonably available to the responding party permits." Code Civ. Proc., § 2030.220(a), (b).  If Plaintiffs possess information about a particular witness who has knowledge or information relating to any job site at issue as to Sully-Miller in this action, they were obligated to identify such | |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | | |
|---|---|---|
| | discovery response or document in discovery in this matter. | |
| Other manufacturers, distributors and/or suppliers of defendant's asbestos-containing products, and the custodian of records, corporate officers, managers, sales personnel and other employees responsible for distribution, sales and installation of defendant's asbestos-containing products | Plaintiffs' identification of all  "Other manufacturers, distributors and/or suppliers of defendant's asbestos-containing products, and the custodian of records, corporate officers, managers, sales personnel and other employees responsible for distribution, sales and installation of defendant's asbestos-containing products" is overbroad and vague.  Each answer in the response to an interrogatory must be "as complete and straightforward as the information reasonably available to the responding party permits." Code Civ. Proc., § 2030.220(a), (b).  If Plaintiffs possess information about a particular witness who has knowledge or information relating to any job site at issue as to Sully-Miller in this action, they were obligated to identify such discovery response or document in discovery in this matter. | |

Republic Supply: "Decedent Edward Espinosa may have been exposed to asbestos from asbestos cement pipe and asbestos cement pipe accessories sold, supplied and/or distributed by defendant through his father Bennie Espinosa's work at job site(s) in the Tahoe area in 1971 and/or 1972 (plaintiff cannot be more specific) and through his own work on Westlands Water District jobs installing irrigation pipe and systems, Fresno and King Counties, California (approximately 1974-1976/1977) and the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978).  Plaintiff cannot be more specific regarding job sites and years."

| ALLEGED EVIDENCE: REPUBLIC SUPPLY | REBUTTAL FOR ALLEGED PRODUCT IDENTIFICATION | SOURCE |
|---|---|---|
| **Documents:** | | |
| Plaintiff's Responses to Wrongful Death Joint Defense Interrogatories and all exhibits attached thereto | Plaintiffs' Responses to Wrongful Death Joint Defense Interrogatories do not provide specific information about product identification. Instead, Plaintiffs list decedent's employers and state whether Plaintiffs claim exposure to asbestos. For C.R. Fedrick, Inc., Plaintiffs state that decedent was an employee from 1971-1979, and "Decedent worked with and around others cutting and laying piping underground, including asbestos cement pipe, setting grades for trenches, and packing around pipelines. Plaintiff does claim exposure to asbestos at this employment." The exhibits thereto include decedent's death certificate, numerous CertainTeed invoices (none of which mention Republic Supply), C.R. Fedrick, Inc. records (none of which mention Republic Supply), decedent's Social Security Records, and decedent's Form 1040 for his lawn business, from 2010-2014. | Ayers Decl., Exh. A, Plaintiff's Responses to Wrongful Death Joint Defense Interrogatories, served on 7/20/2018, at 13:25-28. |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

|  | None of these exhibits provide evidence that any co-defendants in this matter exposed decedent to asbestos. |  |
|---|---|---|
| Decedent's medical records | Decedent Edward Espinosa's medical records do not provide information about products or brand names that he allegedly worked with or around.  These medical records include: Edward Espinosa's medical records from Carolina Urgent & Family Care (Tag 5, 7); Plaintiff Edward Espinosa's medical records from Sparks Regional Medical Center Fort Smith (Tag 8, 10, 11, 22); Plaintiff Edward Espinosa's medical records from Duke Cancer Center (Tag 12, 14, 15, 23, 35); Plaintiff Edward Espinosa's medical records from Mayo Clinic Hospital - Scottsdale Campus (Tag 16); Plaintiff Edward Espinosa's medical records from Levine Cancer Institute (Tag 41, 46, 49); Plaintiff Edward Espinosa's medical records from Carolinas Hematology Oncology (Tag 48); Plaintiff Edward Espinosa's billing records from Carolina Urgent & Family Care (Tag 6); Plaintiff Edward Espinosa's billing records from Sparks Regional Medical Center Fort Smith (Tag 9, 32); Plaintiff Edward Espinosa's billing records from Duke Cancer Center (Tag 13, 36); Plaintiff Edward Espinosa's billing records from Carolinas Hematology Oncology (Tag 47). | Ayers Decl., Exh. B |
| Bennie Espinosa's Social Security Records previously produced to Spanos-Przetak | Benjamin Espinosa is deceased, and did not sign any declaration or affidavit regarding this matter, and was never deposed. Moreover, while Benjamin Espinosa's Social Security Records reflect that he was employed by various C. R. Fedrick entities from the late-1950s to the early 1980s (C. R. Fedrick, Inc., 1958, 1959, 1962-1970, 1972-1980; C. R. Fedrick, Inc. & M M Sundt Construction Co., 1967-1972; C. R. Fedrick, Inc. and R D Moore Construction Company Inc., 1979-1980), these records do not provide information about products or brand names that Benjamin Espinosa allegedly worked with or around. | Ayers Decl., Exh. C |
| The documents produced pursuant to plaintiffs, Keenan Properties' and CertainTeed Corporation's subpoenas to Redwood Valley (produced to Spanos Przetak on April 12, 2016) | Although the Redwood Valley County Water District records to relate to the Redwood Valley Water Project, including during the years of 1976-1978, none of these records mention any products allegedly supplied by Republic Supply. | Ayers Decl., Exh. D |
| The documents produced pursuant to plaintiffs, Keenan Properties' and CertainTeed Corporation's subpoenas to Westlands (produced to Spanos Przetak on April 29 and May 18, 2016) | The Westlands Water District project records include invoices for transite pipe manufactured by Johns Manville and CertainTeed, but none of these records mention any products allegedly supplied by Republic Supply. | Ayers Decl., Exh. M |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | | |
|---|---|---|
| The documents attached as Exhibits B-C to plaintiffs Responses to defendant's Requests for Production, served herewith | The documents attached as Exhibit A to plaintiffs Responses to defendant's Demand for Inspection and Production of Documents, Set One do not include any information about Republic Supply's alleged supply of asbestos cement pipe or asbestos cement pipe accessories to job sites where Decedent was present. | Ayers Decl., Exh. K |
| The deposition of Edward Espinosa taken August 22, 24-26, 2016 and again on September 20, 2016 in *Edward M. Espinosa and Angela D. Espinosa v. CertainTeed Corporation, et al.*, Alameda County Superior Court No. RG15797638 | On August 24, 2016, during Mr. Espinosa's deposition, his counsel and Republic Supply's counsel stipulated to the dismissal of Republic Supply: "plaintiffs have agreed to dismiss without prejudice Republic Supply in exchange for a mutual waiver of costs." | Ayers Decl., Exh. E, Deposition of Edward Espinosa, taken 8/24/16, pgs. 361:10-16. |
| Republic Supply's Responses to Standard ("Dieden") Interrogatories in *Strouse v. A. W. Chesterton Company, et al.*, Alameda County Superior Court Case No. RG13671981, *Paris v. A. W. Chesterton Company, et al.*, Alameda County Superior Court Case No. RG08383049, and *Martinez v. A.B. Boyd Company, et al.*, Alameda County Superior Court Case No. RG03102479 | Alameda County Dieden Interrogatories to Defendants do not ask for information or documents related to any particular job site, including any job site at issue as to Republic Supply in this action. | Ayers Decl., Exh. N |
| Republic Supply's Responses to Standard ("Dieden") Interrogatories in *Strouse v. A. W. Chesterton Company, et al.*, Alameda County Superior Court Case No. RG13671981 | Alameda County Dieden Interrogatories to Defendants do not ask for information or documents related to any particular job site, including any job site at issue as to Republic Supply in this action. | Ayers Decl., Exh. O |
| Republic Supply's Responses to Standard ("Dieden") Interrogatories in *Paris v. A. W. Chesterton Company, et al.*, Alameda County Superior Court Case No. RG08383049 | Alameda County Dieden Interrogatories to Defendants do not ask for information or documents related to any particular job site, including any job site at issue as to Republic Supply in this action. | Ayers Decl., Exh. P |
| Republic Supply's Responses to Standard ("Dieden") Interrogatories in *Martinez v. A.B. Boyd Company, et al.*, Alameda County Superior Court Case No. RG03102479 | Alameda County Dieden Interrogatories to Defendants do not ask for information or documents related to any particular job site, including any job site at issue as to Republic Supply in this action. | Ayers Decl., Exh. Q |
| The depositions and all exhibits attached thereto of defendant's former employees:  Ronald Bender, taken October 9, 1997 in | Mr. Bender was a salesman/manager for Republic Supply in the Bakersfield office from 1946-1976 and retired in 1990 from Republic Supply.  On pages 36-37 he is asked about seeing or recall visiting Mr. | Ayers Decl., Exhs. R, YY. |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | | |
|---|---|---|
| *Pruitt v. Asbestos Defendants* (BHC), San Francisco Superior Court Case No. 981296 | Pruitt at various water districts job sites.  37:11-13 "Q: How about the Westland water district in Mendota? A: No" <br> He did not testify regarding any other job sites at issue as to Republic Supply in this action. <br> In addition, according to CertainTeed investigation, Mr. Bender passed on January 12, 2018. | |
| The depositions and all exhibits attached thereto of defendant's former employees: Joseph Sortais, taken February 19, 1993 in *Gill v. Abex Corporation, et al.*, San Francisco Superior Court Case No. 943114 | Mr. Sortais worked at Republic Supply from 1980-1992 as controller/VP of Finance and was deposed as the COR/PMK in this case.  Questioning and testimony relates only to asbestos-containing safety equipment and respiratory safety devices between 1942-1972. He did not testify regarding any job site at issue as to Republic Supply in this action. | Ayers Decl., Exh. S |
| The depositions and all exhibits attached thereto of defendant's former employees: Khaled Taqi-Eddin, taken January 16, 2016 in *Aman v. CertainTeed Corporation, et al.*, San Joaquin County Superior Court Case No. 39-2015-00327476-CU-PO-STK | Mr. Taqi-Eddin did not mention of any work performed at any of the locations at issue as to Republic Supply. | Ayers Decl., Exh. T |
| The depositions and all exhibits attached thereto of defendant's former employees: John Van Kirk, taken April 15, 1993 in *Barnhill v. Abex Corporation, et al.*, San Francisco Superior Court Case No. 946387 | Mr. Van Kirk was an operations manager for Republic Supply (later McJunkin Corporation) from 1981 to 1992, which is after the time periods at issue. His testimony does not relate to any jobs where Republic Supply supplied asbestos-containing product to 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). | Ayers Decl., Exh. U |
| Defendant's Responses to plaintiffs' Standard Interrogatories to Defendants (GO 29 and 129) in In re San Francisco County Complex Asbestos Litigation and to Alameda County Dieden Interrogatories | Standard Interrogatories to Defendants, including General Order 29, General Order 129, In re San Francisco County Complex Asbestos Litigation and to Alameda County Dieden Interrogatories, do not ask for information or documents related to any particular job site, including any job site at issue as to Republic Supply in this action. | Ayers Decl., Exh. V |
| All of defendant's previous discovery responses and documents, including sales ledgers, produced in asbestos litigation throughout the United States including those cases in which the above-referenced depositions occurred | Plaintiffs' identification of all of Republic Supply's "prior discovery responses and documents produced in asbestos litigation throughout the United States" is overbroad and vague.  Each answer in the response to an interrogatory must be "as complete and straightforward as the information reasonably available to the responding party permits." Code Civ. Proc., § 2030.220(a), (b).  If Plaintiffs possess a specific discovery response or document produced in | |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | | |
|---|---|---|
| | another matter in the United States that contains evidence relating to any job site at issue as to Republic Supply in this action, they were obligated to identify such discovery response or document in discovery in this matter. | |
| **Witnesses**: | | |
| Decedent Edward Espinosa | On August 24, 2016, during Mr. Espinosa's deposition, his counsel and Republic Supply's counsel stipulated to the dismissal of Republic Supply: "plaintiffs have agreed to dismiss without prejudice Republic Supply in exchange for a mutual waiver of costs." | Ayers Decl., Exh. E, Deposition of Edward Espinosa, taken 8/24/16, pgs. 361:10-16. |
| Bennie Espinosa (deceased) | Benjamin Espinosa is deceased, and did not sign any declaration or affidavit regarding this matter, and was never deposed. | |
| All medical professionals identified in decedent Edward Espinosa's medical records for treatment of his mesothelioma | Decedent Edward Espinosa's medical records do not provide information about products or brand names that he allegedly worked with or around. These medical records include: Edward Espinosa's medical records from Carolina Urgent & Family Care (Tag 5, 7); Plaintiff Edward Espinosa's medical records from Sparks Regional Medical Center Fort Smith (Tag 8, 10, 11, 22); Plaintiff Edward Espinosa's medical records from Duke Cancer Center (Tag 12, 14, 15, 23, 35); Plaintiff Edward Espinosa's medical records from Mayo Clinic Hospital - Scottsdale Campus (Tag 16); Plaintiff Edward Espinosa's medical records from Levine Cancer Institute (Tag 41, 46, 49); Plaintiff Edward Espinosa's medical records from Carolinas Hematology Oncology (Tag 48); Plaintiff Edward Espinosa's billing records from Carolina Urgent & Family Care (Tag 6); Plaintiff Edward Espinosa's billing records from Sparks Regional Medical Center Fort Smith (Tag 9, 32); Plaintiff Edward Espinosa's billing records from Duke Cancer Center (Tag 13, 36); Plaintiff Edward Espinosa's billing records from Carolinas Hematology Oncology (Tag 47). Moreover, none of Plaintiffs' medical doctors were identified as product identification witnesses in the personal injury matter. | Ayers Decl., Exh. B |
| Republic Supply's employees/agents Ronald Bender | Plaintiffs identified the deposition of Mr. Bender taken on October 9, 1997 in *Pruitt v. Asbestos Defendants* (BHC), San Francisco Superior Court Case No. 981296. He did not testify regarding any other job sites at issue as to Republic Supply in this action. Plaintiffs have not identified any additional deposition transcripts of Mr. Bender that allegedly support their claims against Republic Supply. In addition, according to CertainTeed investigation, Mr. Bender passed on January 12, 2018. | Ayers Decl., Exhs. R, YY |
| Republic Supply's | Plaintiffs have not identified any deposition | |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | | |
|---|---|---|
| employees/agents William Johnson | transcripts of Mr. Johnson upon which they base their claims against Republic Supply. Generally identifying Mr. Johnson, but no specific testimony, is overbroad and vague.  Each answer in the response to an interrogatory must be "as complete and straightforward as the information reasonably available to the responding party permits." Code Civ. Proc., § 2030.220(a), (b).  If Plaintiffs possess information about a particular witness who has knowledge or information regarding their claims against Republic Supply in this action, they were obligated to identify such discovery response or document in discovery in this matter. | |
| Republic Supply's employees/agents John Van Kirk | Plaintiffs identified the deposition of John Van Kirk, taken on April 15, 1993 in *Barnhill v. Abex Corporation, et al.*, San Francisco Superior Court Case No. 946387.  Mr. Van Kirk was an operations manager for Republic Supply (later McJunkin Corporation) from 1981 to 1992, which is after the time periods at issue. His testimony does not relate to any jobs where Republic Supply supplied asbestos-containing product to 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiffs have not identified any additional deposition transcripts of Mr. Van Kirk that allegedly support their claims against Republic Supply. | Ayers Decl., Exh. U |
| Republic Supply's employees/agents Joseph Sortais | Plaintiffs identified the deposition of Joseph Sortais, taken on February 19, 1993 in Gill v. Abex Corporation, et al., San Francisco Superior Court Case No. 943114. Mr. Sortais worked at Republic Supply from 1980-1992 as controller/VP of Finance and was deposed as the COR/PMK in this case. Questioning and testimony related only to asbestos-containing safety equipment and respiratory safety devices between 1942-1972. He did not testify regarding any job site at issue as to Republic Supply in this action. Plaintiffs have not identified any additional deposition transcripts of Mr. Sortais that allegedly support their claims against Republic Supply. | Ayers Decl., Exh. S |
| Republic Supply's employees/agents Khaled Taqi-Eddin | Plaintiffs identified the deposition of Mr. Taqi-Eddin taken January 16, 2016 in Aman v. CertainTeed Corporation, et al., San Joaquin County Superior Court Case No. 39-2015-00327476-CU-PO-STK did not mention of any work performed at any of the locations at issue as to Republic Supply. Plaintiffs | Ayers Decl., Exh. T |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | | |
|---|---|---|
| | have not identified any additional deposition transcripts of Mr. Taqi-Eddin that allegedly support their claims against Republic Supply. | |

Keenan: "Decedent Edward Espinosa may have been exposed to asbestos from asbestos cement pipe and asbestos cement pipe accessories sold, supplied and/or distributed by defendant through his father Bennie Espinosa's work at job site(s) in the Tahoe area in 1971 and/or 1972 (plaintiff cannot be more specific) and through his own work on Westlands Water District jobs installing irrigation pipe and systems, Fresno and King Counties, California (approximately 1974-1976/1977) and the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiff cannot be more specific regarding job sites and years."

| ALLEGED EVIDENCE: KEENAN | REBUTTAL FOR ALLEGED PRODUCT IDENTIFICATION | SOURCE |
|---|---|---|
| **Documents:** | | |
| Plaintiff's Responses to Wrongful Death Joint Defense Interrogatories and all exhibits attached thereto | Plaintiffs' Responses to Wrongful Death Joint Defense Interrogatories do not provide specific information about product identification. Instead, Plaintiffs list decedent's employers and state whether Plaintiffs claim exposure to asbestos. For C.R. Fedrick, Inc., Plaintiffs state that decedent was an employee from 1971-1979, and "Decedent worked with and around others cutting and laying piping underground, including asbestos cement pipe, setting grades for trenches, and packing around pipelines. Plaintiff does claim exposure to asbestos at this employment." The exhibits thereto include decedent's death certificate, numerous CertainTeed invoices (none of which mention the other defendants in this matter), C.R. Fedrick, Inc records (none of which mention the other defendants in this matter), decedent's Social Security Records, and decedent's Form 1040 for his lawn business, from 2010-2014. None of these exhibits provide evidence that any co-defendants in this matter exposed decedent to asbestos. | Ayers Decl., Exh. A. |
| Decedent's medical records | Decedent Edward Espinosa's medical records do not provide information about products or brand names that he allegedly worked with or around.  These medical records include: Edward Espinosa's medical records from Carolina Urgent & Family Care (Tag 5, 7); Plaintiff Edward Espinosa's medical records from Sparks Regional Medical Center Fort Smith (Tag 8, 10, 11, 22); Plaintiff Edward Espinosa's medical records from Duke Cancer Center (Tag 12, 14, 15, 23, 35); Plaintiff Edward Espinosa's medical records from Mayo Clinic Hospital - Scottsdale Campus (Tag 16); Plaintiff Edward Espinosa's medical records from Levine Cancer Institute (Tag 41, 46, 49); Plaintiff Edward Espinosa's medical records from Carolinas Hematology Oncology (Tag 48); Plaintiff Edward Espinosa's billing records | Ayers Decl., Exh. B |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | | |
|---|---|---|
| | from Carolina Urgent & Family Care (Tag 6); Plaintiff Edward Espinosa's billing records from Sparks Regional Medical Center Fort Smith (Tag 9, 32); Plaintiff Edward Espinosa's billing records from Duke Cancer Center (Tag 13, 36); Plaintiff Edward Espinosa's billing records from Carolinas Hematology Oncology (Tag 47). | |
| Bennie Espinosa's Social Security Records | Benjamin Espinosa is deceased, and did not sign any declaration or affidavit regarding this matter, and was never deposed. Moreover, while Benjamin Espinosa's Social Security Records reflect that he was employed by various C. R. Fedrick entities from the late-1950s to the early 1980s (C. R. Fedrick, Inc., 1958, 1959, 1962-1970, 1972-1980; C. R. Fedrick, Inc. & M M Sundt Construction Co., 1967-1972; C. R. Fedrick, Inc. and R D Moore Construction Company Inc., 1979-1980), these records do not provide information about products or brand names that Benjamin Espinosa allegedly worked with or around. | Ayres Decl., Exh. C |
| Plaintiffs' Responses to Defendant Keenan Properties, Inc.'s Special Interrogatories to Plaintiffs, Set One and all exhibits attached thereto served on September 24, 2018 | Plaintiffs' responses to Keenan's discovery mirrors its responses to CertainTeed's discovery, requesting all facts to support Plaintiffs' claims against Keenan. Plaintiffs' responses do not provide evidence that decedent was exposed to asbestos by Keenan. Instead, they state that Decedent Edward Espinosa *may* have been exposed to asbestos from asbestos cement pipe and asbestos cement pipe accessories sold, supplied and/or distributed by defendant through his father Bennie Espinosa's work at job site(s) in the Tahoe area in 1971 and/or 1972 (plaintiff cannot be more specific) and through his own work on Westlands Water District jobs installing irrigation pipe and systems, Fresno and King Counties, California (approximately 1974-1976/1977) and the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). | Ayers Decl., Exh. X. |
| The documents produced pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to Redwood Valley (produced to Spanos Przetak on April 12, 2016) | Although the Redwood Valley County Water District records to relate to the Redwood Valley Water Project, including during the years of 1976-1978, none of these records mention any products allegedly supplied by Keenan. | Ayers Decl., Exh. D |
| the documents produced pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to Westlands (produced to Spanos Przetak on April 29 and May 18, | The Westlands Water District project records include invoices for transite pipe manufactured by Johns Manville and CertainTeed, but none of these records mention any products allegedly supplied by Keenan. | Ayers Decl., Exh. M |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | | |
|---|---|---|
| 2016) | | |
| The deposition of Edward Espinosa taken August 22, 24-26, 2016 and again on September 20, 2016 in *Edward M Espinosa and Angela D. Espinosa v. CertainTeed Corporation, et al.*, Alameda County Superior Court No. RG15797638 | On August 25, 2016, during Mr. Espinosa's deposition, his counsel stipulated that "Mr. Espinosa will not have product identification testimony" with respect to several defendants, including Keenan. | Ayers Decl., Exh. E, Deposition of Edward Espinosa, Vol. 3, 8/25/16, at 409:6-20. |
| The depositions and all exhibits attached thereto of defendant's agents/representatives:  Timothy Garfield, taken February 12, 2009 in *Brunald v. A. W. Chesterton, Inc., et al.*, Alameda County Superior Court Case No. RG07359353 | This testimony does not relate to any jobs where Keenan supplied pipe in 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). | Ayers Decl., Exh. Y. |
| The depositions and all exhibits attached thereto of defendant's agents/representatives:  Timothy Garfield, taken August 2, 2011 in *Contreras v. Advocate Mines Ltd., et al.*, Los Angeles County Superior Court Case No. BC428494 | This testimony does not relate to any jobs where Keenan supplied pipe in 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). | Ayers Decl., Exh. Z. |
| The depositions and all exhibits attached thereto of defendant's agents/representatives:  Timothy Garfield, taken September 21, 2011 in *Quintino v. A. W. Chesterton Company, et al.*, Alameda County Superior Court Case No. RG08410471 | This testimony does not relate to any jobs where Keenan supplied pipe in 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). | Ayers Decl., Exh. AA |
| The depositions and all exhibits attached thereto of defendant's agents/representatives:  Fred Keenan, taken January 29 and March 31, 1998 in *Drader v. Abex Corporation, et al.*, San Francisco Superior Court Case No. 968883 | This testimony does not relate to any jobs where Keenan supplied pipe in 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). Mr. Keenan was asked about Keenan's supply of materials to Eureka County, Santa Clara County, Humboldt County, and Orange County. In addition, according to CertainTeed investigation, Mr. Keenan passed away on August 17, 2016. | Ayers Decl., Exhs. BB, ZZ |
| The depositions and all exhibits attached thereto of defendant's agents/representatives:  Fred | This testimony does not relate to any jobs where Keenan supplied pipe in 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) | Ayers Decl., Exhs. CC, ZZ |

USW 805167073.1

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | | |
|---|---|---|
| Keenan, taken June 2-3 and August 10, 1999 in *In Re: Complex Asbestos Litigation*, San Francisco Superior Court Case No. 828684 | Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). In addition, according to CertainTeed investigation, Mr. Keenan passed away on August 17, 2016 | |
| The depositions and all exhibits attached thereto of defendant's agents/representatives: Fred Keenan, taken March 28, 2001 in *Smith v. A.P. Green Industries, et al.*, San Francisco Superior Court Case No. 315105 | This testimony does not relate to any jobs where Keenan supplied pipe in 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). Mr. Keenan is asked about Keenan's supply of asbestos cement pipe to numerous suppliers, but none of the plumbing/pipefitting companies relevant to this matter. In addition, according to CertainTeed investigation, Mr. Keenan passed away on August 17, 2016. | Ayers Decl., Exhs. DD, ZZ |
| The depositions and all exhibits attached thereto of defendant's agents/representatives: George LaBollita, taken February 28, 2003 in *Forbes v. ACandS, Inc.*, et al., San Francisco Superior Court Case No. 413043 | This testimony does not relate to any jobs where Keenan supplied pipe in 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). | Ayers Decl., Exh. EE |
| The depositions and all exhibits attached thereto of defendant's agents/representatives: Daniel Nagle, taken February 11, 2003 in *Forbes v. ACandS, Inc., et al.*, San Francisco Superior Court Case No. 413043 | Mr. Nagle began working for Keenan in 1977 and mentions Eureka, Ferndale, San Fernando Valley, and Stockton, but when asked if he heard that any asbestos-cement pipe was being delivered to a particular site other than the ones he talked about in Northern California, he says no. | Ayers Decl., Exh. FF |
| The depositions and all exhibits attached thereto of defendant's agents/representatives: Lillemor Safai, taken February 11, 2003 in *Forbes v. ACandS, Inc., et al.*, San Francisco Superior Court Case No. 413043 | Ms. Safai began working for Keenan properties in January of 1990 and has no specific knowledge of sales records pertaining to asbestos or 1960's sales as it relates to asbestos cement pipe. This testimony does not relate to any jobs where Keenan supplied pipe in 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). | Ayers Decl., Exh.GG |
| The deposition and all exhibits attached thereto of defendant CertainTeed's agent/ representative Lloyd Ambler, | This testimony does not relate to any jobs where Keenan supplied pipe in 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately | Ayers Decl., Exh. HH |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | | |
|---|---|---|
| taken December 18, 2007 in *Dye v. Borg-Warner Corporation, et al.*, Los Angeles Superior Court Case No. BC359929 | 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). | |
| Keenan Properties' Responses to plaintiffs' Standard Interrogatories to Defendants (GO 29 and 129) in *In re San Francisco County Complex Asbestos Litigation* and to Alameda County Dieden Interrogatories; | Standard Interrogatories to Defendants, including General Order 29 and General Order 129, do not ask for information or documents related to any particular job site, including any job site at issue as to Keenan in this action. | Ayers Decl., Exh. II |
| All of defendant's previous discovery responses and documents, including sales ledgers, produced in asbestos litigation throughout the United States including those cases in which the above-referenced depositions occurred | Plaintiffs' identification of all of Keenan's "prior discovery responses and documents produced in asbestos litigation throughout the United States" is overbroad and vague.  Each answer in the response to an interrogatory must be "as complete and straightforward as the information reasonably available to the responding party permits." Code Civ. Proc., § 2030.220(a), (b).  If Plaintiffs possess a specific discovery response or document produced in another matter in the United States that contains evidence relating to  any job site at issue as to Keenan in this action, they were obligated to identify such discovery response or document in discovery in this matter. | |
| CertainTeed Corporation's Responses to the Alameda County Dieden Interrogatories in *Espinosa v. CertainTeed Corporation, et al.*, Alameda County Superior Court Case No. RG15797638 served February 1, 2016 | Alameda County Dieden Interrogatories to Defendants do not ask for information or documents related to any particular job site, including any job site at issue as to Keenan in this action. | Ayers Decl., Exh. JJ |
| **Witnesses** | | |
| Decedent Edward Espinosa | On August 25, 2016, during Mr. Espinosa's deposition, his counsel stipulated that "Mr. Espinosa will not have product identification testimony" with respect to several defendants, including Keenan. | Ayers Decl., Exh. E, Deposition of Edward Espinosa, Vol. 3, 8/25/16, at 409:6-16. |
| Bennie Espinosa (deceased) | Benjamin Espinosa is deceased, and did not sign any declaration or affidavit regarding this matter, and was never deposed. | |
| All medical professionals identified in decedent Edward Espinosa's medical records for treatment of his mesothelioma | Decedent Edward Espinosa's medical records do not provide information about products or brand names that he allegedly worked with or around.  These medical records include: Edward Espinosa's medical records from Carolina Urgent & Family Care (Tag 5, 7); Plaintiff Edward Espinosa's medical records from Sparks Regional Medical Center Fort Smith (Tag 8, 10, 11, 22); Plaintiff Edward Espinosa's medical records from Duke Cancer Center (Tag 12, 14, 15, 23, 35); Plaintiff Edward | Ayers Decl., Exh. B |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | | |
|---|---|---|
| | Espinosa's medical records from Mayo Clinic Hospital - Scottsdale Campus (Tag 16); Plaintiff Edward Espinosa's medical records from Levine Cancer Institute (Tag 41, 46, 49); Plaintiff Edward Espinosa's medical records from Carolinas Hematology Oncology (Tag 48); Plaintiff Edward Espinosa's billing records from Carolina Urgent & Family Care (Tag 6); Plaintiff Edward Espinosa's billing records from Sparks Regional Medical Center Fort Smith (Tag 9, 32); Plaintiff Edward Espinosa's billing records from Duke Cancer Center (Tag 13, 36); Plaintiff Edward Espinosa's billing records from Carolinas Hematology Oncology (Tag 47).<br><br>Moreover, none of Plaintiffs' medical doctors were identified as product identification witnesses in the personal injury matter. | |
| Defendant's agents/ representatives Timothy Garfield | Plaintiffs identified the deposition of Timothy Garfield, taken February 12, 2009 in Brunald v. A. W. Chesterton, Inc., et al., Alameda County Superior Court Case No. RG07359353; on August 2, 2011 in Contreras v. Advocate Mines Ltd., et al., Los Angeles County Superior Court Case No. BC428494; and September 21, 2011 in Quintino v. A. W. Chesterton Company, et al., Alameda County Superior Court Case No. RG08410471. This testimony does not relate to any jobs where Keenan supplied pipe in 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiffs have not identified any additional deposition transcripts of Mr. Garfield upon which they base their claims against Keenan | Ayers Decl., Exhs. Y, Z, AA. |
| Defendant's agents/ representatives Fred Keenan | Plaintiffs identified the deposition of Fred Keenan, taken on January 29 and March 31, 1998 in Drader v. Abex Corporation, et al., San Francisco Superior Court Case No. 968883; on June 2-3 and August 10, 1999 in In Re: Complex Asbestos Litigation, San Francisco Superior Court Case No. 828684; and on March 28, 2001 in Smith v. A.P. Green Industries, et al., San Francisco Superior Court Case No. 315105. This testimony does not relate to any jobs where Keenan supplied pipe in 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiffs have not | Ayers Decl., Exhs. BB, CC, DD, EE, ZZ |

**ESPINOSA, ANGELA ET AL.**
**EVIDENCE CHART**

| | identified any additional deposition transcripts of Mr. Keenan upon which they base their claims against Keenan.<br><br>In addition, according to CertainTeed investigation, Mr. Keenan passed away on August 17, 2016. | |
|---|---|---|
| Defendant's agents/ representatives George LaBollita | Plaintiffs identified the deposition of George LaBollita, taken February 28, 2003 in Forbes v. ACandS, Inc., et al., San Francisco Superior Court Case No. 413043. This testimony does not relate to any jobs where Keenan supplied pipe in 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiffs have not identified any additional deposition transcripts of Mr. LaBollita upon which they base their claims against Keenan. | Ayers Decl., Exh. KK |
| Defendant's agents/ representatives Daniel Nagle | Plaintiffs identified the deposition of Daniel Nagle, taken February 11, 2003 in Forbes v. ACandS, Inc., et al., San Francisco Superior Court Case No. 413043. Mr. Nagle began working for Keenan in 1977 and mentions Eureka, Ferndale, San Fernando Valley, and Stockton, but when asked if he heard that any asbestos-cement pipe was being delivered to a particular site other than the ones he talked about in Northern California, he says no. Plaintiffs have not identified any additional deposition transcripts of Mr. Nagle upon which they base their claims against Keenan | Ayers Decl., Exh. FF |
| Defendant's agents/ representatives Lillemor Safai. | Plaintiffs identified the deposition of Lillemor Safai, taken February 11, 2003 in Forbes v. ACandS, Inc., et al., San Francisco Superior Court Case No. 413043. Ms. Safai began working for Keenan properties in January of 1990 and has no specific knowledge of sales records pertaining to asbestos or 1960's sales as it relates to asbestos cement pipe. This testimony does not relate to any jobs where Keenan supplied pipe in 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiffs have not identified any additional deposition transcripts of Ms. Safai upon which they base their claims against Keenan. | Ayers Decl., Exh. GG. |
| CertainTeed Corporation's agents/representatives Lloyd Ambler | Plaintiffs identified the deposition of Lloyd Ambler, taken December 18, 2007 in Dye v. Borg-Warner Corporation, et al., Los Angeles Superior Court Case | Ayers Decl., Exh. HH |

# ESPINOSA, ANGELA ET AL.
## EVIDENCE CHART

| | No. BC359929. This testimony does not relate to any jobs where Keenan supplied pipe in 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiffs have not identified any additional deposition transcripts of Mr. Ambler upon which they base their claims against Keenan. | |
|---|---|---|
| CertainTeed Corporation's agents/representatives Charles Blakinger | Plaintiffs have not identified any deposition transcripts of Mr. Blakinger upon which they base their claims against Keenan. Generally identifying Mr. Blakinger, but no specific testimony, is overbroad and vague.  Each answer in the response to an interrogatory must be "as complete and straightforward as the information reasonably available to the responding party permits." Code Civ. Proc., § 2030.220(a), (b).  If Plaintiffs possess information about a particular witness who has knowledge or information regarding their claims against Keenan in this action, they were obligated to identify such discovery response or document in discovery in this matter. | Ayers Decl., Exh. LL |
| CertainTeed Corporation's agents/representatives Michael Starczewski | Plaintiffs have not identified any deposition transcripts of Mr. Starczewski upon which they base their claims against Keenan. Generally identifying Mr. Starczewski, but no specific testimony, is overbroad and vague.  Each answer in the response to an interrogatory must be "as complete and straightforward as the information reasonably available to the responding party permits." Code Civ. Proc., § 2030.220(a), (b).  If Plaintiffs possess information about a particular witness who has knowledge or information regarding their claims against Keenan in this action, they were obligated to identify such discovery response or document in discovery in this matter | |

Allied Fluid: "Decedent Edward Espinosa may have been exposed to asbestos from defendant's asbestos-containing gaskets and packing materials sold, supplied and/or distributed by defendant through his father Bennie Espinosa's work at job site(s) in the Tahoe area in 1971 and/or 1972 (plaintiff cannot be more specific) and through his own work on Westlands Water District jobs installing irrigation pipe and systems, Fresno and King Counties, California (approximately 1974-1976/1977) and the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). Plaintiff cannot be more specific regarding job sites and years."

| ALLEGED EVIDENCE: ALLIED FLUID | REBUTTAL FOR ALLEGED PRODUCT IDENTIFICATION | SOURCE |
|---|---|---|
| Documents: | | |

USW 805167073.1

## ESPINOSA, ANGELA ET AL.

### EVIDENCE CHART

| Plaintiff's Responses to Wrongful Death Joint Defense Interrogatories and all exhibits | Plaintiffs' Responses to Wrongful Death Joint Defense Interrogatories do not provide specific information about product identification. Instead, Plaintiffs list decedent's employers and state whether Plaintiffs claim exposure to asbestos. For C.R. Fedrick, Inc., Plaintiffs state that decedent was an employee from 1971-1979, and "Decedent worked with and around others cutting and laying piping underground, including asbestos cement pipe, setting grades for trenches, and packing around pipelines. Plaintiff does claim exposure to asbestos at this employment." The exhibits thereto include decedent's death certificate, numerous CertainTeed invoices (none of which mention the other defendants in this matter), C.R. Fedrick, Inc records (none of which mention the other defendants in this matter), decedent's Social Security Records, and decedent's Form 1040 for his lawn business, from 2010-2014. None of these exhibits provide evidence that any co-defendants in this matter exposed decedent to asbestos. | Ayers Decl., Exh. A |
|---|---|---|
| Decedent's medical records | Decedent Edward Espinosa's medical records do not provide information about products or brand names that he allegedly worked with or around.  These medical records include: Edward Espinosa's medical records from Carolina Urgent & Family Care (Tag 5, 7); Plaintiff Edward Espinosa's medical records from Sparks Regional Medical Center Fort Smith (Tag 8, 10, 11, 22); Plaintiff Edward Espinosa's medical records from Duke Cancer Center (Tag 12, 14, 15, 23, 35); Plaintiff Edward Espinosa's medical records from Mayo Clinic Hospital - Scottsdale Campus (Tag 16); Plaintiff Edward Espinosa's medical records from Levine Cancer Institute (Tag 41, 46, 49); Plaintiff Edward Espinosa's medical records from Carolinas Hematology Oncology (Tag 48); Plaintiff Edward Espinosa's billing records from Carolina Urgent & Family Care (Tag 6); Plaintiff Edward Espinosa's billing records from Sparks Regional Medical Center Fort Smith (Tag 9, 32); Plaintiff Edward Espinosa's billing records from Duke Cancer Center (Tag 13, 36); Plaintiff Edward Espinosa's billing records from Carolinas Hematology Oncology (Tag 47). Moreover, none of Plaintiffs' medical doctors were identified as product identification witnesses in the personal injury matter. | Ayers Decl., Exh. B |
| Bennie Espinosa's Social Security Records previously produced to Spanos-Przetak | Benjamin Espinosa is deceased, and did not sign any declaration or affidavit regarding this matter, and was never deposed. Moreover, while Benjamin Espinosa's Social Security Records reflect that he was employed by various C. R. Fedrick entities from the late-1950s to the early 1980s (C. R. Fedrick, Inc., 1958, 1959, 1962- | Ayers Decl., Exh. C |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | | |
|---|---|---|
| | 1970, 1972-1980; C. R. Fedrick, Inc. & M M Sundt Construction Co., 1967-1972; C. R. Fedrick, Inc. and R D Moore Construction Company Inc., 1979-1980), these records do not provide information about products or brand names that Benjamin Espinosa allegedly worked with or around. | |
| The documents produced pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to Redwood Valley (produced to Spanos Przetak on April 12, 2016) | Although the Redwood Valley County Water District records to relate to the Redwood Valley Water Project, including during the years of 1976-1978, none of these records mention any products allegedly manufactured or supplied by Allied Fluid. | Ayers Decl., Exh. D |
| The documents produced pursuant to plaintiff's, Keenan Properties' and CertainTeed Corporation's subpoenas to Westlands (produced to Spanos Przetak on April 29 and May 18, 2016) | The Westlands Water District project records include invoices for transite pipe manufactured by Johns Manville and CertainTeed, but none of these records mention any products allegedly manufactured or supplied by Allied Fluid. | Ayers Decl., Exh. M |
| The deposition of Edward Espinosa taken August 22, 24-26, 2016 and again on September 20, 2016 in in *Edward M. Espinosa and Angela D. Espinosa v. CertainTeed Corporation, et al.,* Alameda County Superior Court No. RG15797638 | Mr. Espinosa did not mention Allied Fluid in any session of his deposition. | Ayers Decl., Exh. E |
| The transcripts of proceedings of Stephen Woodbury taken January 9, 2013, in *Mary Valdez, et al. v. A. W. Chesterton., et al.* SFSC No. CGC10-275525 | Mr. Woodbury was questioned primarily regarding Bethlehem Steel and Hunter's point naval shipyard (primarily during 1952-1957).  Woodbury started at Allied in 1994 and his testimony does not relate to any jobs where Allied Fluid supplied asbestos-containing product to 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). | Ayers Decl., Exh. NN. |
| The deposition of Steve Woodbury, taken September 5, 2018 in *Lloy Young v. Chevron USA, Inc., et al.* Alameda County Case No. RG18897651 | Mr. Woodbury's testimony was primarily regarding sales of gaskets to various refineries and maritime sites. His testimony does not relate to any jobs where Allied Fluid supplied asbestos-containing product to 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California | Ayers Decl., Exh. OO |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | | |
|---|---|---|
| | (approximately 1976/1977-1978). | |
| The testimony of defendant's employees:  Ulrik Motzfeldt, taken May 8, 1995 in *Christian v. Abex Corporation, et al.*, San Francisco Superior Court Case No. 955035 | Mr. Motzfeldt testimony related to Allied Fluid's supply of products to ships and merchant marine business. No mention on the locations at issue. This testimony does not relate to any jobs where Keenan supplied pipe in 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). | Ayers Decl., Exh. PP |
| The testimony of defendant's employees:  Ulrik Motzfeldt, taken January 9, 2002 in *Nelson v. ACandS, Inc., et al.*, Alameda County Superior Court Case No. 842457-0 | Mr. Motzfeldt testifies primarily about supplies sold to merchant marines and ships in Mare Island, San Francisco, Oakland, Alameda, and Richmond.  None of the locations at issue are mentioned. | Ayers Decl., Exh. QQ |
| Howard Day, declaration of January 11, 2002 in *Nelson v. ACandS, Inc., et al.*, Alameda County Superior Court Case No. 842457-0 | In his declaration, Mr. Day states that he was the President of Allied Packing and Supply Company until he sold his interest in 1957 to George Heiner.  He identifies the following locations for supply of Allied Packing and Supply Company products:  private and military-operated shipyards and shipping companies in the San Francisco Bay Area, including Oakland Naval Supply, Hunter's Point, and Bethlehem-Steel.  None of the locations at issue are mentioned. | Ayers Decl., Exh. RR |
| Angela Espinosa's Responses to Allied Fluid Products Corp.'s written discovery, served on August 6, 2018 | Plaintiffs' responses to Allied Fluid's written discovery do not provide evidence to support their claim that decedent was exposed to asbestos by Allied Fluid. Instead, Plaintiffs state that decedent "may have been exposed to defendant's asbestos-containing gaskets and packing materials." Plaintiffs further state "[f]or more specific information regarding defendant's asbestos-containing products, plaintiff refers defendant to the deposition of its employee Ulrik Motzfeldt taken on May 8, 1995 in *Christian v. Abex Corporation, et al.*, San Francisco Superior Court Case No. 955035. This testimony does not relate to any jobs where Keenan supplied pipe in 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). | Ayers Decl., Exh. PP, Angela Espinosa's Responses to Allied Fluid Products Corp.'s written discovery, served on August 6, 2018, Ayers Decl., Exh. SS; deposition of its employee Ulrik Motzfeldt taken on May 8, 1995 in *Christian v. Abex Corporation, et al.*, San Francisco Superior Court Case No. 955035, Exh. PP. |
| Christopher Espinosa's Responses to Allied Fluid Products Corp.'s written discovery, served on August 6, 2018 | Plaintiffs' responses to Allied Fluid's written discovery do not provide evidence to support their claim that decedent was exposed to asbestos by Allied Fluid. Instead, Plaintiffs state that decedent "may have been exposed to defendant's asbestos-containing gaskets | Ayers Decl., Exh. TT, Christopher Espinosa's Responses to Allied Fluid Products Corp.'s written discovery, served on August 6, 2018; Ayers Decl., Exh. PP, |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | | |
|---|---|---|
| | and packing materials." Plaintiffs further state "[f]or more specific information regarding defendant's asbestos-containing products, plaintiff refers defendant to the deposition of its employee Ulrik Motzfeldt taken on May 8, 1995 in *Christian v. Abex Corporation, et al.*, San Francisco Superior Court Case No. 955035. This testimony does not relate to any jobs where Keenan supplied pipe in 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). | deposition of its employee Ulrik Motzfeldt taken on May 8, 1995 in *Christian v. Abex Corporation, et al.*, San Francisco Superior Court Case No. 955035. |
| Trista Haggard's Responses to Allied Fluid Products Corp.'s written discovery, served on August 6, 2018 | Plaintiffs' responses to Allied Fluid's written discovery do not provide evidence to support their claim that decedent was exposed to asbestos by Allied Fluid. Instead, Plaintiffs state that decedent "may have been exposed to defendant's asbestos-containing gaskets and packing materials." Plaintiffs further state "[f]or more specific information regarding defendant's asbestos-containing products, plaintiff refers defendant to the deposition of its employee Ulrik Motzfeldt taken on May 8, 1995 in *Christian v. Abex Corporation, et al.*, San Francisco Superior Court Case No. 955035. This testimony does not relate to any jobs where Allied Fluid supplied asbestos-containing product to 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). | Ayers Decl., Exh. PP, Trisha Haggard's Responses to Allied Fluid Products Corp.'s written discovery, served on August 6, 2018, Exh. UU; deposition of its employee Ulrik Motzfeldt taken on May 8, 1995 in *Christian v. Abex Corporation, et al.*, San Francisco Superior Court Case No. 955035. |
| Defendant's responses to Standard Interrogatories to Defendants (GO 29 and 129) in In re San Francisco County Complex Asbestos Litigation | Standard Interrogatories to Defendants, including General Order 29 and General Order 129, do not ask for information or documents related to any particular job site, including any job site at issue as to Allied Fluid in this action. | Ayers Decl., Exh. V V |
| Defendant's prior responses to Alameda County Dieden Interrogatories | Alameda County Dieden Interrogatories to Defendants do not ask for information or documents related to any particular job site, including any job site at issue as to Allied Fluid in this action. | Ayers Decl., Exh. WW |
| Defendant's prior discovery responses and documents produced in asbestos litigation throughout the United States | Plaintiffs' identification of all of Allied Fluid's "prior discovery responses and documents produced in asbestos litigation throughout the United States" is overbroad and vague.  Each answer in the response to an interrogatory must be "as complete and straightforward as the information reasonably available to the responding party permits." Code Civ. Proc., § 2030.220(a), (b).  If Plaintiffs possess a specific | |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | discovery response or document produced in another matter in the United States that contains evidence relating to any job site at issue as to Allied Fluid in this action, they were obligated to identify such discovery response or document in discovery in this matter. | |
|---|---|---|
| **Witnesses:** | | |
| Decedent Edward Espinosa | Allied Fluid was not a named defendant in the personal injury matter, and was not mentioned in the deposition of Decedent Edward Espinosa. | Ayers Decl., Exh. E |
| Benjamin Espinosa (deceased) | Benjamin Espinosa is deceased, and did not sign any declaration or affidavit regarding this matter, and was never deposed. | |
| All medical professionals identified in decedent Edward Espinosa's medical records for treatment of his mesothelioma | Decedent Edward Espinosa's medical records do not provide information about products or brand names that he allegedly worked with or around. These medical records include: Edward Espinosa's medical records from Carolina Urgent & Family Care (Tag 5, 7); Plaintiff Edward Espinosa's medical records from Sparks Regional Medical Center Fort Smith (Tag 8, 10, 11, 22); Plaintiff Edward Espinosa's medical records from Duke Cancer Center (Tag 12, 14, 15, 23, 35); Plaintiff Edward Espinosa's medical records from Mayo Clinic Hospital - Scottsdale Campus (Tag 16); Plaintiff Edward Espinosa's medical records from Levine Cancer Institute (Tag 41, 46, 49); Plaintiff Edward Espinosa's medical records from Carolinas Hematology Oncology (Tag 48); Plaintiff Edward Espinosa's billing records from Carolina Urgent & Family Care (Tag 6); Plaintiff Edward Espinosa's billing records from Sparks Regional Medical Center Fort Smith (Tag 9, 32); Plaintiff Edward Espinosa's billing records from Duke Cancer Center (Tag 13, 36); Plaintiff Edward Espinosa's billing records from Carolinas Hematology Oncology (Tag 47). Moreover, none of Plaintiffs' medical doctors were identified as product identification witnesses in the personal injury matter. | Ayers Decl., Exh. B |
| Defendant's former and current officers, directors and employees, including but not limited, to Ulrik Motzfeldt | Mr. Motzfeldt testifies primarily about supplies sold to merchant marines and ships in Mare Island, San Francisco, Oakland, Alameda, and Richmond. None of the locations at issue are mentioned. | Ayers Decl., Exh. QQ. |
| Defendant's former and current officers, directors and employees, including but not limited, to Howard Day | Plaintiffs identified the declaration Howard Day, dated January 11, 2002 in *Nelson v. ACandS, Inc., et al.*, Alameda County Superior Court Case No. 842457-0. This declaration does not relate to any of the job sites at issue. Plaintiffs have not identified any deposition transcripts or any additional declarations of Mr. Day upon which they base their claims against Allied Fluid. | Ayers Decl., Exh. RR |
| Defendant's former and current officers, directors and | Mr. Woodbury was questioned primarily regarding Bethlehem Steel and Hunter's point naval shipyard | Ayers Decl., Exhs. NN, OO |

## ESPINOSA, ANGELA ET AL.
### EVIDENCE CHART

| | | |
|---|---|---|
| employees, including but not limited, to Stephen Woodbury | (primarily during 1952-1957).  Woodbury started at Allied in 1994 and his testimony does not relate to any jobs where Allied Fluid supplied asbestos-containing product to 1) the Tahoe area in 1971 and/or 1972; 2) Westlands Water District jobs; 3) Fresno and King Counties, California (approximately 1974-1976/1977); or 4) the Redwood County Valley Water District job installing water and irrigation pipe as part of a reservoir and treatment plant project, near Ukiah, California (approximately 1976/1977-1978). | |
| All persons responsible for the distribution, sales and installation of defendant's asbestos-containing products; and other manufacturers, distributors and/or suppliers of defendant's asbestos-containing products, and the custodian of records, corporate officers, managers, sales personnel and other employees responsible for distribution, sales and installation of defendant's asbestos-containing products | Plaintiffs' identification of "All persons responsible for the distribution, sales and installation of defendant's asbestos-containing products; and other manufacturers, distributors and/or suppliers of defendant's asbestos-containing products, and the custodian of records, corporate officers, managers, sales personnel and other employees responsible for distribution, sales and installation of defendant's asbestos-containing products" is overbroad and vague.  Each answer in the response to an interrogatory must be "as complete and straightforward as the information reasonably available to the responding party permits." Code Civ. Proc., § 2030.220(a), (b).  If Plaintiffs possess information about a particular witness who has knowledge or information relating to any job site at issue as to Allied Fluid in this action, they were obligated to identify such discovery response or document in discovery in this matter. | |

USW 805167073.1